**JEROME M. JACKSON, ESQ. (SBN 64238)**
880 Apollo Street, Suite 238
El Segundo, California 90245
Phone: (310) 726-4199

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER L. CHESTER; R.C., a minor, by and through his Guardian Ad Litem, CHRISTOPHER L. CHESTER; H.C., a minor, by and through his Guardian Ad Litem, CHRISTOPHER L. CHESTER,<br><br>        Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, a public entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity; LOS ANGELES COUNTY FIRE DEPARTMENT, a public entity; JOEY CRUZ, an individual; RAFAEL MEJIA, an individual; MICHAEL RUSSELL, an individual; RAUL VERSALES, an individual; ARLIN KAHAN, an individual; BRIAN JORDAN, an individual; and TONY IMBRENDA, an individual<br><br>        Defendants. | **CASE NO. 2:20-cv-10844 JFW (Ex)**<br>[Judge John F. Walter, Courtroom 7A]<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES**<br><br>1.   **VIOLATION OF FOURTEENTH AMENDMENT (42 USC §1938)**<br><br>2.   **VIOLATION OF FOURTEENTH AMENDMENT (42 USC §1983 – *Monell*)**<br><br>3.   **NEGLIGENCE**<br><br>4.   **INVASION OF PRIVACY**<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1.    This is an action for damages pursuant to 42 USC §1983, based upon violations of Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution. This action also presents pendent state claims for Negligence (*California Gov. Code* §§815.2, 820, *et seq.*),

Invasion of Privacy, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress.

2. Venus is proper in the Western Division of the Central District because the events and conduct alleged in this Complaint of occurred therein.

**INTRODUCTION**

3. Plaintiff CHRISTOPHER L. CHESTER's wife, Sarah, and his 13-year-old daughter, Payton, were among nine people who died when a helicopter crashed into the foothills of the Santa Monica mountains on January 26, 2020. Minor Plaintiffs R.C. and H.C. are Sarah's sons and Payton's brothers. Christopher, R.C. and H.C. hereinafter are referred to collectively as "the Chester Plaintiffs."

4. The remains and personal effects of Sarah and Payton were scattered across a wilderness area located northeast of Las Virgenes Road and Willow Glen Street in Calabasas, California. Because that location was within the territorial jurisdiction of Los Angeles County, Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT (the "Sheriff's Department") had both the authority and the duty to secure the accident scene. Securing the crash scene was essential to protecting the dignity of those who had perished and limiting the mental and emotional suffering of the loved ones left behind. Defendant LOS ANGELES COUNTY FIRE DEPARTMENT (the "Fire Department") had both the authority and the duty to suppress and eliminate the risks of fire and explosion created by the crash.

5. Defendants knew that securing the crash scene would require the utmost care and supervision for each of the following reasons: <u>first</u>, the tragedy had generated an immediate media frenzy; <u>second</u>, the dismembered, disfigured and mutilated remains of parents, spouses, daughters and sisters had been strewn across the crash site; and <u>third</u>, law enforcement personnel frequently take unauthorized photos of those who have perished in tragic circumstances. Los Angeles County Sheriff Alex Villanueva ("Villanueva"), himself, has admitted that such conduct "has been a problem in law enforcement across the nation." For each of these reasons, the Sheriff's Department had a special duty to entrust security of

the crash scene to deputies of the highest caliber, who had been trained properly and were supervised adequately.

6. Defendants were fully aware of the special duty owed to the Chester Plaintiffs. On the afternoon of the crash, Los Angeles County Sheriff Alex Villanueva met personally with Plaintiff Christopher L. Chester at the Lost Hills Sheriff's Station and assured him that every possible measure would be taken to preserve and protect the scene of the crash.

7. The Sheriff's Department failed to meet this special duty. It entrusted the security of the accident scene to deputies who quickly turned into *paparazzi*. The assigned deputies were so inadequately trained and supervised that they freely took numerous cell phone photos of the remains and personal effects of Sarah and Payton. Villanueva, himself, has admitted that there was no legitimate reason for his deputies to take these photos. The deputies took them for their own dark excitement, morbid interest, and depraved enjoyment. In so doing, Villanueva's deputies exploited and violated the decedents and destroyed the minimal peace of mind which the Chester Plaintiffs were struggling to preserve.

