JONATHAN C. McCAVERTY (State Bar No. 210922)
Principal Deputy County Counsel
jmccaverty@counsel.lacounty.gov
OFFICE OF COUNTY COUNSEL
General Litigation Division
500 West Temple Street, Suite 468
Los Angeles, California 90012
Telephone:   (213) 974-1828
Facsimile:   (213) 626-7446

Attorneys for Defendant
LOS ANGELES COUNTY SHERIFF'S DEPARTMENT

[Additional counsel continued on next page.]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER L. CHESTER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF LOS ANGELES, et al., <br><br> Defendants. | CASE NO. 2:20-cv-10844-JFW-E <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT** <br><br> Hearing Date: December 27, 2021 <br> Time: 1:30 p.m. <br><br> Pretrial Conf.: February 4, 2022 <br> Time: 8:00 a.m. <br><br> Trial Date: February 22, 2022 <br> Time: 8:30 a.m. <br><br> Assigned to Hon. John F. Walter and Magistrate Judge Charles F. Eick |

537627.1

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

[Additional counsel, continued from previous page:]

LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
CASEY B. SYPEK (State Bar No. 291214)
csypek@millerbarondess.com
EMILY A. RODRIGUEZ-SANCHIRICO (State Bar No. 311294)
esanchirico@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone:  (310) 552-4400
Facsimile:   (310) 552-8400

Attorneys for Defendants
COUNTY OF LOS ANGELES, LOS ANGELES COUNTY FIRE DEPARTMENT, JOEY CRUZ, RAFAEL MEJIA, MICHAEL RUSSELL, RAUL VERSALES, ARLIN KAHAN, and TONY IMBRENDA

**TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on December 27, 2021, at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 750 of the above-captioned Court, located at 255 East Temple Street, Los Angeles, California 90012, Defendants County of Los Angeles ("County"), Los Angeles County Sheriff's Department ("LASD"), Los Angeles County Fire Department ("LACFD"), Joey Cruz, Rafael Mejia, Michael Russell, Raul Versales, Arlin Kahan, and Tony Imbrenda (collectively, "Defendants") will and hereby do respectfully move this Court for an order granting Defendants' Motion for Summary Judgment on the following grounds:

### Standing

It is undisputed that the complained-of photos have never been in the media, on the Internet, or otherwise publicly disseminated. Plaintiff Christopher Chester conceded that fact at his deposition, and also testified that he has never seen County photos of his loved ones. There is no Article III standing to sue for a hypothetical harm. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021).

### *Monell*

There is no predicate constitutional violation to support the *Monell* claim. The Second Amended Complaint ("SAC") relies on *Marsh v. County of San Diego*, 680 F.3d 1148 (9th Cir. 2012), where the Ninth Circuit recognized that publicly disseminating autopsy photos to the media could violate a surviving family member's constitutional right to privacy. *Id.* at 1153. *Marsh* is about "publication of death images." *Id.* at 1154. It is undisputed that there was no publication of any "death images" here.

Plaintiff cannot satisfy the remaining *Monell* elements. There is no evidence that County employees "often photocopy and distribute autopsy photographs for illegitimate purposes without the consent of the family," no evidence that the

537627.1

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

County's training and policies constitute "'deliberate indifference' to [his] rights," and no evidence that the purportedly "inadequate training 'actually caused' the deprivation of [his] rights." *Marsh*, at 680 F.3d 1159-60 (citation omitted).  Nor is there evidence of a persistent and "widespread practice" of sharing "death images" within LASD or LACFD. *Id.* at 1159 (citation omitted).  This was the first time LASD and LACFD confronted allegations of improper photo sharing, and they took appropriate action to address them.

**Negligence**

The negligence claim against Deputies Joey Cruz, Michael Russell, Raul Versales, and Rafael Mejia ("Deputy Defendants") and Captains Arlin Kahan and Tony Imbrenda ("Fire Defendants") fails because there is no applicable legal duty. There is no special relationship between the Deputy and Fire Defendants and Plaintiff.  The Court of Appeal recognized that in *Catsouras v. Dep't of California Highway Patrol*, 181 Cal. App. 4th 856, 888 (2010), but used the *Rowland* factors to find a duty not to publicly disseminate death images.  The California Supreme Court has since clarified that the *Rowland* factors cannot, on their own, be used to find a duty.  *Brown v. USA Taekwondo*, 11 Cal. 5th 204, 212-13 (2021).

