1  JONATHAN C. McCAVERTY (State Bar No. 210922)
   Principal Deputy County Counsel
2  jmccaverty@counsel.lacounty.gov
   OFFICE OF COUNTY COUNSEL
3  500 West Temple Street, Suite 468
   Los Angeles, California 90012
4  Telephone:  (213) 974-1828
   Facsimile:   (213) 626-7446
5
6  Attorneys for Defendant
7  LOS ANGELES COUNTY SHERIFF'S DEPARTMENT

8  LOUIS R. MILLER (State Bar No. 54141)
   smiller@millerbarondess.com
9  MIRA HASHMALL (State Bar No. 216842)
   JASON H. TOKORO (State Bar No. 252345)
10 CASEY B. SYPEK (State Bar No. 291214)
   MILLER BARONDESS, LLP
11 1999 Avenue of the Stars, Suite 1000
   Los Angeles, California 90067
12 Telephone:  (310) 552-4400
   Facsimile:   (310) 552-8400
13
14 Attorneys for Defendants
15 COUNTY OF LOS ANGELES, LOS ANGELES COUNTY FIRE DEPARTMENT,
   JOEY CRUZ, RAFAEL MEJIA, MICHAEL RUSSELL, RAUL VERSALES,
16 ARLIN KAHAN, and TONY IMBRENDA

17

18                 **UNITED STATES DISTRICT COURT**

19        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

20 CHRISTOPHER L. CHESTER,              **CASE NO. 2:20-cv-10844-JFW-E**

21          Plaintiff,                   **DEFENDANTS' RESPONSE TO**
                                         **PLAINTIFF'S SUPPLEMENTAL**
22     v.                               **BRIEF RE:** *MONELL* **CLAIM**

23 COUNTY OF LOS ANGELES, et al.,       Assigned to Hon. John F. Walter and
                                        Magistrate Judge Charles F. Eick
24          Defendants.
                                        Trial Date:     July 26, 2022
25

26

27

28

554126.1

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ...................................................................................... 6

II.   STATEMENT OF FACTS ......................................................................... 8

   A.   Plaintiff's Operative (Second Amended) Complaint ............................ 8

   B.   Defendants' Motion For Summary Judgment ........................................ 8

   C.   Plaintiff Failed To Address Two Of His *Monell* Claims In Opposing Summary Judgment—Custom/Practice And Failure To Investigate/Discipline ................................................................................ 9

III.   ARGUMENT ............................................................................................ 10

   A.   The Law On Abandonment/Waiver ..................................................... 10

   B.   Plaintiff Abandoned His Custom Or Pattern Of Practice Claim ......... 14

      1.   Plaintiff Had the Opportunity to and Chose Not to Address This Theory on Summary Judgment ............................................ 14

      2.   The Court's Summary Judgment Ruling Does Not Give Plaintiff a Second Bite at the Apple ............................................ 15

   C.   Plaintiff Abandoned His Failure To Investigate/Discipline Claim ...... 18

      1.   Evidence on an Abandoned Claim Is Not Admissible ............... 18

      2.   The Evidence Does Not Show a Custom or Practice ................. 20

      3.   The Evidence Does Not Show a Failure to Train ...................... 22

IV.   CONCLUSION ......................................................................................... 23

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Ames v. County of San Bernardino,*
   2020 WL 5875012 (C.D. Cal. July 30, 2020) ........................................... 11, 16

*Armbruster v. Unisys Corp.,*
   32 F.3d 768 (3d Cir. 1994) ............................................................................ 12

*Beem v. Providence Health & Servs.,*
   2011 WL 13228199 (E.D. Wash. Dec. 12, 2011) ........................................... 19

*Bequeath v. L.B. Foster Co.,*
   367 F. Supp. 2d 779 (W.D. Pa. 2005) ........................................................... 12

*Berg v. County of Los Angeles,*
   2021 WL 4691154 (C.D. Cal. May 28, 2021) ................................................ 21

*City of Canton, Ohio v. Harris,*
   489 U.S. 378 (1989) ....................................................................................... 22

*Cobarrubia v. Edwards,*
   2021 WL 4846948 (N.D. Cal. June 4, 2021) ................................................. 16

*Coleman v. Bank of New York Mellon as Tr. for Am. Home Mortg. Inv. Tr.
   2004-4 Mortgaged Backed Notes, Series 2004-4,*
   798 F. App'x 131 (9th Cir. 2020) (mem.) ...................................................... 10

*Conn v. City of Reno,*
   591 F.3d 1081 (9th Cir. 2010) ....................................................................... 23

*Connick v. Thompson,*
   563 U.S. 51 (2011) ............................................................................. 15, 20, 22

*Daingerfield Island Protective Soc'y v. Babbitt,*
   40 F.3d 442 (D.C. Cir. 1994) ........................................................................ 17

*Daingerfield Island Protective Soc'y v. Lujan,*
   797 F. Supp. 25 (D.D.C. 1992) ..................................................................... 17

*Flores v. County of Los Angeles,*
   758 F.3d 1154 (9th Cir. 2014) ....................................................................... 22

*Greenwood v. F.A.A.,*
   28 F.3d 971 (9th Cir. 1994) ........................................................................... 15

*Heinemann v. Satterberg,*
   731 F.3d 914 (9th Cir. 2013) ......................................................................... 18

*Henry v. County of Shasta,*
   132 F.3d 512 (9th Cir. 1997) ......................................................................... 21

3

*In re Commercial Acceptance Corp.,*
    5 F.3d 535 (9th Cir. 1993) ................................................................ 13

*Jenkins v. County of Riverside,*
    398 F.3d 1093 (9th Cir. 2005) .......................................................... 10

*Jones v. Spentonbush-Red Star Co.,*
    155 F.3d 587 (2d Cir. 1998) .............................................................. 19