8. The abhorrent conduct of Villanueva's deputies was not confined to the accident scene. The graphic images were displayed, shared and discussed within the Sheriff's Department in circumstances that were completely unrelated to any investigation of the accident. Within a matter of weeks, the photos had traveled nearly 50 miles, from crash scene in Calabasas to Norwalk, on the southern edge of the County. It was there, at the "Baja California Bar and Grill," that one of Villanueva's deputies shared the photos while trying to gain favor with a woman seated at the bar. The deputy's conduct was so abhorrent that a bartender who observed his behavior filed a written complaint with the Sheriff's Department.

9. When he learned that his deputies had violated the Chester Plaintiffs' constitutional rights to control images of Sarah's and Payton's remains, Villanueva responded by instructing his deputies to destroy the evidence of their wrongful conduct. Villanueva assured the offending deputies that they would face no disciplinary action if they

deleted and destroyed the photographs. Relying on the Sheriff's assurances, the offending deputies (including Defendants Joey Cruz, Rafael Mejia, Michael Russell and Raul Versales) purportedly deleted and destroyed each of the photographs. Said Defendants, and each of them, deliberately engaged in spoliation of evidence.

10. Villanueva subsequently disclosed that his deputies had taken "illicit photos" of the decedents' remains. Further, Villanueva admitted that he had ordered the destruction of those photos in an effort to avoid what he described as the "usual routine" of an investigation in which everyone "lawyers up."

11. The Chester Plaintiffs are informed and believe that various members of the Los Angeles County Fire Department also photographed the remains of Sarah and Payton at the scene of the crash. Further, firefighter Defendants Arlin Kahan, Brian Jordan and Tony Imbrenda shared, distributed and showed the photographs of the decedents in circumstances that were unrelated to any investigation of the crash.

12. Villanueva has admitted that the public display of a photograph depicting the remains of a loved one "harms people [who] suffered a tragedy already." Already devastated by the loss of wife, mother, daughter and sister, the Chester Plaintiffs suffered severe emotional distress, humiliation, anxiety and depression from the realization that despite Villanueva's personal assurances, Sarah's and Payton's remains had been photographed by the very personnel that had been entrusted with securing the crash site. The Chester Plaintiffs are further agonized over the realization that those photos had been shown, disseminated, used during an attempted "pick-up" at a Norwalk bar, and may be disseminated in the future through print, broadcast, and social media.

## THE PARTIES

13. The Chester Plaintiffs are residents of the State of California. Plaintiff Christopher L. Chester is the duly appointed Guardian *ad litem* for minor Plaintiffs R.C. and H.C.

14. Defendant County of Los Angeles is a municipal corporation duly authorized to operate under the laws of the State of California.

4
Second Amended Complaint

15. Defendant Los Angeles County Sheriff's Department is a local government entity organized and existing under the laws of the State of California and a department of Defendant County. The Sheriff's Department provides general law enforcement services under contract with Calabasas, California. The Department's work is supervised by Sheriff Alex Villanueva.

16. Defendant Los Angeles County Fire Department is a local government entity organized and existing under the laws of the State of California and a department of Defendant county. The Fire Department provides fire suppressions and prevention services under contract with Calabasas, California.

17. Defendants County, Sheriff's Department and Fire Department are "persons" subject to suit within the meaning of 42 USC §1983. *See Monell v. New York Department of Social Services,* 436 US 658, 691 (1978).

18. Pursuant to California Government Code§ 815.2(a), Defendants County, Sheriff's Department and Fire Department are liable for any and all wrongful acts in violation of state law hereinafter complained of and committed by their employees acting within the course and scope of their employment.

19. Alex Villanueva is an individual and was, at all times relevant herein, the Sheriff of Los Angeles County. He is an elected official of the County with responsibility for overseeing the Sheriff's Department and making and implementing its policy.