There is also no breach.  In *Catsouras*, the CHP officers had emailed death images of the plaintiffs' daughter in a gruesome car crash "to members of the public," and "more than 2,500 Internet Web sites in the United States and the United Kingdom posted the photographs." *Catsouras*, 181 Cal. App. 4th at 865.  The photos "spread across the Internet like a malignant firestorm," and "Internet users at large then taunted them with the photographs." *Id*. at 863.  Nothing like that happened here.  *Catsouras* does not apply to internal sharing of photos among first responders working at a scene.

As for the "resulting injury," the alleged harm is Plaintiff's fear that photos might one day be publicly disseminated, possibly by County employees.  Harm cannot be based on speculation and inferences.  Plaintiff's injury will arise if a photo

is one day published, if it contains his family members, and if it is traced back to one of the Deputy or Fire Defendants. Until then, non-existent speculative injury is not a basis for a negligence claim.

Plaintiff also alleges negligence per se based on California Penal Code section 647.9. That law did not exist at the time of the crash, and it is not retroactive. A defendant "cannot be liable on a negligence per se theory for having violated the provisions of an act that was not in force at the time it allegedly acted." *Sanchez v. Aurora Loan Servs., LLC*, No. CV 13-08846 MMM (RZx), 2014 WL 12589660, at *8 n.86 (C.D. Cal. June 10, 2014); *see also Elsner v. Uveges*, 34 Cal. 4th 915, 938 (2004) (applying a subsequent law to negligence claim would be akin "to apply[ing] the new law of today to the conduct of yesterday" (citation omitted)).

The negligence claim against the County, LASD, and LACFD ("Entity Defendants") fails with the claim against the individuals. Cal. Gov't Code §§ 815, 815.2(a) (vicarious liability is only for injuries "proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative").

**Invasion of Privacy**

The SAC alleges that the Deputy and Fire Defendants publicly shared photos of Plaintiff's family members, and that doing so violated his privacy. Five of the six defendants shared photos with other first responders who were at the scene. Deputy Cruz showed photos on his phone to a friend. The phone did not leave his hand.

This does not suffice to support a claim for invasion of privacy. One person does not qualify as "the public at large," as the law requires, rendering the showing not actionable. It is undisputed that the photos were not shown to "the public at large" and their content is not "of public knowledge." *Hassan v. Facebook, Inc.*, No. 19-cv-01003-JST, 2019 WL 3302721, at *3 (N.D. Cal. July 23, 2019) (citation omitted) ("Liability for the common-law tort [of public disclosure of private facts]

requires publicity; disclosure to a few people in limited circumstances does not violate the right." (alteration in original) (citation omitted)).  Plaintiff himself has never seen the photos.  Nor is it "substantially certain" that the photos will "become 'public knowledge.'"  *Opperman v. Path, Inc.*, 87 F. Supp. 3d 1018, 1062 (N.D. Cal. 2014).  The photos were deleted.

Because the claim against the individuals fails, the claim against the Entity Defendants fails too.  Cal. Gov't Code §§ 815, 815.2(a).

**Local Rule 7-3 Compliance**

This Motion is made following correspondence and a meet-and-confer via Zoom (due to the COVID-19 pandemic), which took place on November 12, 2021. [Dkt. 85.]  The parties filed the requisite joint report on November 16, 2021.  [*Id*.]

\*     \*     \*

The Motion is based upon this notice of motion; the concurrently filed Memorandum of Points and Authorities; the supporting Declarations; the Statement of Uncontroverted Facts and Conclusions of Law; the pleadings and records on file in this action; and any further evidence or argument received by the Court in connection with the Motion.

DATED:  November 21, 2021     OFFICE OF COUNTY COUNSEL

By:   /s/ Jonathan C. McCaverty
JONATHAN C. McCAVERTY
Attorneys for Defendant
LOS ANGELES COUNTY SHERIFF'S DEPARTMENT

537627.1

6

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

DATED: November 21, 2021    MILLER BARONDESS, LLP

By: /s/ Louis R. Miller
LOUIS R. MILLER
Attorneys for Defendants
COUNTY OF LOS ANGELES, LOS ANGELES COUNTY FIRE DEPARTMENT, JOEY CRUZ, RAFAEL MEJIA, MICHAEL RUSSELL, RAUL VERSALES, ARLIN KAHAN and TONY IMBRENDA