*Kutner Buick, Inc. v. Am. Motors Corp.,*
    868 F.2d 614 (3d Cir. 1989) .............................................................. 19

*Long Beach Unified Sch. Dist. v. Santa Catalina Island Co.,*
    2021 WL 4706552 (C.D. Cal. Aug. 17, 2021) .................................. 11

*Long v. Howard Univ.,*
    439 F. Supp. 2d 68 (D.D.C. 2006) .................................................... 13

*Long v. Howard Univ.,*
    550 F.3d 21 (D.C. Cir. 2008) ...................................................... 12, 13

*Long v. Pend Oreille Cty. Sheriff's Dep't,*
    269 F. App'x 749 (9th Cir. 2008) ..................................................... 10

*Marsh v. County of San Diego,*
    680 F.3d 1148 (9th Cir. 2012) .......................................................... 22

*Perkins v. City of Anaheim,*
    2021 WL 3598730 (C.D. Cal. Apr. 26, 2021) .................................. 11

*Pinson v. Prieto,*
    2016 WL 11519338 (C.D. Cal. Oct. 6, 2016) ................................... 18

*Ramirez v. City of Buena Park,*
    560 F.3d 1012 (9th Cir. 2009) ............................................... 10, 11, 16

*Ratha v. Phatthana Seafood Co., Ltd.,*
    2017 WL 8293174 (C.D. Cal. Dec. 21, 2017) ................................. 11

*Recycle for Change v. City of Oakland,*
    856 F.3d 666 (9th Cir. 2017) ............................................................ 15

*Reefer & Gen. Shipping Co., Inc. v. Great White Fleet, Ltd.,*
    1995 WL 575290 (S.D.N.Y. Sept. 28, 1995) .................................. 19

*Rodriguez v. County of Los Angeles,*
    891 F.3d 776 (9th Cir. 2018) ............................................................ 21

*Shakur v. Schriro,*
    514 F.3d 878 (9th Cir. 2008) ............................................................ 10

*Trevino v. Gates,*
    99 F.3d 911 (9th Cir. 1996) ....................................................... 15, 20

*U.S. Bank Nat'l Ass'n v. PHL Variable Ins. Co.*,
2015 WL 4610894 (S.D.N.Y. July 30, 2015) ...........................................12, 13

*United Incentives, Inc. v. Sea Gull Lighting Prods., Inc.*,
1993 WL 147266 (E.D. Pa. May 9, 1993) .......................................................19

*Vincent v. Reyes*,
2020 WL 5893395 (N.D. Cal. Oct. 5, 2020)....................................................12

*Wettstein v. County of Riverside*,
2020 WL 2199005 (C.D. Cal. Jan. 22, 2020) ..................................................20

*Whitaker v. Simha P'ship, Ltd.*,
2020 WL 2036653 (C.D. Cal. Jan. 21, 2020) ..................................................11

*Williams v. County of San Diego*,
523 F. Supp. 3d 1183 (S.D. Cal. 2021) ................................................12, 15, 16

*Wyatt Tech. Corp. v. Malvern Instruments, Inc.*,
2010 WL 11505684 (C.D. Cal. Jan. 25, 2010),
*aff'd in part*, 526 F. App'x 761 (9th Cir. 2013) ..............................................19

**FEDERAL RULES**

Fed. R. Civ. P. 56.....................................................................................................18

Fed. R. Civ. P. 56(e) .........................................................................................17, 18

**OTHER AUTHORITIES**

*9th Cir. Model Civ. Jury Instr. 9.5* ........................................................................14

*9th Cir. Model Civ. Jury Instr. 9.8* ........................................................................14

CACI No. 3001 ........................................................................................................14

CACI No. 3003 ........................................................................................................14

CACI No. VF-3001 ..................................................................................................14

CACI No. VF-3002 ..................................................................................................14

Defendants hereby submit this response to Plaintiff's Opening Supplemental Brief Re: *Monell* Claim [Dkt. 201] as follows:

## I.    <u>INTRODUCTION</u>

The issue here is not complicated.  Defendants moved for summary judgment on all three *Monell* theories pleaded in the complaint.  Plaintiff, having no evidence, did not oppose the motion on two of the three theories.  Under Ninth Circuit law, the unopposed theories are abandoned or waived and are, therefore, no longer in the case.

A municipal entity can be held liable under Section 1983 of the Civil Rights Act for a constitutional violation only when that violation can be traced back to something that the entity itself did or failed to do (a "*Monell*" claim).  The law thus recognizes *Monell* claims only under specific circumstances.  Here, Plaintiff brought *Monell* claims against the County, the County Sheriff's Department ("LASD"), and the County Fire Department ("LACFD") (collectively, the "Entity Defendants") under three theories: (1) failure to adequately train and supervise; (2) a widespread custom or pattern of practice of taking and sharing photos of human remains; and (3) failure to adequately discipline or investigate their employees.

Defendants moved for summary judgment on all three of Plaintiff's *Monell* claims.  In his opposition, Plaintiff addressed just the first of his three *Monell* claims—the failure to train and supervise theory.  He did not oppose the other two *Monell* claims.  That was a strategic decision he made, probably because there is no evidence to support those claims.  It is undisputed that there has never before been a complaint against LASD or LACFD personnel for doing anything like what Plaintiff alleges in this case.  A singular, isolated event cannot give rise to a "custom or practice" under *Monell*.