20. Defendants Joey Cruz, Rafael Mejia, Michael Russell, Raul Versales, Arlin Kahan, Brian Jordan, and Tony Imbrenda are individuals, and, on information and belief, presently reside in California. Defendants Joey Cruz, Rafael Mejia, Michael Russell and Raul Versales are individually and collectively referred to herein as "the Deputy Defendants"; Defendants Arlin Kahan, Brian Jordan and Tony Imbrenda are individually and collectively referred to herein as "the Firefighter Defendants".

21. Pursuant to the provisions of *California Government Code* §§900, *et seq.,* the Chester Plaintiffs filed written notices of claims against the Sheriff's Department and unknown deputies on May 26, 2020. On July 14, 2020, the Chester Plaintiffs were notified

that each of their claims had been rejected by operation of law on July 10, 2020.

22.     Pursuant to the provisions of *California Government Code* §§900, *et seq.,* the Chester Plaintiffs filed written notices of claims against the County and the Fire Department on July 22, 2020.  As of the date of this complaint, the County has not substantively responded to the Chester Plaintiffs' notice of claim, nor has it provided a definitive date by which it shall respond.  Pursuant to operation of law, the County's failure to respond to those claims within the time set by the *California Government Code* constitutes a denial of the claims.

## FIRST CAUSE OF ACTION

**(42 USC §1983; Violation of Fourteenth Amendment Against the Deputy Defendants and the Firefighter Defendants)**

23.     The Chester Plaintiffs repeat and re-allege the allegations previously set forth in paragraphs 1 through 22, inclusive, of this complaint, and incorporate the same herein by this reference thereto, as though fully hereinafter set forth at length.

24.     The Deputy Defendants and the Firefighter Defendants, and each of them, misappropriated and destroyed the Chester Plaintiffs' right to control the death images of Sarah and Payton. *Marsh v. City of San Diego,* 680 F.3d 1148, 1154 (9th Cir. 2012).

25.     The Deputy Defendants and the Firefighter Defendants, inclusive, and each of them, were acting under color of state law when the photographs were taken.  Each of those Defendants were "on duty," "in uniform," and working with the scope and course of their employment with either the Sheriff's Department and/or the Fire Department, while assigned to duty at the crash scene.  Further, The Deputy Defendants and the Firefighter Defendants, and each of them, shared, showed and disseminated the death photos of Sarah and Payton while on duty, while in uniform, or otherwise in connection with their employment with the Sheriff's Department and/or the Fire Department.

26.     By sharing, showing, or dissemination the death photos of Sarah and Payton, The Deputy Defendants and the Firefighter Defendants, and each of them, violated the Chester Plaintiffs' "right not to have government officials engage in unwarranted

reproduction of . . . death images of deceased relatives," under *California Civil Code* §129. *Marsh, supra,* at 1157.

27. The Deputy Defendants and the Firefighter Defendants, and each of them, either knew or should have known that the taking and/or sharing of death photos of Sarah and Payton for personal reasons violated the law.

28. The taking and sharing of death photos of Sara and Payton for personal reasons was a substantial factor in causing the Chester Plaintiffs to suffer, and continue to suffer, severe emotional distress, humiliation, and anxiety, all to their damage in a sum to be established according to proof at trial.

29. In taking, sharing, showing and disseminating the death photos of Sarah and Payton, the Deputy Defendants and the Firefighter Defendants, and each of them, engaged in despicable conduct with a willful and conscious disregard of the rights of the Chester Plaintiffs, who are entitled to an award of punitive damages in an amount sufficient to punish said Defendants and to make an example of them to the community.

## SECOND CAUSE OF ACTION

**(42 USC §1983; Violation of Fourteenth Amendment**

**Against the Sheriff's Department, the Fire Department, and**

**the County Pursuant to *Monell v. New York City Dept. of Social Servs.*)**

30. The Chester Plaintiffs repeat and re-allege the allegations previously set forth in Paragraphs 1 through 22, inclusive of this complaint, and incorporate the same herein by this reference thereto, as though fully hereinafter set forth at length.

31. 42 USC §1983 dictates that public entities are liable for constitutional violations when execution of their official policies or customs deprive individuals of their constitutional rights. A public entity is also liable for constitutional violations when its failure to establish a policy or procedure, or properly to train, supervise, and/or discipline its employees, amounts to deliberate indifference to the rights of persons with whom its employees interact.