Under Ninth Circuit law, this is an abandonment or waiver of the unopposed *Monell* claims—the claim based on a custom or pattern of practice of taking and sharing photos, and the claim based on a failure to adequately discipline or

1  investigate.  Numerous district court decisions, including those of this Court,

2  recognize this principle.  And this law makes sense.  The purpose of summary

3  judgment motion practice is to narrow the issues for trial.  When a moving party

4  provides evidence and substantive arguments about why a claim is untenable, and

5  the opposing party has an opportunity to rebut but chooses not to, that is a

6  concession that the claim should not go to trial.  In his supplemental brief, Plaintiff

7  cites decisions outside this Circuit to argue that he did not need to oppose all of

8  Defendants' arguments on summary judgment.  Those cases are inapplicable.

9  Plaintiff's reading of them is also inconsistent with the law in this Circuit.

10  Plaintiff acknowledges that he abandoned the *Monell* claim based on a failure

11  to investigate/discipline—he did not oppose summary judgment on that claim or

12  make any pretrial submissions thereon.  But, now, Plaintiff attempts to recast his

13  own pleadings in an effort to keep that issue alive.  Plaintiff changes course and says

14  this is not an independent basis for *Monell* liability but, rather, is evidence of a

15  custom and practice of taking and sharing death photos.  Plaintiff wants to admit

16  over a hundred exhibits and present dozens of witnesses to suggest the Entity

17  Defendants failed to adequately investigate or discipline their employees.  Because

18  he abandoned the failure to investigate/discipline claim, all this evidence is

19  unnecessary and irrelevant.

20  The post-incident investigation or discipline evidence does not support his

21  (abandoned) custom and practice *Monell* theory.  It is undisputed that there are no

22  prior complaints of Defendants being involved in improper taking and sharing of

23  death images.  This situation—the death of a world-wide celebrity and others in a

24  horrific helicopter crash—is unprecedented within LASD and LACFD.  Because

25  there is no corollary to this incident, it makes no sense to say that how the County

26  investigated or disciplined personnel in this situation proves the existence of a

27

28

1  custom and practice.[1]

2  **II.    STATEMENT OF FACTS**

3       **A.    Plaintiff's Operative (Second Amended) Complaint**

4       Plaintiff filed his Second Amended Complaint ("SAC") on May 37, 2021.  In

5  his *Monell* claim, Plaintiff alleged the County could be liable for violating his

6  constitutional rights under three different *Monell* theories:

7       (a) The failure to train and supervise adequately the personnel of both
        the Sheriff's Department and the Fire Department to ensure they do not
8       take or share photos of human remains for personal use;

9       (b) The failure to establish a policy or procedure addressing the
        treatment of human remains, including purpose strict prohibition on
10      the taking or sharing of photos of human remains;

11      (c) The failure to investigate adequately and discipline the personnel of
        both the Sheriff's Department and the Fire Department who have
12      unnecessarily taken and/or shared photos of human remains.  (*Id*. ¶
        32.)

13

14      **B.    Defendants' Motion For Summary Judgment**

15      On November 21, 2021, Defendants moved for summary judgment on all of

16  Plaintiff's claims, including the three *Monell* theories.  (*See* ECF 88-1.)  Defendants

17  addressed the substantive defects with each of the *Monell* claims.  (*Id*. at 18-26.)

18  Defendants argued Plaintiff could not establish liability under a failure to train

19  theory because there is no evidence of a pattern of similar constitutional violations

20  in the past.  (*Id*. at 22-23.)  Prior to this incident, there has never been a complaint

21  about an LASD or LACFD employee sharing photos of victim remains.  (*Id*. at 22.)

22  And, both LASD and LACFD have policies governing both on- and off-duty

23  conduct, confidentiality, and ethics.  (*Id*. at 23-24.)

24      Defendants argued that Plaintiff could not establish *Monell* liability based on

25  _____

26  [1] The same is true about the one *Monell* theory Plaintiff did not abandon:  it makes
    no sense to say the County was "deliberately indifferent" to a need to train or
27  develop policies for something that could not be foreseeable and had never
    happened.

28

a failure to adequately investigate or discipline because actions that a government entity took or failed to take *subsequent* to the alleged violation cannot be a basis for liability.  (ECF 88-1 at 24-25.)  Put another way, any alleged failure to investigate or discipline personnel could *not* have caused Plaintiff harm.  What happened is that Defendants made prompt discretionary decisions on how to investigate the claims, prevent dissemination of the photos, and discipline the involved employees.  (*Id*. at 25.)

Defendants also argued that Plaintiff could not establish a pattern of practice or custom of unnecessarily taking and sharing death images because he lacks any evidence of a persistent and widespread practice of doing so.  (*Id.*at 25-26.)  Again, Defendants submitted evidence that there have been no other complaints of LASD or LACFD personnel doing anything similar.  (*Id*.)  Defendants explained that Sheriff Villanueva's public comments about a general problem in law enforcement "across the nation" relating to officers taking photos of crime scenes is not evidence of any practice or custom within LASD.  (*Id*. at 26.)

C. **Plaintiff Failed To Address Two Of His *Monell* Claims In Opposing Summary Judgment—Custom/Practice And Failure To Investigate/Discipline**

On December 27, 2021, Plaintiff filed his opposition to Defendants' motion for summary judgment ("Opposition").  (ECF 116.)  As his Table of Contents makes clear, Plaintiff addressed only one theory of liability under *Monell*—Defendants' purported failure to train.  (*See id*. at ii.)  Section IV.A of his brief is entitled, "The Entity Defendants' Failure *to Establish a Policy or Train* Their Personnel Resulted in Violations of Plaintiff's Constitutional Right to Control the Death Images of His Family."  (*Id*. at ii, 15 (emphasis added).)

Plaintiff argued that *Monell* liability can "attach based on a single incident" where there is a "(i) a complete failure to train; (ii) the constitutional duty is implicated in recurring situations; and (iii) the plaintiff's injury is a 'highly

predictable consequence' of the 'fail[ure] to train.'" (*Id*. at 19.)  Plaintiff further argued that "both LASD and LAFD acknowledged that as of January 26, 2020, they had no policies or training related to photographs of human remains or incident photography more generally." (*Id*. at 19.)  Thus, according to Plaintiff, the County did not "equip personnel with any 'specific tools'"—i.e., training—to handle these situations.  (*Id*.)