32. Upon information and belief, the Sheriff's Department, the Fire Department

and the County acted with deliberate indifference to the constitutional rights of the Chester Plaintiffs through each of the acts and omissions alleged hereinabove, which encompass each of the following customs, policies, and/or patterns of practice:

(a) The failure to train and supervise adequately the personnel of both the Sheriff's Department and the Fire Department to ensure they do not take or share photos of human remains for personal use;

(b) The failure to establish a policy or procedure addressing the treatment of human remains, including a strict prohibition on the taking or sharing of photos of human remains;

(c) The failure to investigate adequately and discipline the personnel of both the Sheriff's Department and the Fire Department who have unnecessarily taken and/or shared photos of human remains.

33. Given the frequency with which personnel of both the Sheriff's Department and the Fire Department work at crime and accident scenes involving fatalities, it was foreseeable, if not predictable, that some would be tempted to take photos of victims' remains on their personal cell phones. The Sheriff's Department and the Fire Department knew that some personnel keep "death books" containing photos of victims' remains and that the taking of death photos for personal reasons is a chronic problem "across the nation." The Sheriff's Department and the Fire Department also were aware that due to the number of celebrities that live or work in the Los Angeles area, its personnel frequently are called to accident and crime scenes that are the subject of intense public interest and media scrutiny. Notwithstanding this knowledge and awareness, the Sheriff's Department, the Fire Department and the County failed to establish a policy prohibiting the taking of death photos, or to train, supervise, investigate, or discipline Department personnel who took and shared death photos for personal reasons.

34. The Sheriff's Department and the Fire Department were on actual and/or constructive notice that the lack of a policy prohibiting the taking of death photos at accident scenes would likely result in violations of community members' constitutional rights.

35. The actions of the Deputy Defendants and the Firefighter Defendants, and each of them, reflect the pattern of practice and/or custom of both the Sheriff's Department and the Fire Department, as evidenced by the fact that the misconduct was not limited to a lone employee. Rather, multiple employees of both Departments took death photos of Sarah and Payton for personal purposes. Moreover, Villanueva, who has spent his entire career in law enforcement with the Sheriff's Department, has admitted that he personally is aware that unnecessary death images are a widespread problem in law enforcement.

36. As a direct and proximate result of the Sheriff's Department's, the Fire Department's, and the County's failure to establish a policy prohibiting the taking of death photos, or to train, supervise, investigate and discipline its employees who take and/or share death photos, as well as the Sheriff's Department's, the Fire Department's, and the County's pattern of practice and/or custom of unnecessarily taking and sharing death photos, the Chester Plaintiffs have suffered (and continue to suffer) severe emotional distress, all to their damage in an amount to be established according to proof at trial.

## THIRD CAUSE OF ACTION

**(Negligence Against the Deputy Defendants; the Firefighter Defendants; the Sheriff's Department;**

**the Fire Department; and the County)**

37. The Chester Plaintiffs repeat and re-allege the allegations previously set forth in paragraphs 1 through 22, inclusive of this complaint, and incorporate the same herein by this reference thereto, as though fully hereinafter set forth at length.

38. Pursuant to *California Government Code* §815.2, the Sheriff's Department, the Fire Department, and the County are liable for acts and omissions committed by their employees in the scope of their employment. Further, and pursuant to *California Government Code* §820(a), public employees, including the Deputy Defendants and the Firefighter Defendants, and each of them, are liable for injuries caused by their acts or omissions to the same extent as a private person.

39. Pursuant to *California Government Code* §815.2, the Deputy Defendants and

9
Second Amended Complaint

the Firefighter Defendants, and each of them, were employed by the Sheriff's Department, the Fire Department, and/or the County, and were under the direction and control of either the Sheriff's Department or the Fire Department, when they took, or failed to prevent the taking, shared and disseminated, or failed to prevent the sharing and dissemination, of death photos of Sarah and Payton. The wrongful acts of the Deputy Defendants and the Firefighter Defendants, and each of them, were committed within the course and scope of their employment with the Sheriff's Department, the Fire Department, and/or the County.