Nowhere in his five-page discussion of his *Monell* claim did Plaintiff refer to his pattern of practice or custom *Monell* theory.  (*See Id*.at 15-20.)  In fact, neither of the terms "practice" nor "custom" even appear in his Opposition brief at all, let alone a discussion of the applicable legal standard.  (*See Id*.)  The same is true of Plaintiff's failure to discipline or investigate *Monell* claim.  (*Id*.)

In their Reply, Defendants made the point that Plaintiff waived all of his *Monell* claims but the training theory because of his failure to address them in his Opposition.  (ECF 134 at 12-13.)

## III.  ARGUMENT

### A.  The Law On Abandonment/Waiver

A plaintiff abandons or waives a claim where he or she fails to address it in opposition to a summary judgment motion.  *See, e.g., Ramirez v. City of Buena Park*, 560 F.3d 1012, 1026 (9th Cir. 2009) ("It is a general rule that a party cannot revisit theories that it raises but abandons at summary judgment." (citation omitted)); *Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008) (same); *Long v. Pend Oreille Cty. Sheriff's Dep't*, 269 F. App'x 749, 751 (9th Cir. 2008) (same); *Coleman v. Bank of New York Mellon as Tr. for Am. Home Mortg. Inv. Tr. 2004-4 Mortgaged Backed Notes, Series 2004-4*, 798 F. App'x 131, 132 (9th Cir. 2020) (mem.) (same); *Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (same).

"A party abandons an issue when it has a full and fair opportunity to ventilate its views with respect to an issue and instead chooses a position that removes the

1  issue from the case." *Ramirez*, 560 F.3d at 1026 (citation omitted).  Case law

2  throughout this District is consistent on application of this rule.

3      This Court has held several times that plaintiffs abandoned claims by failing

4  to address them in opposition to summary judgment.  *See*, *e.g.*, *Long Beach Unified*

5  *Sch. Dist. v. Santa Catalina Island Co.*, 2021 WL 4706552, at *14 (C.D. Cal. Aug.

6  17, 2021) (Hon. J. Walter) (holding plaintiff abandoned nuisance claims by not

7  addressing defendants' argument on summary judgment that statute of limitations

8  barred claims); *Whitaker v. Simha P'ship, Ltd.*, 2020 WL 2036653, at *1 n.1 (C.D.

9  Cal. Jan. 21, 2020) (Hon. J. Walter) (holding plaintiff abandoned Unruh Civil Rights

10  Act claim by failing to address it in his summary judgment briefs); *Ratha v.*

11  *Phatthana Seafood Co., Ltd.*, 2017 WL 8293174, at *3 n.3 (C.D. Cal. Dec. 21,

12  2017) (Hon. J. Walter) ("To the extent Plaintiffs have not otherwise addressed these

13  issues [in opposition to defendants' summary judgment motion], the Court

14  concludes that they have been conceded.").

15      In *Ames v. County of San Bernardino*, 2020 WL 5875012 (C.D. Cal. July 30,

16  2020), the plaintiff asserted several alternative theories of liability under *Monell*

17  against a county defendant, including failure to train, ratification, and custom and

18  practice.  *Id.* at *8.  The county moved for summary judgment on all theories of

19  *Monell* liability, yet the plaintiff's opposition did "not attempt to defend any

20  ratification theory, and d[id] not discuss failure to train."  *Id.*  Although the court

21  denied full summary judgment on the *Monell* claims, it nonetheless "consider[ed]

22  those theories waived" that plaintiff failed to address in her briefs.  *Id.*

23      Similarly, in *Perkins v. City of Anaheim*, 2021 WL 3598730, at *15 (C.D.

24  Cal. Apr. 26, 2021), the Court held that the "Plaintiffs have abandoned these

25  [*Monell*] claims" where they "have not provided evidence of any unconstitutional

26  City custom or policy [and] in their briefing, Plaintiffs do not attempt to address

27  Defendants' *Monell* argument."

28      In *Williams v. County of San Diego*, 523 F. Supp. 3d 1183, 1198 (S.D. Cal.

1   2021), the district court held that plaintiffs had abandoned their *Monell* claim

2   against the county because plaintiffs did "not substantively oppose the County's

3   motion [for summary judgment] on this ground." Plaintiffs' decision not to address

4   the *Monell* theory "was likely a strategic one" because the evidence "undermined

5   their claim." *Id.* at n. 18 (noting "the *Monell* claim would fail as the Policy could

6   not have been the driving force behind the constitutional violation"). The court held

7   plaintiffs abandoned their *Monell* claims because they had a "'full and fair

8   opportunity to ventilate' their arguments and chose not to." *Id.* at 1198-99.[2]

9         Plaintiff argues that it is "well-established" that a party need not raise on

10   summary judgment every argument it intends to advance at trial. (ECF 201 at 8.)

11   Notably, Plaintiff does not cite a single case from this District or this Circuit in

12   support of his argument. *None* of the cases cited deal with whether a plaintiff

13   abandoned theories of liability in a *Monell* claim by failing to address the arguments

14   raised in a defendant's motion for summary judgment. None of Plaintiff's cases

15   even address Section 1983 claims, let alone *Monell* claims. *See U.S. Bank Nat'l*

16   *Ass'n v. PHL Variable Ins. Co.*, 2015 WL 4610894 (S.D.N.Y. July 30, 2015)

17   (breach of contract); *Long v. Howard Univ.*, 550 F.3d 21 (D.C. Cir. 2008)

18   (employment discrimination); *Bequeath v. L.B. Foster Co.*, 367 F. Supp. 2d 779

19   (W.D. Pa. 2005) (same); *Armbruster v. Unisys Corp.*, 32 F.3d 768 (3d Cir. 1994)

20   (same).