40. The Sheriff's Department, the Fire Department, the County, the Deputy Defendants and the Firefighter Defendants, and each of them, owed a duty of care to the Chester Plaintiffs to use ordinary care in the care and treatment of remains of Sarah and Payton, including the obligation to refrain from taking and/or sharing death photos for personal purposes.

41. The Deputy Defendants, the Firefighter Defendants, the Sheriff's Department, the Fire Department, and the County owed a duty to the Chester Plaintiffs to use ordinary care in preventing the dissemination of any unnecessary death photos of Sarah and Payton, once those photos were created and/or were within their control.

42. The Sheriff's Department, the Fire Department, the County, the Deputy Defendants, the Firefighter Defendants, and each of them, routinely undertake the care, custody, and control of human remains at scenes of fatal accidents, and each did so with respect to the remains of Sara and Payton at the crash site. As a result, they each owed a duty of care to the Chester Plaintiffs to exercise ordinary care in their treatment of the Sarah's and Payton's remains.

43. Shortly after the crash, Villanueva assured Plaintiff Christopher L. Chester that the Sheriff's Department was securing the crash site to ensure privacy.

44. The Deputy Defendants and the Firefighter Defendants, and each of them, breached their duties to the Chester Plaintiffs by taking and/or sharing death photos of Sarah and Payton for purely personal reasons.

45. The Deputy Defendants and the Firefighter Defendants, and each of them,

breached their duties to the Chester Plaintiffs by failing to take reasonable steps to prevent dissemination of the unnecessary images of Sarah's and Payton's remains after the images were created and were in their constructive possession.

46. The Sheriff's Department, the Fire Department, the County, the Deputy Defendants and the Firefighter Defendants, and each of them, either foresaw or should have foreseen that the acts and omissions described above would injure the Chester Plaintiffs.

47. The acts and omissions of the Sheriff's Department, the Fire department, the County, the Deputy Defendants and the Firefighter Defendants, and each of them, were substantial factors in causing the Chester Plaintiffs to suffer, and continue to suffer, severe emotional distress to their damage, in an amount to be established according to proof at trial.

48. The acts and omissions of the Sheriff's Department, the Fire Department, the County, the Deputy Defendants and the Firefighter Defendants, and each of them, violate *California Penal Code* Section 647.9; said acts and omissions caused injury to Plaintiffs, and each of them; the injuries sustained by Plaintiffs, and each of them are the types of harm that Section 647.9 is designed to prevent; and Plaintiffs, and each of them, are persons that Section 647.9 seeks to protect.

49. The Deputy Defendants and the Firefighter Defendants, and each of them, engaged in despicable conduct with a willful and conscious disregard of the rights of the Chester Plaintiffs, who are entitled to an award of punitive damages in an amount sufficient to punish said Defendants and make an example of them to the community.

50. Pursuant to *California Government Code* §815.2, the Sheriff's Department, the Fire Department, and the County are liable for injuries proximately caused by acts or omissions of their employees within the scope of their employment. The Deputy Defendants and the Firefighter Defendants, and each of them, were employed by the Sheriff's Department, the Fire Department, and/or the County, and were under the direction and control of either those Departments or the County, when they engaged in the conduct described above. The Deputy Defendants and the Firefighter Defendants were able to take death photos of Sarah and Payton because of their access to the crash site while on duty, and

personnel of both the Sheriff's Department and Fire Department who shared those photos had access to them by virtue of their employment with their respective Departments. The acts of the Deputy Defendants and the Firefighter Defendants, and each of them, were committed within the course and scope of their employment, and the Sheriff's Department, the Fire Department, and the County are liable for their negligent and wrongful conduct.

### FOURTH CAUSE OF ACTION

**(Invasion of Privacy Against the Deputy Defendants, the Firefighter Defendants, the Sheriff's Department, the Fire Department, and the County)**

51. The Chester Plaintiffs repeat and re-allege the allegations previously set forth in Paragraphs 1 through 22, inclusive of this complaint, and incorporate the same herein by this reference thereto, as though fully hereinafter set forth at length.

52. The Chester Plaintiffs have a privacy interest in the physical remains of Sara and Payton.

53. The Deputy Defendants and the Firefighter Defendants, and each of them, publicly disclosed and shared photos of Sarah's and Payton's remains, both in person and electronically.