21         Plaintiff's cited cases are inapposite. *U.S. Bank* and *Howard Univ.* concerned

22   whether a party could raise arguments or claims at trial that *were not raised by the*

23

24   _____

   [2] *See also Vincent v. Reyes*, 2020 WL 5893395, at *5 (N.D. Cal. Oct. 5, 2020)

25   ("[T]he court cannot overlook the fact that nowhere else in his Response has

26   Plaintiff ventured to offer any argument or evidence in opposition to Defendants'

   motion for summary judgment as to the *Monell* claim, accordingly, the court is left

27   with no choice but to find that Plaintiff's failure in this regard amounts to an

28   abandonment of that claim . . . .").

1  *moving party at summary judgment.  See U.S. Bank, 2015 WL 4610894, at \*2;*

2  *Howard Univ., 550 F.3d at 24.*  Here, in contrast, Plaintiff failed to respond to

3  Defendants' discussion of two of her *Monell* claims in their moving papers.

4       *U.S. Bank* dealt with a new breach of contract theory that the plaintiff asserted

5  for the first time *after* the ruling on summary judgment.  2015 WL 4610894, at \*2.

6  The court held the plaintiff was not precluded from asserting the argument at trial

7  because the complaint could be fairly read to encompass the theory and a "party

8  need not plead breach of contract claims with particularity."  *Id.*  In other words, a

9  list of express breaches in a complaint is "non-exclusive."  *Id.*

10      In *Howard Univ.*, the plaintiff appealed a jury's finding that his

11 discrimination claim was barred by the statute of limitations, arguing the defendant

12 had waived the defense "by failing to raise it in opposition to [plaintiff]'s motion for

13 partial summary judgment."  550 F.3d at 24.  There, however, neither party raised

14 the statute of limitations at summary judgment.  .  *See Long v. Howard Univ., 439 F.*

15 *Supp. 2d 68, 80 (D.D.C. 2006).*  Thus, the court held that "[a]t no time after the

16 answer did the [defendant] affirmatively waive the statute of limitations defense;

17 rather, it continued to assert the defense."  *Howard Univ., 550 F.3d at 24.*[3]

18      *Bequeath* and *Armbruster* are age discrimination cases where the courts

19 grappled with whether to apply a pretext claim analysis or a mixed-motives analysis.

20 *Bequeath, 367 F. Supp. 2d at 784-87, 785 n.4; Armbruster, 32 F.3d at 771-72.*  As

21 both of these cases acknowledge, discrimination claims are unique in that the

22 plaintiff does not have to elect to proceed under a specific theory—it is up to the

23 district court to determine that issue prior to instructing the jury.  *Bequeath, 367 F.*

24

_____

25 [3] In the Ninth Circuit, a defendant abandons an affirmative defense if it fails to raise

26 it in opposition to a motion for summary judgment.  *In re Commercial Acceptance*

   *Corp., 5 F.3d 535, at \*3 (9th Cir. 1993).*  This rule is consistent with the

27 abandonment law governing Plaintiff's two *Monell* thoeries that she elected not to

28 defend on summary judgment.

13

Supp. 2d at 787 n.5; *Armbruster*, 32 F.3d at 781 n.17.  Unlike discrimination claims, *Monell* claims arise under distinct theories—such as failure to train and a custom or pattern of practice.  Plaintiff's cited cases do not govern the analysis here.

### B.   Plaintiff Abandoned His Custom Or Pattern Of Practice Claim

#### 1.   Plaintiff Had the Opportunity to and Chose Not to Address This Theory on Summary Judgment

A *Monell* claim based on a failure to train and a *Monell* claim based on a custom or pattern of practice are distinct claims.  *See 9th Cir. Model Civ. Jury Instrs.* 9.5 (Section 1983 Claim Against Local Governing Body Defendants Based on Official Policy, Practice, or Custom—Elements and Burden of Proof), 9.8 (Section 1983 Claim Against Local Governing Body Defendants Based on Policy of Failure to Train—Elements and Burden of Proof); CACI No. 3001 (Local Government Liability—Policy or Custom—Essential Factual Elements); CACI No. 3003 (Local Government Liability—Failure to Train—Essential Factual Elements); CACI No. VF-3001 (Public Entity Liability); CACI No. VF-3002 (Public Entity Liability—Failure to Train).  In fact, Plaintiff concedes in his supplemental brief that there are separate model jury instructions and verdict forms for each claim.  (*See id*; (ECF No. 201 at 5).

Despite pleading multiple *Monell* claims in the FAC, Plaintiff failed to address his *Monell* claim based on a custom or pattern of practice in his Opposition. There was no substantive discussion of this claim.  He did not cite the legal standard or discuss evidence underlying that claim.  (*See* ECF 116 at 15-20.)

To obscure these omissions, Plaintiff points to a few lines in his Opposition and in the separate statement of undisputed facts to argue that he offered evidence of a custom or practice.  (ECF 201 at 15-16.)  But as Plaintiff admits in his supplemental brief, his Opposition was "focused on the relevance of that evidence to Defendants' deliberate indifference to *their failure to train or implement policy*." (*Id*. (emphasis added).)  Just because Plaintiff now argues (for the first time) that the

"same evidence also shows a custom or practice" does not mean that he made that argument in his Opposition.  (*Id.*)  He did not.  It's too late now.

Plaintiff is grasping at stray references in his papers, but they are insufficient to preserve his distinct *Monell* claim.  *See Recycle for Change v. City of Oakland*, 856 F.3d 666, 673 (9th Cir. 2017) (party "waived [an] argument because it never raised it in its briefs, other than in a terse one-sentence footnote"); *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) ("[A] bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review.").