54. The disclosure and sharing of photos of Sarah's and Payton's remains, without any law-enforcement purpose, is offensive and objectionable to a reasonable person of ordinary sensibilities.

55. When the Deputy Defendants and the Firefighter Defendants, and each of them, shared the death photos of Sarah and Payton, no photos of their remains had been made public, and details about the state of the victims' remains were not public knowledge. Sharing the graphic details disclosed by those photos served no legitimate public purpose.

56. The acts, omissions, and conduct of the Deputy Defendants and the Firefighter Defendants, and each of them, were substantial factors in causing the severe emotional distress which the Chester Plaintiffs have suffered (and continue to suffer), all to their damage in an amount to be established by proof at trial.

57. *California Government Code* §820(a) provides that The Deputy Defendants and the Firefighter Defendants, and each of them, are liable for injuries caused by their acts or omissions to the same extent as a private person.

58. The Deputy Defendants and the Firefighter Defendants, and each of them, engaged in despicable conduct with a conscious and willful disregard of the rights of the Chester Plaintiffs, who are entitled to an award of punitive damages in an amount sufficient to punish said Defendants, and to make an example of them to the community.

59. The Deputy Defendants and the Firefighter Defendants, and each of them, were employed at all relevant times by either the Sheriff's Department, the Fire Department, or the County, and were under the direction and control of those Departments or the County when they engaged in the acts and omissions alleged. The Deputy Defendants and the Firefighter Defendants, and each of them, were enabled to take death photos of Sarah and Payton because of their access to the crash site while on duty, and personnel of the Sheriff's Department and Fire Department who shared or disseminated those photos had access to them as a result of their employment with those Departments or the County. The acts and conduct of the Deputy Defendants and the Firefighter Defendants, and each of them, were committed within the course and scope of their employment with the two Departments or the County, and the Sheriff's Department, the Fire Department, and the County are liable for the damages caused by their negligent and wrongful conduct.

**PRAYER FOR RELIEF**

WHEREFORE, the Chester Plaintiffs respectfully pray for judgment as follows:

1. For compensatory damages in an amount established by proof at trial;

2. For any additional general, specific, consequential, economic, non-economic, or incidental damages in an amount to be proven at trial;

3. For punitive damages in an amount appropriate to punish the Deputy Defendants and the Firefighter Defendants, and each of them, and make an example of said Defendants to the community;

4. For all attorneys' fees and costs incurred by the Chester Plaintiffs in pursuit of

this action;

5.   For prejudgment and post judgment interest, at the maximum rate permitted by law; and

6.   For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

The Chester Plaintiffs demand a trial by jury on all issues triable by jury.

DATED:   May 3, 2021

By   */s/ Jerome M. Jackson*
Jerome M. Jackson
Attorney for Plaintiffs

Second Amended Complaint

**PROOF OF SERVICE**
1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 880 Apollo Street, Suite 238, El Segundo, California 90245.

On May 3, 2021, I served the foregoing document on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Counsel for Defendant LAC Sheriff's Dept:
    Jonathan C. McCaverty (SBN 210922)
    OFFICE OF THE COUNTY COUNSEL
    General Litigation Division
    500 W. Temple Street, Suite 468
    Los Angeles, CA 90012
        Phone: (213) 974-1828
        Fax: (213) 626-7446
        Jmccaverty@counsel.lacounty.gov

Counsel for Defendants LAC Fire Dept. and LA County:
    Louis R. Miller (SBN 54141)
    Mira Hashmall (SBN 216842)
    Emily A. Rodriguez-Sanchirico (SBN 311294)
    MILLER BARONDESS, LLP
    1999 Avenue of the Stars, Suite 100
    Los Angeles, CA 90067
        Phone: (310) 552-4400
        Fax: (310) 552-8400
        smiller@millerbarondess.com
        mhashmall@millerbarondess.com
        esanchirico@millerbarondess.com

**BY ELECTRONIC SERVICE**: I caused this document to be emailed to the email address(es) listed above.

Executed on May 3, 2021, at El Segundo, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

                                            */s/ Kathy Dickinson*
                                            Kathy Dickinson