Plaintiff had the opportunity to oppose every argument made by Defendants on summary judgment, but made a strategic decision not to.  She almost certainly made that decision because she had no evidence of a widespread custom or pattern of practice.  To establish a custom or practice of unnecessarily taking and sharing death images, Plaintiff is required to show that it is "so persistent and widespread as to practically have the force of law."  *Connick v. Thompson*, 563 U.S. 51, 61 (2011). "[I]solated or sporadic incidents" will not support *Monell* liability against local government.  *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

The only "evidence" Plaintiff has is a public comment by Sheriff Villanueva taken out of context and, in any event, not specific to LASD or LACFD.  (ECF 201 at 2-3.)  Plaintiff knows that is not enough to impose liability.  Having made the decision to not oppose summary judgment, Plaintiff abandoned his claim.  *See Williams*, 523 F. Supp. 3d at 1198-99.

## 2. The Court's Summary Judgment Ruling Does Not Give Plaintiff a Second Bite at the Apple

Plaintiff argues that the rule of abandonment is different when summary judgment is granted as opposed to when it is denied, as it was here.  (ECF 201 at 11-13.)  But Plaintiff does not cite any authority that supports this argument.

In fact, cases in the Ninth Circuit have held the plaintiff abandoned claims that were not addressed in the opposition papers, even though summary judgment

was denied.  *See, e.g.*, *Ramirez*, 560 F.3d at 1026 (reversing grant of summary judgment but holding that plaintiff waived Section 1983 claim by not addressing it in his summary judgment papers); *Williams*, 523 F. Supp. 3d at 1198-99 (denying summary judgment but holding that plaintiffs had abandoned *Monell* claims); *Ames*, 2020 WL 5875012, at *8-9 (denying summary judgment on certain *Monell* theories, but holding that plaintiff abandoned the *Monell* theories she failed to address in opposition to defendant's motion for full summary judgment).

In *Cobarrubia v. Edwards*, 2021 WL 4846948, at *1 (N.D. Cal. June 4, 2021), the court granted in part and denied in part defendants' motion for summary judgment in a case involving Section 1983 claims against police deputies under multiple alternative theories of liability.  In its order, the court held plaintiff had "waived the argument" that a particular defendant's use of force was excessive because she "did not address Defendants' argument" that the force was reasonable.  *Id.*  "In other words, by offering no response to Defendant's arguments for dismissing the portion of the § 1983 claim pertaining to the distraction blows, *Plaintiff abandoned that portion of her claim*."  *Id.* at *3 (emphasis added).

When the plaintiff in *Cobarrubia* moved for reconsideration of the waiver ruling, the court denied the motion.  2021 WL 4846948, at *4.  Despite the fact that the court had denied portions of defendants' motion for summary judgment, it confirmed that plaintiff had abandoned her excessive force claim, reasoning that "Defendants devoted an entire page of their motion (along with a distinctive heading) to this argument, so the Court cannot fathom why Plaintiff did not address the argument in her opposition if she did not intend to waive it.  Instead, Plaintiff focused entirely on [a separate theory], thereby abandoning her claim that the punches were an unreasonable use of force."  *Id.* at *2.

Here, as in *Cobarrubia*, Defendants detailed why summary judgment should be granted on all three of Plaintiff's *Monell* claims.  (ECF 88-1 at 18-26.)  Plaintiff ignored all but one of the *Monell* claims in his Opposition.  (*See* ECF 116 at 15-20.)

Plaintiff argues that this "distinction has been recognized by the courts" but relies on a single case that is nothing like this case.  (ECF 201 at 12-13.)  In *Daingerfield Island Protective Soc'y v. Babbitt*, 40 F.3d 442, 444 (D.C. Cir. 1994), the defendant moved for summary judgment asserting the plaintiff's claim was barred by laches.  The motion was granted, and the plaintiff appealed.  *Id*.  The appellate court reversed.  *Id*.  On remand, the district court again granted summary judgment, but this time it held the plaintiff's claim was barred by the statute of limitations.  *Id*.  The plaintiff appealed again.  *Id*.  The court found that the affirmative defense of statute of limitations had not been abandoned before the first appeal because the defendant had raised the defense in its answer.  *Id*. at 445.

*Babbitt* was not about a party failing to respond to an argument made on summary judgment.  There, the parties extensively briefed the statute of limitations defense during the second round of summary judgment.  *See Babbitt*, 40 F.3d at 444 (citing *Daingerfield Island Protective Soc'y v. Lujan*, 797 F. Supp. 25 (D.D.C. 1992)).  Moreover, the defendant in *Babbitt* moved for summary judgment on a *defense*, not on the plaintiff's claim.  A defendant need not prove every possible affirmative defense to defeat a complaint on summary judgment.

Here, in contrast, Defendants moved for summary judgment on all of *Plaintiff's Monell* theories, not the defenses.  Under Ninth Circuit law, he had to oppose each theory that Defendants were moving on to avoid abandonment.  He failed to do so and thus abandoned the theories that he did not oppose.

Finally, Plaintiff argues "Rule 56 contemplates no limitation on the arguments that the parties may advance at trial."  (ECF 201 at 11.)  Rule 56(e) does not offer the salvation Plaintiff seeks here.  Rule 56(e), entitled "Failing to Properly Support or Address a *Fact*," merely states that the court may consider "a fact as undisputed for purposes of the motion" if the responding party on summary judgment "fails to properly support *an assertion of fact* or fails to properly address another party's *assertion of fact*."  Fed. R. Civ. P. 56(e) and advisory committee's note to 2010

amendment (emphases added).

Rule 56(e) does not address this situation—where the plaintiff failed to address the defendant's *substantive arguments* about the legal merits of particular claims and theories.  The Ninth Circuit has made clear that Rule 56(e) is limited to the court's discretion to treat unopposed facts as undisputed for purposes of summary judgment.  *See, e.g., Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013).  In other words, Rule 56 is a summary judgment rule, not a trial rule.  *Id.* Rule 56(e) does not apply here.

### C.   Plaintiff Abandoned His Failure To Investigate/Discipline Claim

Plaintiff also abandoned his *Monell* claim based on a failure to investigate or discipline.  In his supplemental brief, Plaintiff does not even contest this.  Rather, in an attempt to revive it in a roundabout way, Plaintiff now claims that evidence regarding the County's investigation or discipline of its employees is evidence of his abandoned custom or practice *Monell* claim.  (ECF 201 at 14-15.)  That does not work.

Plaintiff also contends the investigation or discipline could show a deliberate indifference to a need to train or implement a policy regarding the taking and sharing of death photos.  (ECF 201 at 15.)  Plaintiff is using a supplemental brief focused on his abandonment of claims to reargue Defendants' *in limine* motion about the irrelevant investigation and discipline evidence.  Again, no law supports his arguments.

### 1.   Evidence on an Abandoned Claim Is Not Admissible

Courts keep the evidence at trial tethered to the viable claims by excluding evidence related to claims the plaintiff abandoned.  For example, in *Pinson v. Prieto*, 2016 WL 11519338 (C.D. Cal. Oct. 6, 2016), a personal injury case, the court limited plaintiff's expert testimony solely to her *physical* injuries after the plaintiff abandoned her claims of PTSD and emotional distress.  *Id.* at *12.  This is because such evidence is irrelevant and immaterial.  *See Jones v. Spentonbush-Red*

1   *Star Co.*, 155 F.3d 587, 593 (2d Cir. 1998) ("[E]vidence offered to prove a matter

2   not at issue is immaterial."); *Wyatt Tech. Corp. v. Malvern Instruments, Inc.*, 2010

3   WL 11505684, at *13 (C.D. Cal. Jan. 25, 2010) (granting motion *in limine*

4   precluding evidence about categories of trade secrets that no longer remained in the

5   case after summary judgment), *aff'd in part*, 526 F. App'x 761 (9th Cir. 2013).

6          Plaintiff's attempt to admit evidence related to his abandoned failure to

7   investigate/discipline claim would needlessly expand and prolong the trial.

8   Plaintiff's evidence of Defendants' purported failure to adequately investigate or

9   discipline their employees consists of over 100 exhibits and would require numerous

10  witnesses who would otherwise not be needed at trial.  (*See* ECF 198 at 3-5.)

11  Admitting this evidence would add multiple weeks to a trial that Defendants

12  estimate will already take at least three weeks.

13         Plaintiff argues he is "free to present evidence on this claim at trial and is not

14  limited to evidence that was presented in the summary judgment record," but none

15  of his cited out-of-Circuit cases support this argument.  (ECF 201 at 15.)  The cases

16  do not involve a scenario where a party has waived its claims by failing to address

17  them on summary judgment.  Indeed, none of the cases even address *Monell*

18  claims.[4]

19  _____

20  [4] *See* *Beem v. Providence Health & Servs.*, 2011 WL 13228199, at *1-2 (E.D. Wash.
    Dec. 12, 2011) (whether court's factual findings in order denying summary

21  judgment warranted reconsideration in disability discrimination case); *United
    Incentives, Inc. v. Sea Gull Lighting Prods., Inc.*, 1993 WL 147266, at *1 (E.D. Pa.

22  May 9, 1993) (whether court should consider new evidence submitted by defendant

23  in motion for reconsideration of denial of plaintiff's summary judgment motion in
    contract case); *Reefer & Gen. Shipping Co., Inc. v. Great White Fleet, Ltd.*, 1995

24  WL 575290, at *5 (S.D.N.Y. Sept. 28, 1995) (addressing law of the case doctrine in

25  maritime law case where plaintiff moved to strike affirmative defenses after court
    denied defendant's motion for summary judgment, holding that the court's

26  statements relied on by plaintiff were mere dictum); *Kutner Buick, Inc. v. Am.
    Motors Corp.*, 868 F.2d 614, 619 (3d Cir. 1989) (holding court improperly

27  dismissed breach of contract claim after jury deadlocked and court declared mistrial,

28

## 2.   The Evidence Does Not Show a Custom or Practice

To succeed on a *Monell* claim through a longstanding custom or practice, Plaintiff must establish that the Entity Defendants' custom or practice of "unnecessarily taking and sharing death photos" (SAC ¶ 36) is "so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 61; *Wettstein v. County of Riverside*, 2020 WL 2199005, at *4 (C.D. Cal. Jan. 22, 2020). "[I]solated or sporadic incidents" will not support *Monell* liability against local government. *Trevino*, 99 F.3d at 918 (affirming summary judgment where undisputed evidence did not establish "persistent and widespread" practice that constituted "permanent and well settled" city policy (citation omitted)).

Here, Plaintiff alleges that Defendants failed to investigate and discipline employees who engaged in misconduct and instead offered them "amnesty" in attempts to cover up the misconduct.  (ECF 201 at 2.)  Plaintiffs argues this shows "an affirmative policy in the form of custom or practice."  (*Id*.)

First, Plaintiff's argument that there was a failure to investigate or discipline is belied by the evidence.  It is undisputed that the Internal Affairs Bureau conducted a comprehensive investigation that included interviews of 41 witnesses and a 1,140-page report.  (ECF 88-1 at 14.)  LASD Deputy Cruz was suspended as a result of the investigation.  (*Id*.)  LACFD hired an outside investigator to investigate the claims of potential photo sharing, and LACFD employees were disciplined.  (*Id*. at 15.)  Plaintiff may disagree with how Defendants exercised their authority to investigate and discipline employees, but it is undisputed that this was done.

Second, there is no basis to conclude there was a *custom or practice* of taking

---

addressing plaintiff's request that "a binding instruction on the existence of a contract" be given the jury on remand); *Holley v. Northrop Worldwide Aircraft Servs., Inc.*, 835 F.2d 1375, 1377-78 (11th Cir. 1988)(holding defendant could not appeal denial of summary judgment in employment retaliation case after full trial on the merits).

1   and sharing death images based on a purported failure to adequately investigate or

2   discipline.  Nothing like this had ever happened before.  As such, the voluminous

3   evidence about the post-incident investigation and discipline cannot support *Monell*

4   liability under a practice or custom theory.  Plaintiff's claim comes down to a

5   disagreement with how Defendants exercised their discretionary authority to

6   investigate and discipline its employees.  That is not enough.

7       The cases Plaintiff uses to support his attempt to drag these irrelevant issues

8   into the trial do not support his argument.  In *Henry v. County of Shasta*, 132 F.3d

9   512 (9th Cir. 1997), plaintiff was stopped by highway patrol officers for a broken

10  tail light; and when he refused to sign the ticket and lawfully demanded an

11  appearance before a magistrate, he was ignored and placed naked in a "safety cell"

12  covered in dry urine for nearly 10 hours.  *Id*. at 514-17.  He was repeatedly denied

13  basic rights.  Plaintiff sued the municipal defendant for liability under Section

14  1983.  *Id*. at 517.  On summary judgment, plaintiff submitted declarations by two

15  individuals who were arrested and subjected to virtually identical treatment after

16  they were stopped for minor traffic violations.  *Id*. at 518.  The court found that

17  these declarations were probative to prove the existence of the municipal

18  defendant's custom or practice.  *Id*. at 519.

19      Buried in footnotes 2-4 in his supplement brief, Plaintiff cites 11 other cases

20  in support of his claim that a failure to investigate or discipline is admissible

21  evidence to support his abandoned claim.  But, again, each of these cases dealt with

22  situations where there was admissible evidence of widespread or repeated

23  constitutional violations to support a claim for a custom or pattern of practice—that

24  is not the case here.  *See*, *e.g.*, *Rodriguez v. County of Los Angeles*, 891 F.3d 776,

25  789-90 (9th Cir. 2018) (excessive force case where evidence showed officials failed

26  to investigate 100 use-of-force allegations); *Berg v. County of Los Angeles*, 2021

27  WL 4691154, at *13 (C.D. Cal. May 28, 2021) (excessive force case involving "five

28  uses of excessive force in one month, for which no officers were disciplined").

This case involves both a shocking accident involving a world-renowned celebrity in unique circumstances and unprecedented allegations regarding officer conduct.  In contrast, Plaintiff cites cases where there was evidence that the defendants were aware of, and had failed to address, numerous other complaints or incidents that were *closely similar to the current lawsuit*.  In those cases, the defendants' failure to address prior incidents was probative of a custom or practice regarding the alleged wrongdoing.  That is simply not the case here.

### 3.   The Evidence Does Not Show a Failure to Train

A *Monell* claim based on failure to train requires evidence of a "pattern of similar constitutional violations by untrained employees." *Flores v. County of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014) (citation omitted) (granting motion to dismiss failure to train claim).  The pattern of similar conduct is what puts an entity on notice of the need to provide training.  *Marsh v. County of San Diego*, 680 F.3d 1148, 1159 (9th Cir. 2012).

A *Monell* claim under a training theory exists "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989); *Connick*, 563 U.S. at 61 ("A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train.").

Deliberate indifference "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick*, 563 U.S. at 61 (citation omitted).  There must be evidence of a "deliberate" or "conscious" choice by a municipality to ignore the consequences of not adequately training its employees, and the municipality must have made that conscious choice even though the risk of constitutional violations was "obvious." *Canton*, 489 U.S. at 389-90.

Plaintiff conflates that Defendants' alleged failure to investigate or discipline with the "agency's deliberate indifference to the violations that it failed to stop

through training or implementation of policies." (ECF 201 at 5.)  But this was an unprecedented incident.  There has never before been a similar complaint about an LASD or LACFD employee sharing photos of victim remains.  If something has never happened before, it cannot be an "obvious" problem that Defendants consciously chose to ignore.

In *Conn v. City of Reno*, 591 F.3d 1081, 1093-94 (9th Cir. 2010), the surviving children of an inmate who had committed suicide while in custody brought a *Monell* claim against the City of Reno for its purported failure to train its officers and implement policies on suicide prevention and reporting.  While the court affirmed a grant of summary judgment on the ground that evidence of a failure to discipline can tend to establish the absence of a failure to enforce a policy, the court specifically noted that it would not be "commenting on the admissibility of the particular evidence regarding the two officers." *Id*. at 1105.  The evidence admitted in that case showed that an officer encountered between 500 to 1,000 people threatening to kill themselves during his career. *Id*. at 1103.  The frequency of the issue comes nowhere close to the facts of the unprecedented incident here.

Plaintiff abandoned his *Monell* claim based on the failure to investigate or discipline theory.  This evidence does not support his failure to train claim, which is the only *Monell* theory he attempted to defend on summary judgment.

## IV.   CONCLUSION

Defendants respectfully request that the Court find that Plaintiff has abandoned or waived his *Monell* theories based on a custom or pattern of practice and failure to investigate or discipline.

1 | DATED:  February 28, 2022        Respectfully Submitted,

2                                                 OFFICE OF THE COUNTY COUNSEL

3

4

5                                                 By: _____/s/ Jonathan C. McCaverty_____

6                                                         JONATHAN C. McCAVERTY
                                                         Attorneys for Defendant
7                                                         LOS ANGELES COUNTY SHERIFF'S
                                                         DEPARTMENT
8

9 | DATED:  February 28, 2022        Respectfully Submitted,

10                                               MILLER BARONDESS, LLP

11

12

13                                               By: _____/s/ Louis R. Miller_____

14                                                       LOUIS R. MILLER
                                                         Attorneys for Defendants
15                                                       COUNTY OF LOS ANGELES, LOS
                                                         ANGELES COUNTY FIRE
16                                                       DEPARTMENT, JOEY CRUZ, RAFAEL
                                                         MEJIA, MICHAEL RUSSELL, RAUL
17                                                       VERSALES, ARLIN KAHAN, and
                                                         TONY IMBRENDA
18

19

20

21

22

23

24

25

26

27

28