1  JONATHAN C. McCAVERTY (State Bar No. 210922)
   Principal Deputy County Counsel
2  jmccaverty@counsel.lacounty.gov
3  OFFICE OF COUNTY COUNSEL
   500 West Temple Street, Suite 468
4  Los Angeles, California 90012
   Telephone:  (213) 974-1828
5  Facsimile:   (213) 626-7446

6  Attorneys for Defendant
7  LOS ANGELES COUNTY SHERIFF'S DEPARTMENT

8  [*Additional counsel continued on following page.*]

9
                 UNITED STATES DISTRICT COURT
10
        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
11

12

13  CHRISTOPHER L. CHESTER,          CASE NO. 2:20-cv-10844-JFW-E

14           Plaintiff,              UPDATED AND AMENDED JOINT
                                     MEMORANDUM REGARDING
15      v.                           THE PARTIES' PROPOSED
                                     VERDICT FORMS
16  COUNTY OF LOS ANGELES, et al.,

17           Defendants.

18                                   Assigned to Hon. John F. Walter and
                                     Magistrate Judge Charles F. Eick
19
                                     Pretrial Conference:
20                                          July 8, 2022 at 8:00 a.m.

21                                   Hearing on Motions *in Limine*:
                                            July 15, 2022 at 8:00 a.m.
22
                                     Trial Date: July 26, 2022
23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

568762.3

1  [*Additional counsel, continued from previous page.*]

2  LOUIS R. MILLER (State Bar No. 54141)
3  smiller@millerbarondess.com
   MIRA HASHMALL (State Bar No. 216842)
4  JASON H. TOKORO (State Bar No. 252345)
   CASEY B. SYPEK (State Bar No. 291214)
5  MILLER BARONDESS, LLP
6  1999 Avenue of the Stars, Suite 1000
   Los Angeles, California 90067
7  Telephone:   (310) 552-4400
   Facsimile:   (310) 552-8400
8
9  Attorneys for Defendants
   COUNTY OF LOS ANGELES, LOS ANGELES COUNTY FIRE
10 DEPARTMENT, JOEY CRUZ, RAFAEL MEJIA, MICHAEL RUSSELL, RAUL
   VERSALES, ARLIN KAHAN and TONY IMBRENDA
11
12 JEROME M. JACKSON (State Bar No. 64238)
   jmjlaw@aol.com
13 880 Apollo St., Suite 238
14 El Segundo, California 90245
   Telephone:  (310) 726-4199
15
16 Attorney for Plaintiff
   CHRISTOPHER CHESTER
17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

I.      ARGUMENT ................................................................................................. 8

        A.      PLAINTIFF'S POSITION ............................................................... 8

                1.      A General Verdict Form Is Better Suited to This Case ............... 9

                2.      Defendants' Forms Improperly Ask the Jury to Make
                        Findings on the Legal Question of Standing ............................. 10

                3.      Defendants' Forms Provide Insufficient Guidance to
                        Jurors Regarding the Relationship Between Damages
                        Across Claims and Defendants, Risking Confusion and
                        Duplicative Damages ................................................................. 10

                4.      Defendants' Forms for Section 1983 Misstate the Law and
                        Omit Viable Theories of Liability ............................................. 18

                5.      Defendants' Forms for Negligence Use Confusing Jargon
                        and Improperly Ask the Jury to Make Findings of Law ........... 23

                6.      Defendants' Forms for Privacy Conflate Separate Theories
                        of Liability ................................................................................. 24

        B.      DEFENDANTS' POSITION ........................................................... 26

                1.      A General Verdict Form Is Not Appropriate In This Case ........ 27

                2.      The Jury Should Decide Standing If Not Determined By
                        The Court ................................................................................... 30

                3.      Defendants' Forms Provide Clear Instructions on
                        Damages ..................................................................................... 30

                4.      Defendants' Section 1983 Forms Are Proper and Accurate ...... 37

                5.      Defendants' Negligence Forms Are Clear and Consistent
                        With Governing Law .................................................................. 45

                6.      Defendants' Privacy Forms Are Consistent With The
                        Evidence To Be Offered By Plaintiffs ....................................... 47

II.     PLAINTIFF'S PROPOSED GENERAL VERDICT FORMS ............. 49

III.    PLAINTIFF'S ALTERNATIVE PROPOSED SPECIAL
        VERDICT FORMS ...................................................................................... 78

IV.     DEFENDANTS' PROPOSED SPECIAL VERDICT FORMS .................. 102

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

JOINT MEMORANDUM REGARDING THE PARTIES' PROPOSED VERDICT FORMS

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Arnold v. Int'l Business Machines Corp.*,
637 F.2d 1350 (9th Cir. 1981).................................................................34

*Bone v. Refco, Inc.*,
774 F.2d 235 (8th Cir. 1985)............................................................21, 22

*Bryan v. Cargill, Inc.*,
723 F.2d 1202 (5th Cir. 1984)..................................................................9

*Bryant v. Cnty. of Los Angeles*,
2020 WL 8024857, at *7 (C.D. Cal. Dec. 28, 2020) ...............................16

*Cancellier v. Federated Dep't Stores*,
672 F.2d 1312 (9th Cir. 1982).................................................................21

*Chlopek v. Fed. Ins. Co.*,
499 F.3d 692 (7th Cir. 2007)....................................................................8

*Chron. Pub. Co. v. Legrand*,
1992 WL 420808, at *3, *5 (N.D. Cal. Sept. 3, 1992) .............................28

*Connick v. Thompson*,
563 U.S. 51 (2011) ...................................................................................31

*DDB Techs.. L.L.C. v. MLB Advanced Media, L.P.*,
517 F.3d 1284 (Fed. Cir. 2008)................................................................10

*Flores v. County of Los Angeles*,
758 F.3d 1154 (9th Cir. 2014).................................................................32

*Fund of Funds. Ltd. v. Arthur Andersen & Co.*.,
545 F. Supp. 1314, 1371–72 (S.D.N.Y. 1982)...........................................9

*GSI Tech., Inc. v. United Memories, Inc.*,
2016 WL 3035698, at *2 (N.D. Cal. May 26, 2016) ...............................23

*Harper v. City of Los Angeles*,
533 F.3d 1010 (9th Cir. 2008)................................................................34

*Mangold v. Cal. Pub. Utils. Comm'n*,
67 F.3d 1470 (9th Cir. 1995)....................................................................9

*Marsh v. County of San Diego*,
680 F.3d 1148 (9th Cir. 2012),................................................................29

*Mateyko v. Felix*,
924 F.2d 824 (9th Cir. 1990)...................................................................21

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

JOINT MEMORANDUM REGARDING THE PARTIES' PROPOSED VERDICT FORMS

*McClain v. SBC Sheriff's Dep't,*
No. ED CV 17-01178-CJC (PLA), 2018 WL 3105248 (C.D. Cal. June 21, 2018).................................................................................................31

*McCord v. Maguire,*
873 F.2d 1271 (9th Cir.)....................................................................22

*Molina v. J.C. Penney Co.,* Inc.,
2015 WL 183899, at *3 (N.D. Cal. Jan. 15, 2015) .........................27

*Monell v. Department of Soc. Svcs.,*
436 U.S. 658 (1978)....................................................................20, 32

*Nat'l Archives & Recs. Admin. v. Favish,*
541 U.S. 157 (2004) ..........................................................................18

*Nayab v. Capital One Bank (USA), N.A.,*
942 F.3d 480 (9th Cir. 2019).............................................................18

*Ojeda-Rodriguez v. Zayas,*
666 F. Supp. 2d 240 (D.P.R. 2009) ..................................................24

*Panoyan v. Regalo Int'l LLC,*
2019 WL 8758897, at *3 (C.D. Cal. Oct. 25, 2019) ........................27

*Shakur v. Schriro,*
514 F.3d 878 (9th Cir. 2008).............................................................30

*Simms v. Vill. of Albion, N.Y.,*
115 F.3d 1098 (2d Cir. 1997)............................................................21

*State Farm Mut. Auto. Ins. Co. v. Campbell,*
538 U.S. 408 (2003) ..........................................................................24

*Steffens v. Regus Grp., PLC,*
2013 WL 4499112, at *7 (S.D. Cal. Aug. 19, 2013) ..........................9

*United States v. McCaleb,*
552 F.3d 1053 (9th Cir. 2009)..............................................................8

*United States v. Ramirez,*
537 F.3d 1075 (9th Cir. 2008)..............................................................8

*United States v. Valencia-Trujillo,*
573 F.3d 1171 (11th Cir. 2009)..........................................................10

*Viasphere Int'l, Inc. v. Vardanyan,*
2017 WL 1065191, at *4-6 (N.D. Cal. Mar. 21, 2017)......................28

*Wettstein v. County of Riverside,*
2020 WL 2199005, at *4 (C.D. Cal. Jan. 22, 2020)..........................31

*Wroth v. City of Rohnert Park,*
2019 WL 8333513, at *6 (N.D. Cal. Dec. 3, 2019) ...............15, 34, 35

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

**STATE CASES**

*Catsouras v. Dep't of Cal. Highway Patrol*,
    181 Cal. App. 4th 856 (2010) ............................................................. 16, 37, 38

*Christensen v. Super. Ct.*,
    54 Cal. 3d 868 (1991) ................................................................................ 16

*Flynn v. Higham*,
    149 Cal. App. 3d 677 (1983) ..................................................................... 37

*Ky. Fried Chicken of Cal., Inc. v. Super. Ct.*,
    14 Cal. 4th 814 (1997) .............................................................................. 16

*Miklosy v. Regents of Univ. of Cal.*,
    44 Cal. 4th 876 (2008) ......................................................................... 24, 26

*People v. Ochoa*,
    19 Cal. 4th 353 (1998) ................................................................................ 9

*Roby v. McKesson Corp.*,
    47 Cal. 4th 686 (2009) ......................................................................... 11, 23

*Sanders v. Am. Broad. Co.*,
    20 Cal.4th 907 (1999) ............................................................................... 18

*Singh v. Southland Stone, U.S.A., Inc.*,
    186 Cal. App. 4th 338 (2010) ............................................................. 11, 23

*Soto v. BorgWarner Morse TEC Inc.*,
    239 Cal. App. 4th 165 (2015) ................................................................... 28

*Zhang v. Am. Gem Seafoods, Inc.*,
    339 F.3d 1020 (9th Cir. 2003) ............................................................... 8, 20


**FEDERAL STATUTES**

Fed. R. Civ. Proc. 49(a) ................................................................................ 20


**STATE STATUTES**

Cal. Civ. Code § 1708.8(a) ........................................................................... 37

Cal. Civ. Code § 3294(a) .............................................................................. 27

Cal. Gov't Code § 815.2 ........................................................................... 25, 36

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

# OTHER AUTHORITIES

Restatement (Second) of Torts § 652B cmt.................................................................18

Restatement (Second) of Torts § 652B, illus. 1, 7...................................................18

Miller Barondess, llp
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

The parties in the above-entitled action, by and through their respective counsel, respectfully submit this Joint Memorandum Regarding the Parties' Proposed Verdict Forms.  Pursuant to Section 6(f)(ii) of the Court's Amended Scheduling and Case Management Order (ECF No. 62), the parties submit their respective proposed verdict forms and special interrogatories below, along with their respective positions.

# I.
## ARGUMENT

### A.   PLAINTIFF'S POSITION

Plaintiff Christopher Chester proposes general verdict forms that straightforwardly facilitate the jury's delivery of a verdict.[1]  The jury will be adequately instructed on the law, including the elements of each claim, and it is unnecessary to add complexity and potential confusion by restating and rewording the elements of each claim in the verdict forms.

Defendants propose special verdict forms.  Not only are Defendants' forms overly complex and confusing, but they also misstate what the jury needs to find.  If the jury is asked to answer special interrogatories, the questions must be consistent with the jury instructions and the law because "[v]erdict forms are, in essence, instructions to the jury."  *United States v. Ramirez*, 537 F.3d 1075, 1083 (9th Cir. 2008).  Inconsistency is grounds for reversal.  *See United States v. McCaleb*, 552 F.3d 1053, 1057–58 (9th Cir. 2009) ("Coercion can occur when . . . a special verdict form 'reformulate[s] the elements'" at issue); *Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 701 (7th Cir. 2007) ("[A]mbiguous, biased, misleading, or confusing questions [on a verdict form] may warrant reversal.").

---

[1] A general verdict is one in which the "jury announces only the prevailing party on a particular claim," along with damages.  *Zhang v. Am. Gem Seafoods Inc.*, 339 F.3d 1020, 1031 (9th Cir. 2003).  There can be a general verdict "as to each claim, and each party."  *Id.*  A special verdict returns only findings on each issue of fact, leaving it to the Court to determine the ultimate result.  *Id.*

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1       Accordingly, if the Court is inclined to use a special verdict form, Plaintiff

2  proposes alternative special verdict forms that avoid the many defects in

3  Defendants' forms.  These defects are addressed in turn below.

4            **1.**     **A General Verdict Form Is Better Suited to This Case**

5       A general verdict form is sufficient and appropriate in this case.  "No party is

6  entitled to a special verdict on each of the multi-faceted, multitudinous issues

7  essential to the resolution of a given case." *Bryan v. Cargill, Inc.*, 723 F.2d 1202,

8  1204 (5th Cir. 1984) ("There is no basis for [appellant's] argument that because an

9  issue is important to the outcome of a case, the jury must be instructed to supply a

10  specific answer informing the court how they resolved that one issue.") (citations

11  omitted).  Where the jury is properly informed by the jury instructions, it is

12  unnecessary to recite claim elements in the verdict form.  *See Mangold v. Cal. Pub.*

13  *Utils. Comm'n*, 67 F.3d 1470, 1475 (9th Cir. 1995) ("Taken as a whole, the

14  instructions and interrogatories must fairly present the issues to the jury."); *see also*

15  *People v. Ochoa*, 19 Cal. 4th 353, 426 (1998)) ("[A] verdict form need not restate

16  the legal principles provided in proper instructions.").  "[A]s long as a jury

17  instruction properly defines the elements of a claim . . . it is enough for the *verdict*

18  *form* to ask only if the claim has been proven." *Steffens v. Regus Grp., PLC*, 2013

19  WL 4499112, at \*7 (S.D. Cal. Aug. 19, 2013) (emphasis in original).  A special

20  verdict form that "[takes] each element of [plaintiff's] claim and ask[s] the jury to

21  make a special finding with respect to it" is "simply unnecessary"; "[a]t best it [is]

22  superfluous, and at worst it sets up a series of forks in the jury's deliberations that

23  prevent it from reaching a verdict." *Id.*

24       Where, as here, the factual issues are not "highly technical" or

25  "overwhelmingly complex," nor are there "numerous affirmative defenses or

26  counterclaims," the better practice is to simply "provide a form for recording

27  general verdicts on each separate legal claim in issue." *Fund of Funds, Ltd. v.*

28  *Arthur Andersen & Co.*, 545 F. Supp. 1314, 1371–72 (S.D.N.Y. 1982).  Attempting

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1  to restate portions of the instructions in the verdict form risks inconsistency and

2  juror confusion, including as to the significance of the aspects of the instructions

3  that are omitted from the form.  It also forces unnecessary work in asking the jury to

4  make separate findings for each element of each of multiple potential avenues for

5  Defendants' liability even though only one avenue is necessary.  For example, a jury

6  might find the agency defendants liable on Plaintiff's Section 1983 claim based on a

7  failure to train, failure to establish a policy, or custom and practice.  Any ground is

8  sufficient, and it may be unnecessary to force the jury to spend time making separate

9  findings as to all three.

10      Here, the jury will better understand and be able to navigate efficiently a

11  simple verdict form asking whether they find in favor of Plaintiff or Defendant on

12  each claim as to each Defendant.

### 2. Defendants' Forms Improperly Ask the Jury to Make Findings on the Legal Question of Standing

13

14      Each of Defendants' proposed forms includes a custom-made interrogatory

15  regarding Plaintiff's standing, asking whether Plaintiff "suffer[ed] a concrete and

16  particularized harm."  But that is not a proper question for the jury.  "Standing is a

17  threshold jurisdictional question which must be addressed prior to and independent

18  of the merits of a party's claims."  *United States v. Valencia-Trujillo*, 573 F.3d

19  1171, 1177 (11th Cir. 2009).  It is an issue of law for the Court to decide, not a

20  question of fact for the jury to resolve.  *See DDB Techs., L.L.C. v. MLB Advanced*

21  *Media, L.P.*, 517 F.3d 1284, 1291–92 (Fed. Cir. 2008).  It has no place in the jury

22  instructions, let alone the verdict form.

### 3. Defendants' Forms Improperly Limit the Agency Defendants' Liability on the State Law Claims to the Conduct of the Individual Defendants, Essentially Seeking Summary Judgment for the Fire Department

23

24

25

26      When Defendants provided their proposed verdict forms in advance of the

27  Local Rule 16-2 meeting in December, they included a special verdict form asking

28  the jury to make factual findings relating to liability and damages for each

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1   Defendant on each of Plaintiff's claims – including for the Agency Defendants on
2   the state law claims.  Shortly before midnight on January 17—three days before this
3   verdict form memorandum was due to the Court—defendants submitted radically
4   different forms.  Now, with respect to the state-law negligence and privacy claims,
5   Defendants propose asking the jury to make findings of liability only as to the
6   *individual deputy Defendants* that have been sued on those claims:  Joey Cruz,
7   Rafael Mejia, Michael Russell, Raul Versales, Tony Imbrenda, and Arlin Kahan on
8   the negligence claim, and just Joey Cruz, Tony Imbrenda, and Arlin Kahan on the
9   privacy claim.  Defendants argue that the agency Defendants (the Sheriff's
10  Department, Fire Department, and County) can be vicariously liable only for the
11  conduct of individuals *who are also named co-defendants* in the lawsuit.    There is
12  no basis for Defendants' newfound position.

13         The agency Defendants may be held vicariously liable for the conduct of *any*
14  employee acting within the scope of his or her employment; there is no requirement
15  that the individual employee also be sued.  In *Perez v. City of Huntington Park*, the
16  court rejected such a requirement for public entity vicarious liability, stating:  "A
17  plaintiff seeking to hold an employer liable for injuries caused by employees acting
18  within the scope of their employment is not required to name or join the employees
19  as defendants."  7 Cal. App. 4th 817, 820 (1992).  "Even where the plaintiff names
20  and joins a particular employee and the judgment is for that employee, a
21  simultaneous judgment against the employer will be upheld if the evidence supports
22  the conclusion that other uncharged employees committed the wrongful acts."  *Id.* at
23  821.  In sum, a plaintiff can choose to sue a public entity for the conduct of its
24  employees without also suing the individual employees; and even if the plaintiff
25  does name some employees as co-defendants and loses its claim against those
26  employees, the plaintiff can still obtain a verdict against the public entity based on
27  the conduct of other employees.  There is no authority for the proposition that a
28  public entity's vicarious liability is limited to the conduct of individuals named as

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400     FAX: (310) 552-8400

1    co-defendants in the lawsuit.

2        Defendants purport to base their argument on the text of Government Code

3    section 815.2, which "codifies the doctrine of *respondeat superior* as it applies to

4    public entities" like Defendants. *Miklosy v. Regents of Univ. of California*, 44 Cal.

5    4th 876, 900 (2008). But that statute undermines rather than supports their position.

6    It says that a "public entity is liable for injury proximately caused by an act or

7    omission of an employee of the public entity within the scope of his employment <u>if</u>

8    <u>the act or omission *would*, apart from this section, *have given rise to a cause of*</u>

9    <u>*action against that employee* or his personal representative</u>" (Cal. Gov't Code §

10    815.2(a) (emphasis added))—using the hypothetical modal verb phrase "would

11    have"—**not** "if the employee *is in fact found liable* on a cause of action *actually*

12    *asserted* against that employee." This is confirmed by the legislative committee

13    comment to Government Code section 815.2, which states: "Under this section, it

14    will not be necessary in every case to identify the particular employee upon whose

15    act the liability of the public entity is to be predicated. All that will be necessary

16    will be to show that some employee of the public entity tortiously inflicted the

17    injury in the scope of his employment under circumstances where he would be

18    personally liable." Cal. Gov't Code § 815.2 legisl. comm. cmts. (West 2021); *see*

19    *also Perez*, 7 Cal. App. 4th at 820-21 (discussing committee comment).

20        Accordingly, Plaintiff is entitled to a finding of liability against the Sheriff's

21    Department if the jury finds that *any* of its employees committed the claimed torts

22    and was acting in the scope of his or her employment. The same is true for the Fire

23    Department. And Plaintiff is entitled to damages for the harm caused by *all* such

24    employees. There is no basis to limit the jury's consideration of liability or damages

25    to the named individual deputy defendants, as Defendants' proposed forms do.

26        The jury will be properly instructed on the elements of the state law claims

27    and on the agency Defendants' vicarious liability. Plaintiff's general verdict form

28    for each Defendant on each claim will allow the jury to apply those instructions to

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

the evidence and determine whether each individual and agency is liable.  If the Court prefers special verdict forms, then Plaintiff's alternative proposed special verdict forms properly direct the jurors to make findings relevant to the liability for the agency Defendants as well as the individual defendants.  In particular, they properly ask the jury to find whether *any* employee of the agency committed a tort of negligence or invasion of privacy, and whether the employee(s) were acting within the scope of their employment when the conduct occurred.

### 4.  Defendants' Forms Provide Insufficient Guidance to Jurors Regarding the Relationship Between Damages Across Claims and Defendants, Risking Confusion and Duplicative Damages

Defendants' forms ask the jury to provide damages for each claim for each Defendant, without providing the jury any guidance about how the damages for different claims and Defendants relate to one another.  This is a recipe for juror confusion and, potentially, unclear or duplicative damages awards. As to the state law claims of negligence and invasion of privacy, Defendants' forms ask jurors to determine damages only for the conduct of the individual Defendants, ignoring that the jury also can find the agency Defendants vicariously liable for the conduct of their other employees.  Defendants forms provide the jury no opportunity to award damages for that additional conduct, even if the jury finds that those other employees caused additional harm to Plaintiff beyond what the individual Defendants caused.  Plaintiff's proposed damages form solves all of these problems by having the jurors make a single damages award against each Defendant and giving the jurors clear directions.

<u>Relationships Across Claims</u>.  Plaintiff is seeking damages for emotional distress caused by Defendants' actions.  He seeks those damages under multiple legal theories, but (for any given Defendant) the same conduct and harm are at issue on the Section 1983 claim, the negligence claim, and the privacy claim. Accordingly, the jury should be instructed to give Plaintiff one recovery against

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

13

1   each Defendant if it finds in favor of Plaintiff on any of the claims, irrespective of

2   whether it finds in her favor on one, two, or all three claims.  *See, e.g.*, *Roby v.*

3   *McKesson Corp.*, 47 Cal. 4th 686, 701-05 (2009).  That is precisely what Plaintiff's

4   proposed form does.

5        Defendants' proposed forms, by contrast, do not tell the jury how to avoid

6   duplicative damages.  It is not enough to "instruct[] the jury . . . that [plaintiff] could

7   not be awarded duplicative damages on different counts" when "neither the

8   instructions nor the special verdict form t[ell] the jury how to avoid awarding

9   duplicative damages." *Singh v. Southland Stone, U.S.A., Inc.*, 186 Cal. App. 4th

10  338, 360 (2010).  "[W]here the verdict includes a total damages award," as

11  Plaintiff's proposed form does, the jury can easily "ensure that the total damages

12  award includes no duplicative amounts." *Id*.  But "[i]f the jury finds the amount of

13  damages separately for each count and does not calculate the total damages award,"

14  as Defendants' proposed forms would do, "the jury has no opportunity to eliminate

15  any duplicative amounts in calculating the total award" and "might have attempted

16  to do so by finding no liability or no damages on certain counts, resulting in an

17  inconsistent verdict." *Id*.  Because Defendants' proposed verdict forms fail to

18  provide the guidance required, they are insufficient and improper.

19       Defendants have objected that having a single, total damages award for each

20  Defendant across all counts is inconsistent with the model instructions.  Not so.  The

21  Judicial Council of California Civil Jury Instructions ("CACI") specifically

22  contemplate that, when multiple claims are at issue, a single verdict form for

23  damages should be used "instead of the damages tables in each separate verdict

24  form."  CACI No. VF-3920.[2]

25

_____

26  [2] CACI No. VF-3920, intended for use with CACI No. 3934, contemplates that
different kinds of damages are available on the different claims.  Here, "the same

27  damages are recoverable on all causes of action," so the particulars of CACI No.
3934 and VF-3920 are "not necessary."  CACI No. 3934, Directions for Use.  But it

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400     FAX: (310) 552-8400

Defendants also object that a single award against each Defendant (across all three claims) will prevent the Court from assessing whether the amount of punitive damages relative to the amount of compensatory damages violates due process, because it will be unclear whether the punitive damages were awarded on the claim allowing for punitive damages.  This makes no sense.  Punitive damages are sought against only the individual  defendants.  Three of  those six have only one claim (negligence) asserted against them, so any compensatory or punitive damages awarded against these defendants obviously relate to that claim.  The others, Joey Cruz, Tony Imbrenda, and Arlin Kahan  have been sued for both negligence and invasion of privacy.  Both claims are eligible for punitive damages, both are directed to the same misconduct by Cruz, Inbrenda, and Kahan, and Plaintiff suffered the same harm and is entitled to the same compensatory damages under either theory. There will therefore be no confusion about the ratio if the jury finds Cruz, Imbrenda, and Kahan liable on both theories and awards both compensatory and punitive damages.

<u>Damages Against Agency Defendants for State Law Claims</u>.  Defendants' proposed forms are also defective because they ask the jury to make findings of damages against only the individual defendants for the harm they caused, ignoring that the jury can also find the agency Defendants vicariously liable for the conduct of other employees who are not co-Defendants, and award additional damages for the additional harm caused by that conduct.  For example, Defendant Los Angeles County Sheriff's Department ("LASD") is vicariously liable for the conduct of its employees acting within the course and scope of their employment.  Where that employee is also a defendant, LASD and the employee are both liable.  But, as discussed above, LASD is also vicariously liable for the conduct of other employees

is still necessary to tell the jury how to avoid duplicative damages by providing for a total damages award across all three claims.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

15

who have not been sued individually. The damages award against LASD on the negligence and privacy claims therefore should include damages awarded for harm caused by the individual deputy Defendants, as well as damages for any additional harm caused by the conduct of other employees for which LASD is vicariously liable. Plaintiff's form directs the jury how to do this.

Defendants' forms, however, give the jury no opportunity to assess damages for the harm caused by the other employees for which the agency Defendants are vicariously liable. That is in direct contravention of clear California law that a plaintiff is not required to sue individual employees for the agency to be liable in damages for the employees' conduct, and can obtain a verdict against a public entity based on other employees' conduct even if all co-defendant employees are found not liable. *See Perez*, 7 Cal. App. 4th at 820-21.

Defendants argue that Plaintiff's forms ensure a double recovery by directing the jury to include damages awarded against the deputies in the damages awarded against the Sheriff's Department, and to include damages awarded against the Sheriff's Department and the Fire Department in the award against the County. This is specious. It is appropriate for the damages against the individual deputies to be included in the damages award against the Sheriff's Department, because the Sheriff's Department is also liable for those awards. The same is true for including damages against the Sheriff's Department in the award against the County. There is no risk of double recovery or juror confusion, however, because the jury will have been clearly instructed to include those damages in both places. Thus, the meaning of the jury's award will be clear. Plaintiff of course cannot double-recover by enforcing the judgment against multiple parties. But she is entitled to elect which Defendant to enforce the judgment against.

<u>Punitive Damages</u>. Defendants have omitted punitive damages from their forms for the negligence and privacy claims against the individual Defendants, even though those claims are eligible for punitive damages and Plaintiff is seeking them.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

*See, e.g.*, *Clauson v. Superior Ct.*, 67 Cal. App. 4th 1253, 1256 (1998) (plaintiff entitled to seek punitive damages for invasion of privacy); *Pfeifer v. John Crane, Inc.*, 220 Cal. App. 4th 1270, 1299, (2013) (affirming punitive damages award based on negligence claims because "nonintentional torts support punitive damages when the defendant's conduct involves conscious disregard of the rights or safety of others"); *Simplicity Int'l v. Genlabs Corp.*, 2010 WL 11515296, at *2 (C.D. Cal. Apr. 21, 2010) ("[E]ven where the claim formally sound in negligence, if the plaintiff can make a showing that defendant's conduct goes beyond gross negligence and demonstrates a knowing and reckless disregard, punitive damages *may* be available."); *Ford Motor Co. v. Home Ins. Co.*, 116 Cal. App. 3d 374, 381 (1981) ("Nonintentional conduct comes within the definition of malicious acts punishable by the assessment of punitive damages when a party intentionally performs an act from which he knows, or should know, it is highly probable that harm will result."); *Taylor v. Superior Ct.*, 24 Cal. 3d 890, 893 (1979) (allowing punitive damages on a negligence personal injury claim). Defendants argue that the allegations in Plaintiff's complaint and the evidence developed in discovery were insufficient to support punitive damages against the individual Defendants on the negligence and privacy claims. That is an improper attempt at a second motion to dismiss or for summary judgment in the guise of a verdict form. Punitive damages against the individual defendants are in the case, and Plaintiff intends to elicit the information needed to support them at trial. The Court can assess during or after trial whether sufficient evidence was presented to the jury to support a finding of punitive damages.

Defendants also argue that Plaintiff's verdict form could confuse the jury about which claims are eligible for punitive damages. But Plaintiff's form is very clear that punitive damages are a category to be awarded against the individual defendants on the state law claims only, and not against the agency Defendants.

<u>Defects in Describing Categories of Damages.</u>  Finally, Defendants'

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

descriptions of the damages categories are confusing and incomplete.  *First*, Plaintiff is not seeking medical expenses, so it is unnecessary and confusing to include those on the verdict form.  *Second*, the jury will not know what "noneconomic loss" means and Defendants' list of examples of such loss is incomplete in any event.  The jury will be instructed, consistent with Ninth Circuit Model Instructions 5.1 and 5.2 and CACI No. 3905A, that it should consider any physical, mental, and emotional pain and suffering, loss of enjoyment of life, grief, anxiety, humiliation, or emotional distress.  Third, Defendants' forms for the negligence and privacy claims against the individual Defendants improperly omit punitive damages, which are available and which Plaintiff is seeking.

### 5. Defendants' Forms for Section 1983 Misstate the Law and Omit Viable Theories of Liability

General Lack of Supporting Authority.  Defendants purport to base their verdict form on CACI No. VF-3002.  But state court model forms are of little precedential value in federal court on a federal civil rights claim, particularly given that the CACI model instructions for a Section 1983 claim differ from the Ninth Circuit model instructions (*compare* CACI Nos. 3000–3003 *with* 9th Cir. Model Instrs. 9.5, 9.8) and that no model instruction precisely covers the Fourteenth Amendment violation articulated in *Marsh v. County of San Diego*, 680 F.3d 1148 (9th Cir. 2012) and alleged here.  Moreover, Defendants deviate substantially from the CACI model to include improper elements of their own invention.

Improper Limitation to Failure to Train.  Defendants' verdict forms ask the jury to make findings only as to the agencies' failure to train.  This is too narrow in two respects.  First, in showing that the agencies had a policy of inaction, Plaintiff is not limited to asserting a failure to train.  As the Model Instructions indicate, a policy of inaction can also be shown by a failure to adopt or enforce a needed policy.  *See* 9th Cir. Model. Instr. 9.8 & cmt.  Second, a violation can also be shown by an affirmative policy in the form of a practice or custom.  *See* 9th Cir. Model

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

18

Instr. 9.5 & cmt.  Plaintiff intends to put on evidence supporting all of this, and has requested proper instructions covering the full scope of Defendants' misconduct. There is no merit to Defendants' argument that Plaintiff somehow waived these other theories by failing to assert every possible argument when he successfully defeated Defendants' summary judgment motion, as explained in Plaintiff's memorandum supporting his proposed jury instructions and in Plaintiff's separate briefing on the waiver issue.  The parties have filed briefing specifically addressing the waiver issue, which is pending before the Court (*see* Dkt. 201, 202, 203).

<u>Improper Characterization of Constitutional Violation</u>.  Defendants' Questions 1 and 3 improperly require the jury to find "public dissemination" of the death photos to support a Fourteenth Amendment violation.  That is inconsistent with *Marsh*, which found a violation when a single photo was shared with two people and was never further publicized in the media or on the internet, and which discussed a broader privacy right under the Fourteenth Amendment to control a loved one's remains and death images.  680 F.3d 1148.  Plaintiff's proposed instructions properly instruct the jury on the standard for a constitutional violation— including the privacy right to control the images, remains, and memory of a dead family member and Plaintiff's theory that public employees intruded on this right by taking or sharing photos of her loved ones' remains in a manner that shocks the conscience.  It is unnecessary to repeat those instructions in the verdict form, and improper to distort them as Defendants do.

<u>Improperly Narrow Description of Subject of Training</u>.  Defendants' Questions 1 and 2 improperly limit the topic on which Defendants inadequately trained their employees to "the taking and sharing of crash scene photos depicting human remains."  The jury is not required to find that the agency defendants should have trained on this specific subject.  Rather, it will be instructed to consider whether the training "w[as] not adequate to train its employees to handle the usual and recurring situations with which they must deal."  9th Cir. Model Inst. 9.8.

Miller Barondess, llp
Attorneys at Law
1999 Avenue of The Stars, Suite 1000  Los Angeles, California 90067
Tel: (310) 552-4400   Fax: (310) 552-8400

1  Jurors might believe that training should have been given as to all death scenes, for

2  example, and there is no basis to restrict their consideration of this issue.

3       <u>Improper Limitation to Specified Individuals</u>.  Questions 1–3 of Defendants'

4  forms improperly limits the jury's consideration of Defendants' misconduct to just

5  the actions of Joey Cruz, Rafael Mejia, Michael Russel,  Raul Versales in the case of

6  the Sheriff's Department, and just the actions of Anthony Imbrenda, Arlin Kahan,

7  and Brian Jordan in the case of the Fire Department.  There is no basis for this.  The

8  agency Defendants' *Monell* liability can be predicated by a constitutional violation

9  committed by *any* of their employees acting under color of state law, as Plaintiff's

10  proposed instructions properly explain.

11       <u>Improper Specificity of Deliberate Indifference and Splitting into Additional</u>

12  <u>"Notice" and "Knowledge" Requirements</u>.  As the Ninth Circuit Model Instruction

13  accurately states, on a failure to train theory, the jury is required to find that the

14  defendant agency "was deliberately indifferent to the … known or obvious

15  consequences of its failure to train its [employees] adequately."  9th Cir. Model

16  Instr. 9.8.  Defendants have added undue specificity to the requirement and tacked

17  on additional knowledge and notice requirements unsupported by the law.

18       First, Defendants' Question 6 would require the jury to find, in *addition* to

19  deliberate indifference, that the agency "knew that [the inadequacy of its training

20  program] would likely result in a deprivation of substantive due process rights under

21  the Fourteenth Amendment through publication of images of Plaintiff's deceased

22  relatives."  This is wrong and confusing is several respects.  Actual knowledge is

23  one way to show deliberate indifference, but is not required.  It can also be shown,

24  for example, by constructive knowledge of an obvious consequence.  *See* 9th Cir.

25  Model Instr. 9.8 (requiring deliberate indifference "to the known *or obvious*

26  consequence" of the failure, and explaining that "plaintiff *may* prove deliberate

27  indifference in this case by showing that the facts available to [Defendants] put

28  [them] on actual *or constructive* notice that [their] failure to implement adequate

Miller Barondess, llp
Attorneys at Law
1999 Avenue of The Stars, Suite 1000  Los Angeles, California 90067
Tel: (310) 552-4400   Fax: (310) 552-8400

20

1   policies [or] failure to train adequately was substantially certain to result in the

2   violation of the constitutional rights of persons such as the plaintiff due to

3   employees' conduct" (emphases added)).  Nor is Plaintiff required to show that the

4   agency knew that the harmful consequence would constitute a constitutional

5   violation.  *See Connick v. Thompson*, 563 U.S. 51, 67 (2011) (deliberate indifference

6   established where employees "have *no knowledge at all* of the constitutional limits"

7   that apply in a recurring situation (emphasis added)).  And the violation is not

8   limited to "publication of death photos," as explained above and in Plaintiff's

9   proposed jury instructions.

10          Second, Defendants' Question 4 requires the jury to make the additional

11   finding that the agency was "on notice that it needed to train its employees."  But as

12   the Model Instruction explains, actual or constructive notice is just one way to prove

13   deliberate indifference; it is not is own separate requirement.  *See Canton v. Harris*,

14   489 U.S. 378, 390 (1989) (deliberate indifference is established where "the need for

15   more or different training is so obvious" in light of the employees' duties, and the

16   "inadequacy [is] likely to result in the violation of constitutional rights").

17   Defendants argue that Plaintiff must prove a pattern of misconduct to establish this

18   element, but that is incorrect.  No pattern of prior constitutional violations is

19   required to prove deliberate indifference through a failure to train.  *See Connick*, 563

20   U.S. at 63-64.  Liability can attach based on a single incident where, as here, there is

21   (i) a complete failure to train; (ii) the constitutional duty is implicated in recurring

22   situations; and (iii) the plaintiff's injury is a "highly predictable consequence" of the

23   "fail[ure] to train."  *Id.* at 64.

24          Defendants' effort to require the jury to make additional findings of notice

25   and knowledge, as though those were separate required elements in addition to

26   deliberate indifference, rather than optional ways of showing deliberate indifference

27   is confusing, misstates the law, and should be rejected.

28          <u>Improper Inclusion of Qualified Immunity Requirement</u>.  Defendants'

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1   Question 7, which asks whether Plaintiff's asserted right was "clearly established" at

2   the time of the violation, improperly imports a qualified immunity standard into a

3   cause of action where qualified immunity is unavailable as a matter of law.  The

4   "clearly established" standard is the standard used to determine whether an

5   individual government official enjoys qualified immunity from § 1983 liability.  *See*

6   *Hernandez v. Town of Gilbert*, 989 F.3d 739, 743 (9th Cir. 2021) (stating elements

7   of qualified immunity).  But it is settled law in the Ninth Circuit that, unlike an

8   individual, "[a] municipality is not entitled to assert the defense of qualified

9   immunity."  *Huskey v. City of San Jose*, 204 F.3d 893, 902 (citing *Owen v. City of*

10   *Indep.*, 445 U.S. 622, 638 (1980).   Plaintiff brings his § 1983 claim against only

11   the Agency Defendants.  Requiring  him to prove that the right at issue was clearly

12   established would "create a *de facto* qualified immunity for municipalities" that is

13   contrary to Ninth Circuit law.  *Azevedo v. City of Fresno*, 2011 WL 284637, at *15

14   (E.D. Cal. Jan. 25, 2011) (denying city's motion for summary judgment even though

15   right at issue was not clearly established because "[a] municipality is not entitled to

16   assert the defense of qualified immunity"); *see also Salvi v. Cnty. of San Diego*,

17   2019 WL 1671001, at *9-10 (S.D. Cal. Apr. 17, 2019) (dismissing claims against

18   individual defendants on qualified immunity grounds because law was not clearly

19   established but permitting *Monell* failure to train claim to proceed against

20   municipality); *LeBlanc v. City of L.A.*, 2006 WL 4752614, at *18 (C.D. Cal. Aug.

21   16, 2006) (same).

22       Even if Plaintiff *were* required to show that  his substantive due process right

23   was "clearly established" at the time of the violation—which  he is not—that issue

24   should be decided by the Court and not the jury.  It is settled law in the Ninth Circuit

25   that in cases involving a qualified immunity defense by an individual defendant,

26   "the 'clearly established' inquiry is a question of law that only a judge can decide."

27   *Morales v. Fry*, 873 F.3d 817, 821 (9th Cir. 2017).  Directing the jury to decide this

28   issue—one which involves the evaluation of case authority and Constitutional law—

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

would be clear error.  *See id.* at 822 (holding in case where the trial court instructed the jury to determine whether the right was "clearly established" that "[i]t was error for the district court to submit this inquiry to the jury").

<u>Improper Causation Requirement</u>.  Defendants' Question 8, which asks whether Defendants' failure to train was "the cause of" the violation, improperly implies that the failure to train must be the *sole* cause.  But liability for failure to train "is established where a defendant's conduct is a substantial factor contributing to the injury, even if it is not the sole contributing factor."  *Wroth v. City of Rohnert Park*, 2019 WL 8333513, at *6 (N.D. Cal. Dec. 3, 2019).  Defendants' proposed "use of the definite article may have implied to some jurors that there could be only one moving force" behind the constitutional violation, contrary to law.  *Id*.

<u>Improper Omission of County</u>.  Defendants also inexplicably fail to include a verdict form at all for Plaintiff's section 1983 claim against the County of Los Angeles, even though that claim is going to trial.

* * *

If the Court believes that special interrogatories are appropriate for the Section 1983 claim, then Plaintiff requests that the Court use his alternative special verdict form, which is simple while being faithful to precedent and the jury instructions, rather than Defendants' form, which is complex and misstates the law.

### 6.   Defendants' Forms for Negligence Use Confusing Jargon and Improperly Ask the Jury to Make Findings of Law

Defendants purport to base their proposed verdict forms for negligence on CACI No. VF-400.  But Defendants' forms bear little resemblance to VF-400, which simply asks the jury whether the defendant was negligent, whether the negligence was a substantial factor in causing harm, and the amount of plaintiff's damages.  Rather than track VF-400, Defendants drafted questions reminiscent of a first-year law school torts exam, asking whether each Defendant "owe[d] a duty" to Plaintiff (Question 1), "breach[ed]" the duty (Question 2), and through that breach,

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

"cause[d] harm" to Plaintiff (Question 3).  This is improper for several reasons.

First, the issue of duty is a question of law for the Court, not a question of fact for the jury to decide.  *See Catsouras v. Dep't of Cal. Highway Patrol*, 181 Cal. App. 4th 856, 876 (2010) ("The existence of a duty of care is a question of law to be determined by the court alone."); *Ky. Fried Chicken of Cal., Inc. v. Super. Ct.*, 14 Cal. 4th 814, 819 (1997) ("[T]he existence of a duty is a question of law for the court.").  As a matter of law, all of the public employees here owed Plaintiff a duty of care to handle her loved ones' remains with care and refrain from exploiting death images.  *See, e.g.*, *Catsouras*, 181 Cal. App. 4th at 884; *Christensen v. Super. Ct.*, 54 Cal. 3d 868, 894-95 (1991); *Bryant v. Cnty. of Los Angeles*, 2020 WL 8024857, at *7 (C.D. Cal. Dec. 28, 2020).  While it is proper to instruct the jurors about that duty, it is inappropriate to ask them to find the existence of such a duty.

Second, it is needlessly confusing to ask the jury about the abstract concept of "breach" of a "duty," legalese that a layperson is unlikely to understand.  Following the CACI form instructions, the jury should be instructed in terms of "negligence" and failure to exercise due care, not breach of a duty.

If the Court believes that special interrogatories are appropriate for the negligence claim, Plaintiff requests that the Court use her alternative special verdict forms that track CACI VF-400, rather than Defendants' made-up form.

### 7. Defendants' Forms for Privacy Conflate Separate Theories of Liability

As an initial matter, Defendants' proposed verdict form for invasion of privacy purports to focus exclusively on one theory:  intrusion into private affairs. This ignores that Plaintiff also intends to put on evidence supporting a second theory—public disclosure of private facts—and has requested instructions covering both theories.

But having styled their form as covering intrusion into private affairs, Defendants improperly seek to graft onto that theory a publicity element that is not

Miller Barondess, LLP
ATTORNEYS AT LAW
1999 Avenue of The Stars, Suite 1000  Los Angeles, California 90067
Tel: (310) 552-4400    Fax: (310) 552-8400

required. Question 2 requires the jury to find dissemination "to the public at large, and not just to a few persons or in limited circumstances." That concept is related to the requirement of publicity in the distinct theory of public disclosure of private facts. But intrusion into private affairs requires only that there was an intentional intrusion that would be highly offensive to a reasonable person. *See Sanders v. Am. Broad. Co.*, 20 Cal.4th 907, 914-18 (1999). No publicity is required on an intrusion theory. *See, e.g.*, Restatement (Second) of Torts § 652B cmt. a (intrusion into private affairs "does not depend upon any publicity given to the person whose interest is invaded or to [her] affairs"); *Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 491 (9th Cir. 2019) ("Importantly, '[t]he intrusion itself makes the defendant subject to liability, even though there is no publication or other use of any kind of the photograph or information outlined.'") (citation omitted).

Questions 1 and 2 also frame Plaintiff's privacy right and Defendants' conduct in inappropriately narrow terms. Defendants limit the expectation of privacy to "photos of his deceased relatives" and Defendants' improper conduct to "publicly disseminating" those photos. But Plaintiff has a reasonable expectation of privacy in not just photographs of his loved ones' remains, but also in the remains themselves, *Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 167–68 (2004), such that Defendants' unwarranted photography itself was an unlawful intrusion, *see, e.g.*, Restatement (Second) of Torts § 652B, illus. 1, 7.

Defendants' forms are especially problematic as to the agency Defendants, because they appear to suggest that the jury must find each agency independently committed the tort of invasion of privacy, when the agency Defendants are vicariously liable for the conduct of their employees.

If the Court believes that special interrogatories are appropriate for the privacy claim, then Plaintiff requests that the Court use his alternative special verdict forms, which are simple and accurate, rather than Defendants' forms, which are complicated and misstate the law.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

## B.   DEFENDANTS' POSITION

Defendants propose the use of verdict forms that cover each element of Plaintiff's claims.  This is the best approach for this lawsuit, where there are multiple claims with different standards of proof and multiple defendants with different thresholds of liability.  Defendants' forms are derived from established federal and CACI models, and conform to governing law.

Plaintiff, on the other hand, proposes the use of general verdict forms.  If a jury finds in favor of Plaintiff, it would be impossible to determine on what claim the jury is finding liability.  This invites reversible error.  At the last minute, Plaintiff also proposes alternative special verdict forms in the event the Court does not agree with his general verdict forms.  These proposed forms are grossly inadequate, misstate governing law, and foster juror confusion.

The following sections detail the significant problems that pervade Plaintiff's proposed verdict forms.  Among other things:

- Plaintiff's forms not only risk duplicative damages, but in fact *demand* it.  They specifically instruct the jury to "add" various damages amounts together, irrespective of whether they are duplicative (which they are).

- Plaintiff's forms obscure that the entity Defendants can only be vicariously liable on the negligence and invasion of privacy claims—this requires an underlying finding against the individual defendant, as well as a predicate finding as to that defendant's conduct to support vicarious liability.  Plaintiff invites the jury to hold the entity Defendants directly liable for tort claims in violation of California law.  Defendants can only have direct liability on the Section 1983 claim.

- There is no legal distinction between the County, on the one hand, and the Sheriff's Department or Fire Department, on the other hand.  Any liability *is the same*.  Plaintiff insisted on suing all three entities, but if a jury finds that either the Sheriff's Department or Fire Department is liable, there is no separate or additional damages that can be imposed on the County.  Yet Plaintiff proposes entirely separate liability and damages forms for the County.  This is duplicative and confusing.

- Plaintiff distorts the applicable legal standards in an attempt to broaden the scope of this case on the eve of trial.  This case is about the alleged public dissemination of crash scene photos depicting Plaintiff's deceased family members.  Nothing else.

Plaintiff's proposed Section 1983 forms are particularly problematic because

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

they fail to account for the specific circumstances of this case. A typical Section 1983 case involves a plaintiff asserting claims against both an individual government actor for a Constitutional violation (such as excessive force) as well as a claim under *Monell v. Department of Soc. Svcs.,* 436 U.S. 658 (1978), which is subject to a separate burden of proof to impose direct liability on the entity (such as a failure to train). When Plaintiff filed his initial complaint, he had a stand-alone Section 1983 against individual officer defendants. But he has since dropped this claim against the individual defendants. (Dkt. 82.) The law is clear that an entity cannot have *Monell* liability unless its actor violated Plaintiff's constitutional rights. Plaintiff's proposed verdict forms gloss over this critical threshold requirement and seek to have the jury decide *Monell* issues *before* the jury makes a finding on each element required to show that any defendant violated Plaintiff's constitutional rights. This turns the law on its head, is likely to confuse and mislead the jury, and invites prejudicial error.

Finally, although Defendants have included in this filing verdict forms for both the federal and state claims involved in this case, Defendants note that at the Pretrial Conference on February 4, 2022 the Court indicated that it is its "practice to bifurcate the state law claims and try only the federal claim. And after the federal claim is resolved, if appropriate, I will then consider as to whether or not I should continue to exercise or decline to exercise supplemental jurisdiction over those claims." (Transcript of February 4, 2022 Pre-Trial Conference at 17:23-18:3.)

Defendants agree with the Court's proposed approach. Thus, if the Court does bifurcate the claims as it has indicated it will likely do, then the verdict forms for the federal claims would only apply to the first trial on federal claims, while the verdict forms for the state claims would only apply to any second trial on state claims.

### 1. A General Verdict Form Is Not Appropriate In This Case

The Federal Rules of Civil Procedure expressly authorize both special

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1    verdicts and general verdict forms that include written questions on factual issues.

2    *See* Fed. R. Civ. Proc. 49(a) ("The court may require a jury to return only a special

3    verdict in the form of a special written finding on each issue of fact."); *id.* 49(b)

4    ("The court may submit to the jury forms for a general verdict, together with written

5    questions on one or more issues of fact that the jury must decide.").[3]  The rules also

6    "implicitly contemplate common law general verdicts without interrogatories."

7    *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1031 (9th Cir. 2003).

8        The Federal Rules of Civil Procedure impose no preference for the type of

9    verdict used in each case.[4]  This Court has "complete discretion whether a general or

10   special verdict is to be returned, and this discretion extends to determining the form

11   of the special verdict, provided the questions asked are adequate to obtain a jury

12   determination of the factual issues essential to judgment."  *Mateyko v. Felix*, 924

13   F.2d 824, 827 (9th Cir. 1990).

14       Defendants' proposed verdict forms are best suited for this case.  These forms

15   are derived from well-tested CACI models.  They ask straight-forward questions

16   that will focus the jury on each step necessary to decide analytically complicated

17   claims.  And the answers provided by the jury will "identify the basis for the jury's

18   verdict, and thus to avoid confusion, appellate uncertainty, and the need for

19   additional proceedings."  *Simms v. Vill. of Albion, N.Y.*, 115 F.3d 1098, 1105 (2d

20   Cir. 1997) (quotation marks omitted).

21       The problem with a general verdict is that it "is either all wrong or all right,

22

23   [3] "As a practical matter, it seems that the form of a general verdict with
     interrogatories is virtually indistinguishable from that of a special verdict."  *Floyd v.*

24   *L.*, 929 F.2d 1390, 1395 (9th Cir. 1991).

25   [4] Plaintiff's authorities are not to the contrary.  *See, e.g., Bryan v. Cargill, Inc.*, 723

26   F.2d 1202, 1204 (5th Cir. 1984) (trial court has "considerable discretion" as to
     verdict form); *Mangold v. California Pub. Utilities Comm'n*, 67 F.3d 1470, 1475

27   (9th Cir. 1995) (trial court has "complete discretion as to whether a special or

28   general verdict is to be returned").

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

because it is an inseparable and inscrutable unit.  A single error completely destroys it." *Bone v. Refco, Inc.*, 774 F.2d 235, 243 n.9 (8th Cir. 1985) (quotation marks omitted).  By contrast, "the special verdict enables errors to be localized so that the sound portions of the verdict may be saved and only the unsound portions be subject to redetermination through a new trial." *Id.* (quotation marks omitted).  A special verdict form is thus appropriate where a plaintiff presents "multiple theories" of liability.  *Id*. at 243 n.10.

General verdicts are particularly poorly suited where (as here) punitive damages are not available on all claims or against all defendants, as a "general verdict may conceal punitive damages which may not be allowed."  *Cancellier v. Federated Dep't Stores*, 672 F.2d 1312, 1317 (9th Cir. 1982).  And where state and federal claims are mixed (also as here) a general verdict means that "[i]f the state claims are flawed, the entire verdict may have to be reversed."  *Id.*  The Ninth Circuit has thus stated that "a separate verdict for each claim" is "strongly preferred" in cases like this one.  *Id.*

Plaintiff misses the mark in arguing that Defendants' proposed forms "force[] unnecessary work" by asking about "multiple potential avenues for Defendants' liability even though only one avenue is necessary."  A special verdict should be used precisely where there are "multiple potential avenues" for liability.  This is because, if one of those avenues turns out to have been improperly submitted, "a special verdict form may enable an appellate court to salvage the portions of the verdict on the claims or theories properly submitted."  *Bone*, 774 F.2d at 243 n.10; *McCord v. Maguire*, 873 F.2d 1271, 1274 (9th Cir.) (stating it was a "legitimate concern" that "the jury may have based its verdict solely on the four allegedly unsubstantiated factual theories" but the defendant "fail[ed] to request a special verdict").

Defendants' proposed verdict forms are best suited to the complexity of the legal claims here and to assuring that the basis of the jury's verdict is clear, for

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1  purposes of post-trial motions and appeals.

### 2. The Jury Should Decide Standing If Not Determined By The Court

Defendants agree that standing is a legal issue for the Court to decide. In their motion for summary judgment, Defendants argued Plaintiff lacked the requisite harm to have standing to bring this lawsuit. The Court, however, did not make any determination on this issue when it ruled on Defendants' summary judgment motion. As such, this is an essential issue that must be determined by the jury.

The standing issue was discussed at the February 4, 2022 Pretrial Conference, but the Court has not yet issued an order regarding standing.

### 3. Defendants' Forms Provide Clear Instructions on Damages

#### (a) Plaintiff's Forms Conflate Damages Across Distinct Claims

Damages are an essential element of each of Plaintiff's causes of action. Defendants' proposed verdict form thus asks the jury to determine damages for each claim separately. This is routine. *See*, *e.g.*, *GSI Tech., Inc. v. United Memories, Inc.*, 2016 WL 3035698, at *2 (N.D. Cal. May 26, 2016) ("The verdict form also asked the jury to determine [the defendant's] damages for each claim.").

Plaintiff argues that the jury should only be instructed to determine damages on all claims collectively, citing *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 701-05 (2009). But *Roby* says no such thing. The issue in *Roby* was not that the jury was asked about damages as to each claim; rather, the problem was that the "the jury did not really understand the various categories of damages listed on the special verdict form." *Id.* at 704.

Plaintiff also argues that Defendants' verdict form does not tell the jury how to avoid duplicative damages. However, Plaintiff's own authority—*Singh v. Southland Stone, U.S.A., Inc.*, 186 Cal. App. 4th 338 (2010)—explains that this issue is resolved via a jury instruction. In particular, when a jury is asked to find damages separately for each count, *Singh* explains:

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

> The jury should be instructed that if it reaches more than one question concerning the amount of damages, the same damages may be included in more than one answer, and that the court, rather than the jury, will resolve any concerns regarding duplication of damages.

*Id.* at 360-61.  Such an instruction may be given here, as necessary.  Contrary to Plaintiff's argument, *Singh* confirms the propriety of asking the jury to determine damages separately on each claim.

Once a verdict is rendered using Defendants' forms, the Court will be better equipped to resolve any concerns about duplicative damages.  Plaintiff concedes he is seeking the same emotional damages as to each claim and each Defendant.  Any damages awarded against one Defendant will necessarily be duplicative of amounts awarded against another, and the same will be true as between claims.[5]  Defendants' damages forms thus allow for duplication issues to be easily resolved.

Plaintiff's alternative proposal—awarding damages on multiple claims, without any distinction—obscures the jury's findings on individual claims and is untenable.  This Court, for example, enforces constitutional limitations on punitive damages by considering the ratio between compensatory and punitive damages.  *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416, 425 (2003).  But Plaintiff is not entitled to punitive damages on most of his claims.  To determine if an award of punitive damages is constitutional, the Court must therefore know the compensatory damages awarded, specifically, on the claim allowing for punitive damages.  *See Ojeda-Rodriguez v. Zayas*, 666 F. Supp. 2d 240, 266 (D.P.R. 2009) ("[P]unitive damages are not available for [the plaintiff's] defamation claim; therefore the court calculates the ratio by comparing the punitive damages only to the due process compensatory damages.").  Plaintiff's damages questions

---

[5] Where duplication issues are not so easily resolved, the court in *Singh* proposes that the verdict form ask the jury to make, in addition to findings by claim, a "finding as to the total amount of damages eliminating any duplicative amounts." *Id.* at 360.  Such a question could be used here if the Court believes it necessary.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

impermissibly group claims together regardless of the availability of punitive damages.

(b)    <em>Plaintiff's Forms Confuse the Relationship Among The Defendants</em>

Plaintiff's proposed damages questions disregard governmental immunity and are substantially likely to result in duplication of damages.  The entity Defendants are immune from individual tort liability.  *Miklosy v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 899 (2008) (Government Code section 815 "abolishes common law tort liability for public entities").  The entities' potential liability is solely vicarious—they may be liable only if the Plaintiff first proves the liability of a specific employee-defendant.  *See* Cal. Gov't Code § 815.2 ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.").

Defendants' proposed verdict has been modified to conform to this law. Because the entities have no separate liability, the jury cannot be asked to make a separate determination of their liability or damages.  If the jury finds liability against an individual Defendant, that finding will also apply to the individual Defendant's employer, if the jury also finds he was acting "within the scope of his employment." Cal. Gov't Code § 815.2.

Plaintiff's forms, however, disregard the entities' tort immunity by asking the jury to make individual liability and damages findings against them.  Indeed, Plaintiff's forms ask the jury to determine the damages against the Sheriff's Department by *adding* to the damages already awarded as to individual Defendants:

"*Include any amounts that you entered above* for past or future harm from the conduct of Defendants Joey Cruz, Rafael Mejia, Michael Russell, and Raul Versales if you conclude that Defendant Los Angeles County Sheriff's Department is responsible for that harm.  *Also include any additional harm* suffered by Plaintiff Christopher L. Chester for

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

32

which Defendant Los Angeles County Sheriff's Department is responsible, such as harm caused by other Los Angeles County Sheriff's Department employees acting within the scope of their employment." (Emphasis added.)

This instruction is an end-run around governmental tort immunity that is likely to confuse the jury and result in duplication of damages. This likelihood of confusion is magnified by Plaintiff's grouping of constitutional and tort claims together, notwithstanding governmental immunity for the tort claims.

As for the Fire Department, Plaintiff's form asks the jury to "enter the total amount of damages you award Plaintiff Christopher L. Chester *for the conduct of Los Angeles County Fire Department* and its officers and employees, including Brian Jordan, Tony Imbrenda, Arlin Kahan, *and others*." (Emphasis added.) This vague question is confusing and likely to mislead the jury into disregarding governmental immunity. Additionally, the language referencing Brian Jordan and "others" is improper because Tony Imbrenda and Arlin Kahan are the only Fire Department employees being sued in this case. This form thus seeks damages for the conduct of persons who the jury is not even being asked to make a determination of liability for individually. Again, this contravenes clear immunity law. *Miklosy*, *supra*, 44 Cal. 4th at 899.

Compounding these defects is Plaintiff's final damages question, which instructs the jury to determine the total damages against the County "by *adding together* the damages awarded against Defendant Los Angeles County Sheriff's Department and Defendant Los Angeles County Fire Department." (Emphasis added.) Because Plaintiff is seeking damages from the Sheriff's Department and Fire Department for the same purported harm, this instruction will result (at a minimum) in a double recovery.

(c)    *Defendants' Forms Sufficiently Describe Damages*

Defendants' verdict forms instruct the jury that if the jury finds any of the Defendants liable, then damages can consist of past or present noneconomic loss

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

which includes "physical pain/mental suffering."  This is plain English that a jury will be able to understand.  Defendants' proposed jury instructions also explain that Plaintiff's damages can consist of "emotional pain and suffering experienced and that with reasonable probability will be experienced in the future."  The jury will have plenty of guidance on this issue.

Plaintiff contends this is not enough—that there should be a long, confusing list of "examples" of what constitutes noneconomic loss such as the "loss of enjoyment of life, grief" and "humiliation."  He is wrong.  First, Plaintiff relies on Ninth Circuit Model Instructions 5.1 and 5.2.  But Ninth Circuit Model Instructions 5.1 and 5.2 do not contain the detail that Plaintiff requests—they refer to noneconomic damages as "pain and suffering" much like Defendants' proposed verdict form does.

Second, Plaintiff points to CACI No. 3905A.  This is not an instruction that is specific to the claims and facts at issue here.  In fact, the instruction relates to not only mental suffering and emotional distress, but also physical pain which is not at issue in this case.  Thus, on its face, this instruction is overbroad and not applicable.

Plaintiff's long list of examples, which appear to be taken from CACI No. 3905A, are all inapplicable, confusing, or duplicative surplusage.  Plaintiff is not seeking damages for any physical pain.  During his deposition, Plaintiff never testified he was suffering from any humiliation.

The terms "loss of enjoyment of life" and "grief" will confuse the jury and will lead the jurors to believe that Chester can recover certain damages that are recoverable from a wrongful death suit over the death of his family members.  This is not that case.  Chester already brought and settled a separate wrongful death suit against the owners and operators of the helicopter that crashed and killed his family members.  It is prejudicial error to allow Plaintiff to ask the jury to award those damages once again here.  This prejudice and confusion is compounded by the fact that Chester intends to file a motion *in limine* to exclude any evidence regarding the

Miller Barondess, llp
ATTORNEYS AT LAW
1999 Avenue of The Stars, Suite 1000  Los Angeles, California 90067
Tel: (310) 552-4400    Fax: (310) 552-8400

settlement of his wrongful death lawsuit.  If successful, he can create the false impression with the jury that he has not already sought and obtained redress for those damages.

Plaintiff also argues that the verdict forms must include punitive damages for the individual Defendants for the negligence and privacy claims.  But the law is clear that "mere or even gross negligence will not support an award of punitive damages."  *Molina v. J.C. Penney Co.*, Inc., 2015 WL 183899, at *3 (N.D. Cal. Jan. 15, 2015); *Panoyan v. Regalo Int'l LLC*, 2019 WL 8758897, at *3 (C.D. Cal. Oct. 25, 2019) ("Mere unintentional carelessness, characterized as negligence or recklessness, is not sufficient" (citation and quotations omitted).)  That is because punitive damages are only warranted where there is "oppression, fraud, or malice" which all contain an element of intentional, willful, or conscious conduct.  *See* Cal. Civ. Code § 3294(a), (c); *Molina*, 2015 WL 183899, at *3.  Courts thus routinely preclude plaintiffs from pursuing punitive damages on negligence claims.  *Zayas v. Ortega*, 2018 WL 11227735, at *21 (N.D. Cal. Aug. 10, 2018) ("Because only a negligence claim (in part) survives, there is no basis for punitive damages."); *Meier v. City of Brisbane*, 2022 WL 523327, at *6 (N.D. Cal. Feb. 22, 2022) ("[T]o the extent that the request for punitive damages is based on the negligence claim against Sevilla, it is dismissed with prejudice.").  Plaintiff has never pleaded the requisite oppression, fraud, or malice, and the allegations or evidence underlying his negligence claim do not support punitive damages.

With respect to punitive damages against the individual Defendants for Plaintiff's invasion of privacy claim, the Court should deem the issue waived by Plaintiff.  An award of punitive damages must be based on "some evidence about the defendant's financial condition and ability to pay the award" so that it is "properly calibrated so as to inflict economic pain without financially ruining the defendant."  *Soto v. BorgWarner Morse TEC Inc.*, 239 Cal. App. 4th 165, 192 (2015).  In *Soto*, the plaintiff never sought pre-trial discovery to support its request

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1   for punitive damages and rather "elected to take the wait-and-see approach" at trial.

2   *Id.* at 198.  The court reversed the award of punitive damages given the insufficient

3   evidence of the defendant's financial condition.  *Id.*

4          Similarly, in *Viasphere Int'l, Inc. v. Vardanyan*, 2017 WL 1065191, at *4-6

5   (N.D. Cal. Mar. 21, 2017), the court granted the defendant's motion for judgment as

6   a matter of law and reversed a punitive damages award because the plaintiff did not

7   offer sufficient evidence of defendant's financial condition to support the award.

8   Specifically, the plaintiff had failed to, among other things, conduct any pretrial

9   discovery as to the defendant's financial condition, without any justification.  *Id.* at

10  *5.  Instead, the plaintiff made a strategic choice to wait until trial.  *Id.*  The court

11  concluded that "the punitive damages award cannot stand because there was no

12  evidence of Vardanyan's net worth, much less any meaningful evidence of the

13  same." *Id.* at *6; *see also Chron. Pub. Co. v. Legrand*, 1992 WL 420808, at *3, *5

14  (N.D. Cal. Sept. 3, 1992) ("A necessary prerequisite to" a punitive damages analysis

15  "is the presence of 'meaningful evidence' in the record of defendant's financial

16  status," including net assets or net income and not just gross assets or gross income)

17  (vacating punitive damages award when there was insufficient evidence of

18  defendant's net worth).

19         Here, Plaintiff never sought discovery regarding any of the individual

20  Defendants' financial condition.  Plaintiff failed to do so despite extensive discovery

21  in this case, including over 40 depositions and tens of thousands of pages of

22  document production.

23         In the event that the Court, at its discretion, permits Plaintiff to pursue

24  punitive damages against any individual Defendant, Defendants would agree to a

25  verdict form that is consistent with CACI VF-3900.

26         Finally, Plaintiff contends it is unnecessary to include in the damages requests

27  any medical expenses because Plaintiff is not seeking those expenses as damages.

28  This is the first time Defendants have been made aware of this.  Given Plaintiff's

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

JOINT MEMORANDUM REGARDING THE PARTIES' PROPOSED VERDICT FORMS

1    representation, Defendants have removed such references from their verdict forms.

2    **4.   Defendants' Section 1983 Forms Are Proper and Accurate**

3    *(a)   Defendants Properly Characterize the Constitutional Violation*

4    As Plaintiff concedes, Plaintiff's Section 1983 claim is unique and based on a

5    specific standard articulated in *Marsh v. County of San Diego,* 680 F.3d 1148 (9th

6    Cir. 2012*)*, and therefore there is no Ninth Circuit model instruction or CACI form

7    that fits the facts of this case.  As such, Defendants' Section 1983 form relies on

8    both modified model instructions and case law.  Therefore, Plaintiff's claim that

9    there is a "general lack of supporting authority" for Defendants' Section 1983

10   instruction makes no sense and is just inflammatory and misleading.

11   Defendant's Section 1983 forms accurately state and reflect the law in *Marsh*.

12   In *Marsh*, a former prosecutor sent an autopsy photo of the remains of a young child

13   to a newspaper and a television station with the goal of having them released

14   publicly.  680 F.3d at 1152.  The Ninth Circuit determined that sending an "autopsy

15   photograph to the press" shocked the conscience because, "given the viral nature of

16   the Internet," the victim's mother "might easily stumble upon photographs of her

17   dead son on news websites, blogs or social media websites."  *Id.* at 1155.  The

18   decision was based on the "publication of death images."  *Id.* at 1154.  The relevant

19   constitutional right, which the court addressed for the first time, was the "federal

20   privacy right to control public dissemination of a family member's death images."

21   *Id.* at 1152.

22   Plaintiff takes issue with the term "widespread public dissemination" in

23   Defendant's verdict form, but "public dissemination" is a phrase taken verbatim

24   from *Marsh*.  *See id.* at 1152.  Plaintiff tries to minimize critical facts in *Marsh*,

25   including that the photo at issue was shared with the *media*.  But sharing a photo

26   with the media is necessarily "widespread public dissemination"—it has the

27   capability of instantaneously being shared across the globe to millions, if not

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1   billions, of people.  That was the problem articulated in *Marsh*.  Thus, Defendant's

2   phrasing is in line with *Marsh*.

3        In any event, based on the Court's guidance at the February 8, 2022 Pretrial

4   Conference, Defendants have removed the term "widespread" from their proposed

5   instructions.  While Defendants contend this term is consistent with the law and

6   *Marsh*, Defendants are willing to remove it to because the phrase "public

7   dissemination" conveys similar information.

8        Additionally, there is no basis in law or fact to include the "taking" of the

9   photos within the purported Constitutional violation as Plaintiff contends.  *Marsh*

10  had nothing to do with the taking of the photos—only the sharing of photos.

11  Defendants' initial proposed jury instructions and verdict forms inadvertently

12  contained the word "taking" in addition to sharing.  This term has since been

13  removed to correct this error.

14              *(b)    Plaintiff Has Waived Certain Theories of Liability*

15        Plaintiffs have waived certain theories of liability.  Defendants briefed this

16  waiver issue in the Response to Plaintiffs' Supplemental Brief Re: *Monell* Claim,

17  per the Court's order at the February 8, 2022 Pretrial Conference.  (Dkt. 202.)  The

18  arguments from that brief are incorporated herein.

19        In sum, Plaintiff contends the Section 1983 form should address two different

20  theories of liability: (1) a failure to train or a policy of inaction; and (2) an

21  affirmative policy in the form of a practice or custom.  The latter theory, however, is

22  not alleged in Plaintiff's Second Amended Complaint.  (SAC ¶ 32(a)-(c).)  Plaintiff

23  also abandoned all but the training theory by failing to address other theories in his

24  opposition to Defendants' motion for summary judgment.  *See Shakur v. Schriro*,

25  514 F.3d 878, 892 (9th Cir. 2008) ("[P]laintiff has 'abandoned . . . claims by not

26  raising them in opposition to [the defendant's] motion for summary judgment.'"

27  (second alteration in original) (citation omitted)).  Thus, Plaintiff should not be

28  permitted to now assert this theory through his verdict form.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

In any event, to plead a *Monell* claim through a "longstanding practice or custom," *Wettstein v. County of Riverside*, 2020 WL 2199005, at *4 (C.D. Cal. Jan. 22, 2020) (citation omitted), Plaintiff must establish that the Entity Defendants' practice or custom is "so persistent and widespread as to practically have the force of law," *Connick v. Thompson*, 563 U.S. 51, 61 (2011). But there is zero evidence that there is a "persistent and widespread" practice of sharing death images that has risen to the level of a "permanent and well settled" County policy. There are no other complaints of LASD or LAFD personnel doing anything similar.

Plaintiff knows the weakness of his claims and in fact has already abandoned a third theory of liability, which he does not appear to be trying to resuscitate on the eve of trial. He previously alleged that the entity Defendants are liable under *Monell* because they failed to adequately investigate the complaints about photo sharing and that the discipline imposed was inadequate. But a *Monell* claim cannot be based on "actions that a government entity took or failed to take *subsequent* to the alleged violations." *McClain v. SBC Sheriff's Dep't*, 2018 WL 3105248, at *7 (C.D. Cal. June 21, 2018) (dismissing *Monell* claim based on actions taken after "the incident that gave rise to plaintiff's claims"). That's because causation cannot be established.

### (c)   Defendants' Form Is Consistent With The Ninth Circuit Model Form and the Facts of this Case

Plaintiff's Section 1983 claim, and indeed his entire lawsuit, is premised on very narrow alleged misconduct: Defendants' alleged sharing of crash scene photos depicting Plaintiff's deceased family members. In fact, in his Second Amended Complaint, Plaintiff alleges that his Section 1983 claim is premised on "[t]he failure to train and supervise adequately the personnel of both the Sheriff's Department and the Fire Department to ensure they do not take or share photos of human remains for personal use." (SAC ¶ 32(a).) Defendant's verdict form thus properly asks the jury to determine whether the Entity Defendants "fail[ed] to adequately train its

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1    employees on the sharing of crash scene photos depicting human remains."

2         Despite his own pleadings, Plaintiff now contends that the subject of the

3    training at issue should be broader—the failure to "train its employees to handle the

4    usual and recurring situations with which they must deal."  This is vague and

5    overbroad, and thus irrelevant to the narrow issue in this case.  Plaintiff pulls this

6    language from the Ninth Circuit Model Instruction 9.8, but that language is merely

7    bracketed, suggested alternative language.  And, as Plaintiff concedes, there is no

8    model jury instruction nor verdict form that aligns with the specific right and issue

9    articulated in *Marsh*.

10        The jury needs to receive guidance on the specific issues in this case.

11   Plaintiff wants to give the jury a vague, irrelevant, and overbroad verdict form

12   simply because the jurors "might believe that training should be given as to all death

13   scenes."  What do "death scenes" generally have to do with the *sharing* of photos of

14   human remains, which is the alleged constitutional violation here?  This suggestion

15   is inconsistent with *Marsh*, is highly prejudicial, and would confuse the jury.

16        Plaintiff also argues that Defendants' verdict form improperly splits the

17   deliberate indifference standard into separate "notice" and "knowledge"

18   requirements.  This is not so.

19        Defendants' Question 4 (formerly Question 1) asks the jury to find whether

20   any of the Entity Defendants were on "notice that it needed to train its employees on

21   the sharing of crash scene photos depicting human remains?"  That is a critical,

22   threshold issue in this case.  A *Monell* claim based on failure to train requires

23   evidence of a "pattern of similar constitutional violations by untrained employees."

24   *Flores v. County of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014).  The pattern

25   of similar conduct is what puts an entity on notice of the need to provide training.

26   *Marsh*, 680 F.3d at 1159.  But there is zero evidence that there has ever before been

27   a complaint about a Sheriff's Department or Fire Department employee sharing

28   photos of victim remains.  If no such evidence exists, a jury should not get to any of

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  the remaining questions on the Section 1983 claim.

2      With respect to former Questions 3 and 4, Defendants agree with Plaintiff that

3  these can be consolidated and have done so. Defendants' revised Question 6 now

4  reads, "Did the inadequacy of the [Sheriff or Fire Department's] training program

5  amount to deliberate indifference to the rights of CHRISTOPHER L. CHESTER

6  such that the [Fire or Sheriff's Department] knew that it would likely result in a

7  deprivation of substantive due process rights under the Fourteenth Amendment

8  through publication of images of Plaintiff's deceased relatives?" Plaintiff's

9  contention that the use of the term "know" ignores the difference between actual and

10 constructive notice makes no sense. It encompasses both. Defendants' proposed

11 jury instruction on the Section 1983 claim expressly explains that this knowledge

12 can be actual or constructive. Thus, the jury will not be confused or misled. It will

13 be instructed consistently with the law, and the special verdict form will track the

14 essential elements of this claim.

15     Finally, as Plaintiff agrees, a jury must find that an employee of the relevant

16 entity, acting under color of law, violated Plaintiff's constitutional right before it

17 determines the liability of the entity. While Plaintiff's proposed special verdict form

18 at first glance seems to address this threshold issue, it is incomplete. Defendants'

19 form contains Questions 1-3 that accurately and clearly outline the threshold issues

20 that the jury must decide before turning to the *Monell* questions. Specifically,

21 Questions 1 and 2 separate out the questions of whether there was a constitutional

22 violation and whether the employee was acting under color of law. Question 3

23 additionally asks that the jury determine whether the employee's conduct shocks the

24 conscience. This is the standard articulated in *Marsh*, and Plaintiff concedes that

25 this is the correct standard in their own proposed jury instructions on the applicable

26 Constitutional right at issue here. Finally, Questions 1-3 appropriately limit the

27 specific employees to either those that are named Defendants or those that Plaintiff

28 has specifically pleaded in the First Amended Complaint are Fire Department

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1   personnel that took or shared photos.

2          (d)    *Deliberate Indifference Requires That The Right At Issue Was "Clearly Established"*

3       Plaintiff objects to Question 6, which asks whether Plaintiff's rights relating

4   to the public dissemination of death images were "clearly established" at the time of

5   their alleged violation.  Plaintiff contends that Defendants are attempting to assert a

6   qualified immunity defense.  Plaintiff argues that this is improper because local

7   governments cannot assert qualified immunity as a defense to a *Monell* claim and

8   because qualified immunity is not a jury question.  These arguments are red

9   herrings.  Question 6 is not asserting qualified immunity.

10      Question 6 derives directly from the Supreme Court's holding that a local

11  government may be liable for a failure to train only if it amounted to "deliberate

12  indifference" to constitutional rights.  *City of Canton, Ohio v. Harris*, 489 U.S. 378,

13  388 (1989).  A local government can only act with the required conscious

14  indifference towards constitutional rights if those rights were "clearly established"

15  to the local government.  *See Huling v. City of Los Banos*, 869 F. Supp. 2d 1139,

16  1155 (E.D. Cal. 2012) ("Several district courts have held, that 'to be "deliberately

17  indifferent" to rights requires that those rights be clearly established.'") (quoting

18  *Watson v. Sexton*, 755 F. Supp. 583, 587-88 (S.D.N.Y. 1991)); *Szabla v. City of*

19  *Brooklyn Park, Minnesota*, 486 F.3d 385, 393 (8th Cir. 2007) ("While a

20  municipality does not enjoy qualified immunity from damages liability that results

21  from a policy that is itself unconstitutional or from an unconstitutional decision by

22  municipal policymakers, . . . a municipal policymaker cannot exhibit fault rising to

23  the level of deliberate indifference to a constitutional right when that right has not

24  yet been clearly established."); *Joyce v. Town of Tewksbury, Mass.*, 112 F.3d 19, 23

25  (1st Cir. 1997) ("[O]ur rationale here for granting qualified immunity to the

26  officers—that the unsettled state of the law made it reasonable to believe the

27  conduct in this case constitutional—also precludes municipal liability.").

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1   There is no dispute that the element of deliberate indifference is a jury

2   question, and it is a necessary pre-requisite to a finding of deliberate indifference

3   that the right at issue was "clearly established."  Question 6 is thus a proper and

4   necessary question on the verdict form to be answered by the jury.

5   *(e)      Defendants' Form Has A Proper Causation Requirement*

6   Plaintiff takes issue with Defendants' causation questions.  Ironically,

7   however, neither Plaintiff's general verdict forms nor his alternative special verdict

8   forms contain any question or reference to causation at all.  Plaintiff ignores this

9   critical element in each of his claims altogether.  The jury cannot do so.

10   Defendants' causation question is consistent with Ninth Circuit law and

11   model jury instructions and verdict forms.  "In a § 1983 action, the plaintiff must

12   also demonstrate that the defendant's conduct was the actionable cause of the

13   claimed injury."  *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir.

14   2008).  The Ninth Circuit in *Arnold v. Int'l Business Machines Corp.*, 637 F.2d

15   1350, 1355 (9th Cir. 1981) engaged in a detailed discussion of the causation concept

16   in civil rights cases, including claims under Section 1983.  In *Arnold*, the Ninth

17   Circuit explained that causation in a Section 1983 claim requires both causation in

18   fact and proximate causation.  *Id.*  Nowhere in its lengthy discussion is the term

19   "substantial factor" used.  *See id.*

20   Neither CACI No. VF-3002 nor the Ninth Circuit Model Jury Instructions 9.2

21   and 9.8 have the "substantial factor" language either.  CACI No. VF-3002 states, in

22   part, "Was the failure to provide adequate training the cause of the deprivation of

23   plaintiff's right?"  Ninth Circuit Model Jury Instruction 9.8 states, in part, that

24   plaintiff must prove "the failure of the defendant to provide adequate training caused

25   the deprivation of the plaintiff's rights."  While Ninth Circuit Model Jury Instruction

26   9.8 does elaborate that the causation element is when the "defendant's failure to

27   train played a substantial part" in causing the injury or damage to plaintiff, that is

28   simply explanatory language.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

Plaintiff contends that Defendants' causation question will lead the jury to believe that there can only be one cause. That concern is misplaced. His only cite is to *Wroth v. City of Rohnert Park*, 2019 WL 8333513 (N.D. Cal. Dec. 3, 2019). In that case, plaintiffs brought a Section 1983 claim over a police killing of plaintiffs' son. *Id.* at *1. The jury was given a verdict form causation question asking whether the defendants' deliberate difference was "the moving force" behind plaintiffs' son's death. *Id.* at *6. The court noted that the use of the word "the" might suggest that there could only be one moving force. *Id.* That issue was resolved by the court giving an instruction that, "under basic tort concepts" causation can be established if one or both of the city's inadequate training or the officers' deliberate indifference "was a substantial factor in causing his death." *Id.*

Here, unlike in *Wroth*, Plaintiff's Section 1983 claim is based only on one theory—the Entity Defendants' training. Therefore, the jury will not be left to wonder or consider what other possible causes there might be. That's simply irrelevant. Moreover, just like in *Wroth*, Defendants are proposing a general tort instruction on "Causation: Substantial Factor." Plaintiff's concern is makeweight.

(f)   *Plaintiff's Alternative Proposed Special Verdict Form Is Highly Misleading and Misstates the Law*

Plaintiff's proposed special verdict form ignores key elements and language of a Section 1983 claim. There is no causation question; it simply asks the jury whether Plaintiff has "prevail[ed]" on his claim. There is no reference to deliberate indifference. It strays so far from the Ninth Circuit Model Instruction 9.3 and CACI VF-3002 that it is wholly unrecognizable.

There are also issues with his specific questions. Plaintiff's Question 1 asks, "Did one or more employees [of each of the Entity Defendants], acting under color of state law, deprive Plaintiff Christopher L. Chester of his constitutional right to control the remains, images and memories of his deceased family members?" This is misleading, confusing, and improper because this case is about the sharing of

Miller Barondess, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400     FAX: (310) 552-8400

photos.  It has nothing to do with handling the remains of Plaintiff's deceased family members or their "memories," such as how or when to hold a memorial service. Plaintiff is trying to change his theory of the case on the eve of trial without any basis in either the governing law (*Marsh*) or the evidence adduced in discovery.

Question 3 asks whether Plaintiff has prevailed on his Section 1983 claim based on a "practice or custom."  As discussed above, this is a theory that Plaintiff has already waived.

### 5.    Defendants' Negligence Forms Are Clear and Consistent With Governing Law

Defendants' negligence forms are straightforward and derived from CACI VF-400.  Conversely, Plaintiff's proposed general verdict forms for negligence bear no relationship to CACI VF-400.  Again, Plaintiff's negligence forms omit entirely the element of causation—asking only who prevailed on the claim "for negligence."  Plaintiff is trying to get a verdict without proving the essential elements of his claims.  Defendants' CACI-derived forms should be used rather than Plaintiff's incomplete and prejudicial forms.

Defendants agree with Plaintiff that the element of duty is a legal issue for the Court to decide.  The Court, however, has not yet made a specific determination as to duty, and so the issue should be put to the jury, unless the Court would prefer to resolve the issue by pre-trial briefing or some other mechanism.

Defendants also agree that: (i) their forms should adhere to VF-400's "substantial factor" test for causation; and (ii) their forms should reflect that the negligence of the entities may be vicarious only.  Defendants have modified their forms accordingly.  Defendants' forms, in particular, properly reflect that the entities' liability may only arise if Plaintiff proves the negligence of a specific employee Defendant and finds that Defendant was acting with the scope of employment.

Plaintiff's alternative special verdict forms for negligence are confusing and

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

likely to mislead the jury. For vicarious liability to attach to an entity Defendant, all the elements of negligence must be proven as to at least one specific employee who was acting within the scope of employment. *See* Cal. Gov't Code § 815.2 ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."). Plaintiff's forms, however, are written so that the jury could impose liability on an entity Defendant by finding that *different* employees satisfied different elements of the negligence claim.

For example, Plaintiff's Question 3 asks, "Were one or more employees of Defendant Los Angeles County Fire Department acting within the scope of their employment when the conduct occurred." As written, the jury could easily believe that this element was met by an employee *other than* the employee who the jury found was negligent. Plaintiff's forms could result in a Frankenstein finding of vicarious liability, with different employees purportedly satisfying different elements.

Plaintiff relies on *Perez v. City of Huntington Park*, 7 Cal. App. 4th 817 (1992) to argue that he can seek to hold the entities liable for the actions of employees other than the named Individual Defendants. *Perez*, however, is inapposite. In *Perez*, the plaintiff sued four police officers and the city for battery after he was struck on the head. The claims were tried to the court. The court concluded that one of the four officers struck the plaintiff but could not determine which officer. The court thus found for the individual officers while still holding the city itself liable. This holding on these unique facts has no bearing here. The court in *Perez* did not authorize the kind of vague verdict forms and instructions that Plaintiff is proposing in this case.

This is not a case where there is some uncertainty as to which precise employee Plaintiff needed to sue. Plaintiff had the benefit of multiple investigations

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

and substantial discovery, and he named the individuals she thought could be liable. The Individual Defendants are thus the only individuals the jury needs to be asked about in adjudicating vicarious liability. Plaintiff's vague verdict forms that ask about the entities' supposed "responsib[ility]" for other unnamed "employees" are prejudicial. They risk confusing the jury into believing it can hold the Entity Defendants liable without finding at least one employee individually met all the elements of a claim. Plaintiff's verdict forms (and jury instructions) create a real danger of confusing the jury into treating the Entity Defendants as a collective (e.g., allowing different employees meet different elements, etc.) and making a Frankenstein finding of liability against them.

### 6. Defendants' Privacy Forms Are Consistent With The Evidence To Be Offered By Plaintiffs

This case requires verdict forms (and jury instructions) to be crafted to properly capture and conform to the right of privacy at issue—specifically, the right against public dissemination of a relative's death images, as authorized by *Catsouras v. Dep't of California Highway Patrol*, 181 Cal. App. 4th 856, 869-70 (2010). Defendants' forms are consistent with this law; Plaintiff's forms are not.

Generally, "the right of privacy is purely a personal one" and "does not survive but dies with the person." *Id.* at 869-70 (quoting *Flynn v. Higham*, 149 Cal. App. 3d 677, 683 (1983)). California Civil Code section 1708.8 protects against invasions of privacy "in order to capture any type of visual image, sound recording, or other physical impression *of the plaintiff* engaging in a private, personal, or familial activity." Cal. Civ. Code § 1708.8(a) (emphasis added). The California Court of Appeal in *Catsouras*, however, recognized a right of privacy in an area "not heretofore addressed" by California case law—a right against the public dissemination "out of sheer morbidity" of death images of a relative. 181 Cal. App. 4th at 874.

*Catsouras* recognized that an alleged violation of this privacy right states a

Miller Barondess, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

claim on a theory of public disclosure of private facts. *Id.* at 868. Plaintiff's proposed forms nevertheless include questions on *both* a public disclosure theory and an intrusion into private affairs theory. This latter intrusion theory is not authorized by *Catsouras* or otherwise. Plaintiff was not personally present at the crash scene, the crash scene was not a private place, and law enforcement was legally authorized to be there. Plaintiff cites *no authority* that supports including a question for the jury on the separate intrusion theory given the undisputed facts in this case. Plaintiff's proposed verdict forms will only confuse and mislead the jury.

Plaintiff argues that Defendants' forms frame Plaintiff's privacy right too narrowly by not mentioning Plaintiff's privacy right in his relatives' remains. But per *Catsouras*, the relevant privacy right Plaintiff had in his relatives' remains here was a right against public dissemination of death images. 181 Cal. App. 4th at 869-70. Defendants' forms properly track *Catsouras* and should be used instead of Plaintiff's forms, which do not conform to *Catsouras*.[6]

---

[6] Plaintiff has also asserted that Defendants' forms should not suggest that the jury must find each agency independently committed the tort of invasion of privacy. Defendants agree that, because the government entities are liable only vicariously, there should be no direct question as to their liability. Defendants have modified their forms to properly reflect the vicarious liability issue. An entity Defendant may only be liable upon a finding of liability by an individual Defendant with the scope of employment.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

# II.
# **PLAINTIFF'S PROPOSED GENERAL VERDICT FORMS**

## **Verdict Form – Violation of Constitutional Rights / Sheriff's Department**

On the claim of Plaintiff Christopher L. Chester against Defendant <u>Los Angeles County Sheriff's Department</u> for <u>violation of  Christopher L. Chester's constitutional rights</u>, we, the undersigned jurors, find in favor of (check one):

Plaintiff Christopher L. Chester:

_____

Defendant Los Angeles County Sheriff's Department:

_____


Signed: _____
               Presiding Juror

Dated:  _____

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## **Verdict Form – Violation of Constitutional Rights / Fire Department**

On the claim of Plaintiff Christopher L. Chester against Defendant <u>Los Angeles County Fire Department</u> for <u>violation of Christopher L. Chester's constitutional rights</u>, we, the undersigned jurors, find in favor of (check one):

Plaintiff Christopher L. Chester   :

   _____

Defendant Los Angeles County Fire Department:

   _____


Signed: _____

    Presiding Juror

Dated:  _____

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## __Verdict Form – Violation of Constitutional Rights / County__

On the claim of Plaintiff Christopher L. Chester against Defendant <u>Los Angeles County</u> for <u>violation of Christopher L. Chester's constitutional rights</u>, we, the undersigned jurors, find in favor of (check one):

Plaintiff Christopher L. Chester:

_____

Defendant Los Angeles County:

_____


Signed: _____

Presiding Juror

Dated: _____

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## **Verdict Form – Negligence / Sheriff's Department**

On the claim of Plaintiff Christopher L. Chester against Defendant <u>Los Angeles County Sheriff's Department</u> for <u>negligence</u>, we, the undersigned jurors, find in favor of (check one):

Plaintiff Christopher L. Chester

_____

Los Angeles County Sheriff's Department:

_____

Signed: _____
              Presiding Juror

Dated: _____

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## **<u>Verdict Form – Negligence / Fire Department</u>**

On the claim of Plaintiff Christopher L. Chester against Defendant <u>Los Angeles County Fire Department</u> for <u>negligence</u>, we, the undersigned jurors, find in favor of (check one):

Plaintiff Christopher L. Chester                                          -------- 

Defendant Los Angeles County Fire Department:

_____

Signed: _____

                Presiding Juror

Dated: _____

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## **<u>Verdict Form – Negligence / County</u>**

On the claim of Plaintiff Christopher L. Chester against Defendant <u>Los Angeles County</u> for <u>negligence,</u> we, the undersigned jurors, find in favor of (check one):

Plaintiff Christopher L. Chester

_____

Defendant Los Angeles County

_____


Signed: _____

Presiding Juror

Dated:  _____

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## **Verdict Form – Negligence / Joey Cruz**

On the claim of Plaintiff Christopher L. Chester against Defendant <u>Joey Cruz</u> for <u>negligence</u>, we, the undersigned jurors, find in favor of (check one):

Plaintiff Christopher L Chester: _____

Defendant Joey Cruz: _____

Signed: _____
                  Presiding Juror

Dated: _____

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## **Verdict Form – Negligence / Rafael Mejia**

On the claim of Plaintiff Christopher L. Chester against Defendant <u>Rafael Mejia</u> for <u>negligence</u>, we, the undersigned jurors, find in favor of (check one):

Plaintiff Christopher L. Chester
_____:

Defendant Rafael Mejia:                                                      _____

Signed: _____
                  Presiding Juror

Dated: _____

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## <u>Verdict Form – Negligence / Michael Russell</u>

On the claim of Plaintiff Christopher L. Chester against Defendant <u>Michael Russell</u> for <u>negligence</u>, we, the undersigned jurors, find in favor of (check one):

Plaintiff Christopher L. Chester: _____

Defendant Michael Russell: _____

Signed: _____

                Presiding Juror

Dated: _____

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

### Verdict Form – Negligence / Raul Versales

On the claim of Plaintiff Christopher L. Chester against Defendant <u>Raul Versales</u> for <u>negligence</u>, we, the undersigned jurors, find in favor of (check one):

Plaintiff Christopher L. Chester: _____

Defendant Raul Versales: _____

Signed: _____
            Presiding Juror

Dated: _____

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**<u>Verdict Form—Negligence/Tony Imbrenda</u>**

On the claim of Plaintiff Christopher L. Chester against Defendant Tony Imbrenda for negligence, we, the undersigned jurors, find in favor of (check one):

Plaintiff Christopher L. Chester:                    _____

Defendant Tony Imbrenda:                           _____

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## Verdict Form—Negligence/Arlin Kahan

On the claim of Plaintiff Christopher L. Chester against Defendant Arlin Kahan for negligence, we, the undersigned jurors, find ni favor of (check one):

Plaintiff Christopher L. Chester:        _____

Defendant Arlin Kahan        _____

JOINT MEMORANDUM REGARDING THE PARTIES' PROPOSED VERDICT FORMS

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## <u>Verdict Form – Invasion of Privacy / Sheriff's Department</u>

On the claim of Plaintiff Christopher L. Chester  against Defendant <u>Los Angeles County Sheriff's Department</u> for <u>invasion of privacy</u>, we, the undersigned jurors, find in favor of (check one):

Plaintiff Christopher L. Chester
_____:

Defendant Los Angeles County Sheriff's Department:
_____

Signed: _____
       Presiding Juror

Dated: _____

### <u>Verdict Form – Invasion of Privacy / Fire Department</u>

On the claim of Plaintiff Christopher L. Chester against Defendant <u>Los Angeles County Fire Department</u> for <u>invasion of privacy</u>, we, the undersigned jurors, find in favor of (check one):

Plaintiff Christopher L. Chester:

_____

Defendant Los Angeles County Fire Department:

_____


Signed: _____

Presiding Juror

Dated: _____

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

## **<u>Verdict Form – Invasion of Privacy / County</u>**

On the claim of Plaintiff Christopher L. Chester against Defendant <u>Los Angeles County</u> for <u>invasion of privacy</u>, we, the undersigned jurors, find in favor of (check one):

Plaintiff Christopher L. Chester                    _____

Defendant Los Angeles County:                    _____


Signed: _____
              Presiding Juror

Dated: _____

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## **Verdict Form – Invasion of Privacy / Joey Cruz**

On the claim of Plaintiff Christopher L. Chester against Defendant <u>Joey Cruz</u> for <u>invasion of privacy</u>, we, the undersigned jurors, find in favor of (check one):

Plaintiff Christopher L. Chester

_____

Defendant Joey Cruz:                                                    _____

Signed: _____

          Presiding Juror

Dated:  _____

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## **Verdict Form—Invasion of Privacy / Rafael Mejia**

On the claim of Plaintiff Christopher L. Chester against Defendant Rafael Mejia for invasion of privacy, we, the undersigned jurors, find in favor of (check one);

Plaintiff Christopher L. Chester: _____

Defendant Rafael Mejia: _____

Signed: _____
       Presiding Juror

Dated: _____

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## **Verdict Form—Invasions of Privacy / Michael Russell**

On the claim of Plaintiff Christopher L. Chester, against Defendant Michael Russell for invasions of privacy, we, the undersigned jurors, find in favor of (check one):

Plaintiff Christopher L. Chester: _____

Defendant Michael Russell: _____

Signed: _____
        Presiding Juror

Dated: _____

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

### **Verdict Form—Invasion of Privacy / Raul Versales**

On the cl aim of Plaintiff Christopher L. Chester against Defendant Raul Versales for invasion of privacy, we, the undersigned jurors, find in favor of (check one):

Plaintiff Christopher L. Chester: _____

Defendant Raul Versales: _____

Signed: _____
　　　　　Presiding Juror

Dated: _____

1
2
3
4

### **<u>Verdict Form---Invasion of Privacy / Tony Imbrenda</u>**

5
6

On the claim of Plaintiff Christopher L. Chester against Defendant Tony Imbrenda for invasion of privacy, we, the undersigned jurors, find in favor of (check one):

7
8

Plaintiff Christopher L. Chester:                    _____

9
10

Defendant Tony Imbrenda:                    _____

11
12

Signed: _____
                Presiding Juror

13
14

Dated: _____

15
16
17
18
19
20
21
22
23
24
25
26
27
28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

### <u>Verdict Form—Invasion of Privacy /Arlin Kahan</u>

On the claim of Plaintiff Christopher L. Chester against Defendant Arlin Kahan for invasion of privacy, we, the undersigned jurors, find in favor of (check one):

Plaintiff Christopher L. Chester: _____

Defendant Joey Cruz: _____

Signed: _____
            Presiding Juror

Dated: _____

70

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **Verdict Form – Damages**

### **Joey Cruz**

If you found in favor of Plaintiff Christopher L. Chester and against Defendant Joey Cruz on the claim for Negligence or the claim for Invasion of Privacy (or both), enter the total amount of damages you award Plaintiff Christopher L. Chester for Defendant Joey Cruz's conduct:

Past physical, mental, and emotional pain and suffering, loss of enjoyment of life, humiliation, grief, anxiety, and emotional distress:                    $ _____

Future physical, mental, and emotional pain and suffering, loss of enjoyment of life, humiliation, grief, anxiety, and emotional distress:                    $ _____

$ _____

Punitive damages:

### **Rafael Mejia**

If you found in favor of Plaintiff Christopher L. Chester and against Defendant Rafael Mejia on the claim for Negligence or the claim for Invasion of Privacy (or both),  enter the amount of damages you award Plaintiff Christopher L. Chester for Defendant Rafael Mejia's conduct:

Past physical, mental, and emotional pain and suffering, loss of enjoyment of life, humiliation, grief, anxiety, and emotional distress:                    $ _____

Future physical, mental, and emotional pain and suffering, loss of enjoyment of life, humiliation, grief, anxiety, and emotional distress:                    $ _____

$ _____

JOINT MEMORANDUM REGARDING THE PARTIES' PROPOSED VERDICT FORMS

1    Punitive damages:

JOINT MEMORANDUM REGARDING THE PARTIES' PROPOSED VERDICT FORMS

**Michael Russell**

If you found in favor of Plaintiff Christopher L. Chester and against Defendant Michael Russell on the claim for Negligence or Invasion of Privacy, enter the amount of damages you award Plaintiff Christopher L. Chester for Defendant Michael Russell's conduct:

Past physical, mental, and emotional pain and suffering, loss of enjoyment of life, humiliation, grief, anxiety, and emotional distress:                     $ _____

Future physical, mental, and emotional pain and suffering, loss of enjoyment of life, humiliation, grief, anxiety, and emotional distress:                     $ _____

$ _____

Punitive damages:

**Raul Versales**

If you found in favor of Plaintiff Christopher L. Chester and against Defendant Raul Versales on the claim for Negligence or Invasion of Privacy, enter the amount of damages you award Plaintiff Christopher L. Chester for Defendant Raul Versales's conduct:

Past physical, mental, and emotional pain and suffering, loss of enjoyment of life, humiliation, grief, anxiety, and emotional distress:                     $ _____

Future physical, mental, and emotional pain and suffering, loss of enjoyment of life, humiliation, grief, anxiety, and emotional distress:                     $ _____

$ _____

Punitive damages:

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**Tony Imbrenda**

If you found in favor of Plaintiff Christopher L. Chester and against Defendant Tony Imbrenda on the claim for Negligence or Invasion of Privacy, enter the amount of damages you award Plaintiff Christopher L. Chester for Defendant Tony Imbrenda's conduct:

Past physical, mental, and emotional pain and
Suffering, loss of enjoyment of life, humiliation,
Grief, anxiety, and emotional distress                $------------------------

Future physical, mental, and emotional pain and
suffering, loss of enjoyment of life, humiliation,
grief, anxiety, and emotional distress:          $------------------------

Punitive Damages:                                $------------------------

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**Arlin Kahan**

If you found in favor of Plaintiff Christopher L. Chester and against Defendant Arlin Kahan on the claim for Negligence or Invasion of Privacy (or both), enter the amount of damages you award Plaintiff Christopher L. Chester for Defendant Arlin Kahan's conduct:

Past physical, mental, and emotional pain and suffering, loss of enjoyment of life, humiliation, grief, anxiety, and emotional distress:                    $--------------------

Future physical, mental, and emotional pain and Suffering, loss of enjoyment of life, humiliation, grief, anxiety and emotional distress                    $--------------------

Punitive Damages:                    $--------------------

**Los Angeles County Sheriff's Department**

If you found in favor of Plaintiff Christopher L. Chester and against Defendant Los Angeles County Sheriff's Department on any of the claims for Violation of Constitutional Rights or Negligence or Invasion of Privacy, enter the total amount of damages you award Plaintiff Christopher L. Chester for the conduct of Los Angeles County Sheriff's Department and its officers and employees. Include any amounts that you entered above for past or future harm from the conduct of Defendants Joey Cruz, Rafael Mejia, Michael Russell, and Raul Versales

if you conclude that Defendant Los Angeles County Sheriff's Department is responsible for that harm.  Also include any additional harm suffered by Plaintiff Christopher L. Chester for which Defendant Los Angeles County Sheriff's Department is responsible, such as harm caused by other Los Angeles County Sheriff's Department employees acting within the scope of their employment.

Past physical, mental, and emotional pain and suffering, loss of enjoyment of life, humiliation, grief, anxiety, and emotional distress:                                   $ _____

Future physical, mental, and emotional pain and suffering, loss of enjoyment of life, humiliation, grief, anxiety, and emotional distress:     $ _____

## Los Angeles County Fire Department

If you found in favor of Plaintiff Christopher L. Chester and against Defendant Los Angeles County Fire Department on any of the claims for Violation of Constitutional Rights or Negligence or Invasion of Privacy, enter the total amount of damages you award Plaintiff Christopher L. Chester for the conduct of Los Angeles County Fire Department and its officers and employees, including Brian Jordan, Tony Imbrenda, Arlin Kahan, and others.

Past physical, mental, and emotional pain and suffering, loss of enjoyment of life, humiliation, grief, anxiety, and emotional distress:                                   $ _____

Future physical, mental, and emotional pain and suffering, loss of enjoyment of life, humiliation, grief, anxiety, and emotional distress:     $ _____

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**<u>Los Angeles County</u>**

If you found in favor of Plaintiff Christopher L. Chester and against Defendant Los Angeles County on any of the claims for Violation of Constitutional Rights or Negligence or Invasion of Privacy, enter the total amount of damages you award Plaintiff Christopher L. Chester for the conduct of Los Angeles County and its officers and employees by adding together the damages awarded against Defendant Los Angeles County Sheriff's Department and Defendant Los Angeles County Fire Department:

Past physical, mental, and emotional pain and suffering, loss of enjoyment of life, humiliation, grief, anxiety, and emotional distress:                 $ _____

Future physical, mental, and emotional pain and suffering, loss of enjoyment of life, humiliation, grief, anxiety, and emotional distress:                 $ _____

Signed: _____
                Presiding Juror

Dated: _____

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

# III.
# PLAINTIFF'S ALTERNATIVE PROPOSED SPECIAL VERDICT FORMS

## **Verdict Form – Violation of Constitutional Rights / Sheriff's Department**

We answer the questions submitted to us as follows:

1.     Did one or more employees of Defendant Los Angeles County Sheriff's Department, acting under color of state law, deprive Plaintiff Christopher L. Chester of his constitutional right to control the remains, images and memories of his deceased family members?

_____ Yes  _____ No

If your answer to question 1 is yes, then answer question 2.  If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

2.     Did Plaintiff  Christopher L. Chester prevail on his § 1983 claim against Defendant Los Angeles County Sheriff's Department based on a policy that fails to prevent violations of law by its employees, such as a failure to adopt or enforce a needed policy or a failure to train its employees?

_____ Yes  _____ No

Regardless of your answer to question 2, proceed to question 3.

3.     Did Plaintiff  Christopher L. Chester prevail on his § 1983 claim against Defendant Los Angeles County Sheriff's Department based on a practice or custom?

_____ Yes  _____ No

Signed: _____
                   Presiding Juror

Dated:  _____

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

## **Verdict Form – Violation of Constitutional Rights / Fire Department**

We answer the questions submitted to us as follows:

1.     Did one or more employees of Defendant Los Angeles County Fire Department, acting under color of state law, deprive Plaintiff Christopher L. Chester of his constitutional right to control the remains, images and memories of his deceased family members?

_____ Yes   _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

2.     Did Plaintiff Christopher L. Chester prevail on his § 1983 claim against Defendant Los Angeles County Fire Department based on a policy that fails to prevent violations of law by its employees, such as a failure to adopt or enforce a needed policy or a failure to train its employees?

_____ Yes   _____ No

Regardless of your answer to question 2, proceed to question 3.

3.     Did Plaintiff Christopher L. Chester prevail on his § 1983 claim against Defendant Los Angeles County Fire Department based on a practice or custom?

_____ Yes   _____ No


Signed: _____
                   Presiding Juror

Dated:  _____

## **<u>Verdict Form – Violation of Constitutional Rights / County</u>**

We answer the questions submitted to us as follows:

1.      Did one or more employees of Defendant Los Angeles County, acting under color of state law, deprive Plaintiff Christopher L. Chester of his constitutional right to control the remains, images and memories of his deceased family members?

_____ Yes   _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

2.      Did Plaintiff Christopher L. Chester prevail on his § 1983 claim against Defendant Los Angeles County based on a policy that fails to prevent violations of law by its employees, such as a failure to adopt or enforce a needed policy or a failure to train its employees?

_____ Yes   _____ No

Regardless of your answer to question 2, proceed to question 3.

3.      Did Plaintiff Christopher L. Chester prevail on his § 1983 claim against Defendant Los Angeles County based on a practice or custom?

_____ Yes   _____ No


Signed: _____
                  Presiding Juror

Dated:  _____

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## **Verdict Form – Negligence / Sheriff's Department**

We answer the questions submitted to us as follows:

1.      Were one or more employees of Defendant Los Angeles County Sheriff's Department negligent?

_____ Yes  _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

2.      Was the negligence of the one or more employees of Defendant Los Angeles County Sheriff's Department a substantial factor in causing harm to Plaintiff Christopher L. Chester?

_____ Yes  _____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

3.      Were one or more employees of Defendant Los Angeles County Sheriff's Department acting within the scope of their employment when the conduct occurred?

_____ Yes  _____ No


Signed: _____
               Presiding Juror

Dated: _____

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

### **Verdict Form – Negligence / Fire Department**

We answer the questions submitted to us as follows:

1.     Were one or more employees of Defendant Los Angeles County Fire Department negligent?

_____ Yes   _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

2.     Was the negligence of the one or more employees of Defendant Los Angeles County Fire Department a substantial factor in causing harm to Plaintiff Christopher L. Chester?

_____ Yes   _____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

3.     Were one or more employees of Defendant Los Angeles County Fire Department acting within the scope of their employment when the conduct occurred?

_____ Yes   _____ No


Signed: _____
              Presiding Juror

Dated: _____

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## **Verdict Form – Negligence / County**

We answer the questions submitted to us as follows:

1.     Were one or more employees of Defendant Los Angeles County negligent?

\_\_\_\_\_ Yes  \_\_\_\_\_ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

2.     Was the negligence of the one or more employees of Defendant Los Angeles County a substantial factor in causing harm to Plaintiff Christopher L. Chester?

\_\_\_\_\_ Yes  \_\_\_\_\_ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

3.     Were one or more employees of Defendant Los Angeles County acting within the scope of their employment when the conduct occurred?

\_\_\_\_\_ Yes  \_\_\_\_\_ No

Signed: _____
              Presiding Juror

Dated:  _____

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## **Verdict Form – Negligence / Joey Cruz**

We answer the questions submitted to us as follows:

1.     Was Defendant Joey Cruz negligent?

_____ Yes   _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

2.     Was Joey Cruz's negligence a substantial factor in causing harm to Plaintiff Christopher L. Chester?

_____ Yes   _____ No

Signed: _____
                        Presiding Juror

Dated:  _____

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

Miller Barondess, llp
Attorneys at Law
1999 Avenue of The Stars, Suite 1000  Los Angeles, California 90067
Tel: (310) 552-4400  Fax: (310) 552-8400

## Verdict Form – Negligence / Rafael Mejia

We answer the questions submitted to us as follows:

1.     Was Defendant Rafael Mejia negligent?

_____ Yes  _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

2.     Was Rafael Mejia's negligence a substantial factor in causing harm to Plaintiff Christopher L. Chester?

_____ Yes  _____ No

Signed: _____
                   Presiding Juror

Dated:  _____

## **<u>Verdict Form – Negligence / Michael Russell</u>**

We answer the questions submitted to us as follows:

1.     Was Defendant Michael Russell negligent?

_____ Yes   _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

2.     Was Michael Russell's negligence a substantial factor in causing harm to Plaintiff Christopher L. Chester?

_____ Yes   _____ No

Signed: _____
                    Presiding Juror

Dated:  _____

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1

## **Verdict Form – Negligence / Raul Versales**

We answer the questions submitted to us as follows:

1.     Was Defendant Raul Versales negligent?

\_\_\_\_\_ Yes   \_\_\_\_\_ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

2.     Was Raul Versales's negligence a substantial factor in causing harm to Plaintiff Christopher L. Chester?

\_\_\_\_\_ Yes   \_\_\_\_\_ No

Signed: _____
                      Presiding Juror

Dated:  _____

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## **Verdict Form—Negligence / Tony Imbrenda**

We answer the questions submitted to us as follows:

1.      Was Defendant Tony Imbrenda negligent?


_____   Yes            _____   No


        If your answer to question 1 is yes, then answer question 2.  If you answer no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.


2.      Was Defendant Tony Imbrenda's negligence a substantial factor in causing harm to Plaintiff Christopher L. Chester?


_____   Yes            _____   No.


Signed: _____
                   Presiding Juror


Dated: _____

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**Verdict Form—Negligence / Arlin Kahan**

We answer the questions submitted to us as follows:

3.     Was Defendant Arlin Kahan negligent?


_____ Yes          _____ No


If your answer to question 1 is yes, then answer questions 2.  If you answered no, stop here, answer no further question on this form, and have the presiding juror sign and date this form.


2.     Was Arlin Kahan's negligence a substantial favor in causing harm to Plaintiff Christopher L. Chester?


_____ Yes          _____ No


Signed:  _____

        Presiding Juror


Dated:  _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## <u>Verdict Form – Invasion of Privacy / Sheriff's Department</u>

We answer the questions submitted to us as follows:

1.      Did one or more employees of Defendant Los Angeles County Sheriff's Department invade the privacy of Plaintiff Christopher L. Chester by intruding into his private affairs?

_____ Yes _____ No

Regardless of your answer to question 1, proceed to question 2.

2.      Did one or more employees of Defendant Los Angeles County Sheriff's Department invade the privacy of Plaintiff Christopher L. Chester by publicly disclosing private facts?

_____ Yes _____ No

3.      Were one or more employees of Defendant Los Angeles County Sheriff's Department acting within the scope of their employment when the conduct occurred?

_____ Yes _____ No

Signed: _____
                    Presiding Juror

Dated:  _____

## **Verdict Form – Invasion of Privacy / Fire Department**

We answer the questions submitted to us as follows:

1.      Did one or more employees of Defendant Los Angeles County Fire Department invade the privacy of Plaintiff Christopher L. Chester by intruding into his private affairs?

_____ Yes   _____ No

Regardless of your answer to question 1, proceed to question 2.

2.      Did one or more employees of Defendant Los Angeles County Fire Department invade the privacy of Plaintiff Christopher L. Chester by publicly disclosing private facts?

_____ Yes   _____ No

3.      Were one or more employees of Defendant Los Angeles County Fire Department acting within the scope of their employment when the conduct occurred?

_____ Yes   _____ No

Signed: _____
                Presiding Juror

Dated: _____

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## **<u>Verdict Form – Invasion of Privacy / County</u>**

We answer the questions submitted to us as follows:

1.      Did one or more employees of Defendant Los Angeles County invade the privacy of Plaintiff Christopher L. Chester by intruding into his private affairs?

_____ Yes   _____ No

Regardless of your answer to question 1, proceed to question 2.

2.      Did one or more employees of Defendant Los Angeles County invade the privacy of Plaintiff Christopher L. Chester by publicly disclosing private facts?

_____ Yes   _____ No

3.      Were one or more employees of Defendant Los Angeles County acting within the scope of their employment when the conduct occurred?

_____ Yes   _____ No

Signed: _____
              Presiding Juror

Dated: _____

## **Verdict Form – Invasion of Privacy / Individual Defendants**

We answer the questions submitted to us as follows:

### **Joey Cruz**

1.     Did Defendant Joey Cruz invade the privacy of Plaintiff Christopher L. Chester by intruding into his private affairs?

\_\_\_\_\_ Yes  \_\_\_\_\_ No

Regardless of your answer to question 1, proceed to question 2.

2.     Did Defendant Joey Cruz invade the privacy of Plaintiff Christopher L. Chester by publicly disclosing private facts?

\_\_\_\_\_ Yes  \_\_\_\_\_ No

### **Rafael Mejia**

1.  Did Defendant Rafael Mejia invade the privacy of Plaintiff Christopher L. Chester by intruding into his private affairs?

_____ Yes  _____ No

Regardless of your answer to question 1, proceed to question 2.

2.  Did Defendant Rafael Mejia invade the privacy of Plaintiff Christopher L. Chester by publicly disclosing private facts?

_____ Yes  _____ No

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## Michael Russell

1.  Did Defendant Michael Russell invade the privacy of Plaintiff Christopher L. Chester by intruding into his private affairs?

_____ Yes   _____ No

Regardless of your answer to question 1, proceed to question 2.

2.  Did Defendant Michael Russell invade the privacy of Plaintiff Christopher L. Chester by publicly disclosing private facts?

_____ Yes   _____ No

## Raul Versales

1.  Did Defendant Raul Versales invade the privacy of Plaintiff Christopher L. Chester by intruding into his private affairs?

_____ Yes   _____ No

Regardless of your answer to question 1, proceed to question 2.

2.  Did Defendant Raul Versales invade the privacy of Plaintiff Christopher L. Chester by intruding into his private affairs?

_____ Yes   _____ No

## **Tony Imbrenda**

1.  Did Defendant Tony Imbrenda invade the privacy of Plaintiff Christopher L. Chester by intruding into his private affairs?

_____   Yes   _____   No

Regardless of your answer to question 1, proceed to question 2.

2.  Did Defendant Tony Imbrenda invade the privacy of Plaintiff Christopher L. Chester by intruding into his private affairs?

_____   Yes   _____   No

## **Arlin Kahan**

1.  Did Defendant Arlin Kahan invade the privacy of Plaintiff Christopher L. Chester by intruding into his private affairs?

_____   Yes   _____   No

Regardless of your answer to question 1, proceed to questions 2.

2.  Did Defendant Arlin Kahan invade the privacy of Plaintiff Christopher L. Chester by intruding into his private affairs?

_____   Yes   _____   No

Signed: _____
                     Presiding Juror

Dated: _____

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## <u>Verdict Form – Damages</u>

### <u>Joey Cruz</u>

If you found in favor of Plaintiff Christopher L. Chester and against Defendant Joey Cruz on the claim for Negligence or the claim for Invasion of Privacy (or both), enter the total amount of damages you award Plaintiff Christopher L. Chester for Defendant Joey Cruz's conduct:

Past physical, mental, and emotional pain and suffering, loss of enjoyment of life, humiliation, grief, anxiety, and emotional distress:                          $ _____

Future physical, mental, and emotional pain and suffering, loss of enjoyment of life, humiliation, grief, anxiety, and emotional distress:                          $ _____

$ _____

Punitive damages:

### <u>Rafael Mejia</u>

If you found in favor of Plaintiff Christopher L. Chester and against Defendant Rafael Mejia on the claim for Negligence or Invasion of Privacy (or both), enter the amount of damages you award Plaintiff Christopher L. Chester for Defendant Rafael Mejia's conduct:

Past physical, mental, and emotional pain and suffering, loss of enjoyment of life, humiliation, grief, anxiety, and emotional distress:                          $ _____

Future physical, mental, and emotional pain and suffering, loss of enjoyment of life, humiliation, grief, anxiety, and emotional distress:                          $ _____

$ _____

Punitive damages:

**Michael Russell**

If you found in favor of Plaintiff Vanessa Bryant and against Defendant Michael Russell on the claim for Negligence or Invasion of Privacy (or both), enter the amount of damages you award Plaintiff Christopher L. Chester for Defendant Michael Russell's conduct:

Past physical, mental, and emotional pain and suffering, loss of enjoyment of life, humiliation, grief, anxiety, and emotional distress:     $ _____

Future physical, mental, and emotional pain and suffering, loss of enjoyment of life, humiliation, grief, anxiety, and emotional distress:     $ _____

$ _____

Punitive damages:

**Raul Versales**

If you found in favor of Plaintiff Christopher L. Chester and against Defendant Raul Versales on the claim for Negligence or Invasion of Privacy (or both), enter the amount of damages you award Plaintiff Christopher L. Chester for Defendant Raul Versales's conduct:

Past physical, mental, and emotional pain and suffering, loss of enjoyment of life, humiliation, grief, anxiety, and emotional distress:     $ _____

Future physical, mental, and emotional pain and suffering, loss of enjoyment of life, humiliation, grief, anxiety, and emotional distress:     $ _____

$ _____

Punitive damages:

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

98

Case No. 2:20-cv-10844-JFW-E

## Tony Imbrenda

If you found in favor of Plaintiff Christopher L. Chester and against Defendant Tony Imbrenda on the claim for Negligence or Invasion of Privacy (or both), enter the amount of damages you award Plaintiff Christopher L. Chester for Defendant Tony Imbrenda's conduct:

Past physical, mental and emotional pain and
suffering, loss of enjoyment of life, humiliation,
grief, anxiety, and emotional distress                    $----------------

Future physical, mental, and emotional pain and
suffering, loss of enjoyment of life, humiliation,
grief, anxiety and emotional distress:                    $----------------

Punitive damages:                                         $-----------------

## Arlin Kahan

If you found in favor of Plaintiff Christopher L. Chester and against Defendant Arlin Kahan on the claim for Negligence or Invasion of Privacy (or both), enter the amount of damages you award Plaintiff Christopher L. Chester for Defendant Arlin Kahan's conduct:

Past physical, mental, and emotional pain and
suffering, loss of enjoyment of life, humiliation,
grief, anxiety, and emotional distress:                   $------------------

Future physical, mental, and emotional pain and
suffering, loss of enjoyment of life, humiliation,
grief, anxiety, and emotional distress                    $------------------

Punitive damages:                                         $------------------

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**Los Angeles County Sheriff's Department**

If you found in favor of Plaintiff Christopher L. Chester and against Defendant Los Angeles County Sheriff's Department on any of the claims for Violation of Constitutional Rights or Negligence or Invasion of Privacy, enter the total amount of damages you award Plaintiff Christopher L. Chester for the conduct of Los Angeles County Sheriff's Department and its officers and employees. Include any amounts that you entered above for past or future harm from the conduct of Defendants Joey Cruz, Rafael Mejia, Michael Russell, and Raul Versales if you conclude that Defendant Los Angeles County Sheriff's Department is responsible for that harm. Also include any additional harm suffered by Plaintiff Christopher L. Chester for which Defendant Los Angeles County Sheriff's Department is responsible, such as harm caused by other Los Angeles County Sheriff's Department employees acting within the scope of their employment.

Past physical, mental, and emotional pain and suffering, loss of enjoyment of life, humiliation, grief, anxiety, and emotional distress:     $ _____

Future physical, mental, and emotional pain and suffering, loss of enjoyment of life, humiliation, grief, anxiety, and emotional distress:     $ _____

**Los Angeles County Fire Department**

If you found in favor of Plaintiff Christopher L. Chester and against Defendant Los Angeles County Fire Department on any of the claims for Violation of Constitutional Rights or Negligence or Invasion of Privacy, enter the total amount of damages you award Plaintiff Christopher L. Chester for the conduct of Los Angeles County Fire Department and its officers and employees, including Brian Jordan, Tony Imbrenda, Arlin Kahan, and others.

Past physical, mental, and emotional pain and suffering, loss of enjoyment of life, humiliation, grief, anxiety, and emotional distress:     $ _____

Future physical, mental, and emotional pain and suffering, loss of enjoyment of life, humiliation, grief, anxiety, and emotional distress:     $ _____

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**Los Angeles County**

If you found in favor of Plaintiff Christopher L. Chester and against Defendant Los Angeles County on any of the claims for Violation of Constitutional Rights or Negligence or Invasion of Privacy, enter the total amount of damages you award Plaintiff Christopher L. Chester for the conduct of Los Angeles County and its officers and employees by adding together the damages awarded against Defendant Los Angeles County Sheriff's Department and Defendant Los Angeles County Fire Department:

| | | |
|---|---|---|
| Past physical, mental, and emotional pain suffering, loss of enjoyment of life, humiliation, grief, anxiety, and emotional distress: | $ _____ | and |
| Future physical, mental, and emotional pain and suffering, loss of enjoyment of life, humiliation, grief, anxiety, and emotional distress: | $ _____ | |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

# IV.
## DEFENDANTS' PROPOSED SPECIAL VERDICT FORMS

## PUBLIC ENTITY LIABILITY—FAILURE TO TRAIN (42 U.S.C. § 1983)
## (LOS ANGELES COUNTY SHERIFF'S DEPARTMENT)

We answer the questions submitted to us as follows:

1.     Did any of JOEY CRUZ, RAFAEL MEJIA, MICHAEL RUSSELL or RAUL VERSALES violate CHRISTOPHER L. CHESTER'S substantive due process rights under the Fourteenth Amendment by engaging in public dissemination of images of CHRISTOPHER L. CHESTER'S deceased relatives?

___ Yes       ___ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.     Did any of JOEY CRUZ, RAFAEL MEJIA, MICHAEL RUSSELL or RAUL VERSALES act under color of state law?

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3.     Did the public dissemination of images of CHRISTOPHER L. CHESTER'S deceased relatives by of any of JOEY CRUZ, RAFAEL MEJIA, MICHAEL RUSSELL or RAUL VERSALES shock the conscience and offend the community's sense of fair play and decency?

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

4. Was the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT on notice that it needed to train its employees on the sharing of crash scene photos depicting human remains?

___ Yes       ___ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5.      Did the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT fail to adequately train its employees on the sharing of crash scene photos depicting human remains?

___ Yes       ___ No

If your answer to question 5 is yes, then answer question 6. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6.      Did the inadequacy of the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT's training program amount to deliberate indifference to the rights of CHRISTOPHER L. CHESTER such that the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT knew that it would likely result in a deprivation of substantive due process rights under the Fourteenth Amendment through publication of images of Plaintiff's deceased relatives?

___ Yes       ___ No

If your answer to question 6 is yes, then answer question 7. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

7.      Was CHRISTOPHER L. CHESTER's substantive due process rights under the Fourteenth Amendment relating to the public dissemination of images of Plaintiff's deceased relatives were clearly established at the time of any of JOEY CRUZ, RAFAEL MEJIA, MICHAEL RUSSELL, or RAUL VERSALES' (or any

or all of them) alleged conduct?

___ Yes      ___ No

If your answer to question 7 is yes, then answer question 8. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

8.    Was the failure of the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT to provide adequate training the cause of the deprivation of CHRISTOPHER L. CHESTER's substantive due process rights under the Fourteenth Amendment?

___ Yes      ___ No

If your answer to question 8 is yes, then answer question 9. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

9.    Did CHRISTOPHER L. CHESTER suffer a concrete and particularized harm as a result of the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT's failure to adequately train its employees on the sharing of crash scene photos depicting human remains?

___ Yes      ___ No

If your answer to question 9 is yes, then answer question 10. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

10.    What are CHRISTOPHER L. CHESTER's damages?

A.    Past noneconomic loss, including physical pain/mental suffering:
$_____

B.    Future noneconomic loss, including physical pain/mental suffering:
$_____

TOTAL $_____

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1  Signed:_____
                    Presiding Juror

2

3  Dated:_____

4

5  **<u>AUTHORITY</u>:**

6  42 U.S.C. § 1983; Modified CACI No. VF-3002; *TransUnion LLC v. Ramirez*, 141

7  S. Ct. 2190, 2203 (2021); *Connick v. Thompson*, 563 U.S. 51, 61 (2011); *Lujan v.*

8  *Defenders of Wildlife*, 504 U.S. 555, 560-61, 578 (1992); *City of Canton, Ohio v.*

9  *Harris*, 489 U.S. 378, 388 (1989); *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436

10  U.S. 658, 694 (1978); *Flores v. County of Los Angeles*, 758 F.3d 1154, 1159 (9th

11  Cir. 2014); *Marsh v. County of San Diego*, 680 F.3d 1148 (9th Cir. 2012); *Trevino v.*

12  *Gates*, 99 F.3d 911, 918 (9th Cir. 1996); *Probodanu v. Sessions*, 387 F. Supp. 3d

13  1031, 1039 (C.D. Cal. 2019); *Catsouras v. Dep't of California Highway Patrol*, 181

14  Cal. App. 4th 856 (2010).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## **PUBLIC ENTITY LIABILITY—FAILURE TO TRAIN (42 U.S.C. § 1983)**
### **(LOS ANGELES COUNTY FIRE DEPARTMENT)**

We answer the questions submitted to us as follows:

1.      Did any of TONY IMBRENDA or ARLIN KAHAN violate CHRISTOPHER L. CHESTER'S substantive due process rights under the Fourteenth Amendment by engaging in public dissemination of images of CHRISTOPHER L. CHESTER'S deceased relatives?

___ Yes      ___ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.      Did any of TONY IMBRENDA or ARLIN KAHAN act under color of state law?

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3.      Did the public dissemination of images of CHRISTOPHER L. CHESTER'S deceased relatives by of any of TONY IMBRENDA or ARLIN KAHAN shock the conscience and offend the community's sense of fair play and decency?

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4. Was the LOS ANGELES COUNTY FIRE DEPARTMENT on notice that it needed to train its employees on the sharing of crash scene photos depicting human remains?

___ Yes      ___ No

If your answer to question 4 is yes, then answer question 5. If you answered

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

no, stop here, answer no further questions, and have the presiding juror sign and date this form.

   5.    Did the LOS ANGELES COUNTY FIRE DEPARTMENT fail to adequately train its employees on the sharing of crash scene photos depicting human remains?

   ___ Yes      ___ No

   If your answer to question 5 is yes, then answer question 6. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

   6.    Did the inadequacy of the LOS ANGELES COUNTY FIRE DEPARTMENT's training program amount to deliberate indifference to the rights of CHRISTOPHER L. CHESTER such that the LOS ANGELES COUNTY FIRE DEPARTMENT knew that it would likely result in a deprivation of substantive due process rights under the Fourteenth Amendment through publication of images of Plaintiff's deceased relatives?

   ___ Yes      ___ No

   If your answer to question 6 is yes, then answer question 7. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

   7.    Was CHRISTOPHER L. CHESTER's substantive due process rights under the Fourteenth Amendment relating to the public dissemination of images of Plaintiff's deceased relatives were clearly established at the time of any of ANTHONY IMBRENDA or ARLIN KAHAN's (or any or all of them) alleged conduct?

   ___ Yes      ___ No

If your answer to question 7 is yes, then answer question 8. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

8.      Was the failure of the LOS ANGELES COUNTY FIRE DEPARTMENT to provide adequate training the cause of the deprivation of CHRISTOPHER L. CHESTER's substantive due process rights under the Fourteenth Amendment?

_____ Yes      _____ No

If your answer to question 8 is yes, then answer question 9. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

9.      Did CHRISTOPHER L. CHESTER suffer a concrete and particularized harm as a result of the LOS ANGELES COUNTY FIRE DEPARTMENT's failure to adequately train its employees on the sharing of crash scene photos depicting human remains?

_____ Yes      _____ No

If your answer to question 9 is yes, then answer question 10. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

10.     What are CHRISTOPHER L. CHESTER's damages?

A.      Past noneconomic loss, including physical pain/mental suffering:

$_____

B.      Future noneconomic loss, including physical pain/mental suffering:

$_____

TOTAL $_____

Signed:_____

        Presiding Juror

Dated:_____

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  **AUTHORITY:**

2  42 U.S.C. § 1983; Modified CACI No. VF-3002; *TransUnion LLC v. Ramirez*, 141

3  S. Ct. 2190, 2203 (2021); *Connick v. Thompson*, 563 U.S. 51, 61 (2011); *Lujan v.*

4  *Defenders of Wildlife*, 504 U.S. 555, 560-61, 578 (1992); *City of Canton, Ohio v.*

5  *Harris*, 489 U.S. 378, 388 (1989); *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436

6  U.S. 658, 694 (1978); *Flores v. County of Los Angeles*, 758 F.3d 1154, 1159 (9th

7  Cir. 2014); *Marsh v. County of San Diego*, 680 F.3d 1148 (9th Cir. 2012); *Trevino v.*

8  *Gates*, 99 F.3d 911, 918 (9th Cir. 1996); *Probodanu v. Sessions*, 387 F. Supp. 3d

9  1031, 1039 (C.D. Cal. 2019); *Catsouras v. Dep't of California Highway Patrol*, 181

10 Cal. App. 4th 856 (2010).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## NEGLIGENCE—SINGLE DEFENDANT

### (JOEY CRUZ)

We answer the questions submitted to us as follows:

    1.    Did JOEY CRUZ owe a duty to CHRISTOPHER L. CHESTER?

___ Yes      ___ No

    If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

    2.    Did JOEY CRUZ breach any duty he owed to CHRISTOPHER L. CHESTER?

___ Yes      ___ No

    If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

    3.    Was JOEY CRUZ's breach of any duty he owed to CHRISTOPHER L. CHESTER a substantial factor in causing harm to CHRISTOPHER L. CHESTER?

___ Yes      ___ No

    If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

    4.    Did CHRISTOPHER L. CHESTER suffer a concrete and particularized harm as a result of JOEY CRUZ's breach of any duty he owed to him?

___ Yes      ___ No

    If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

    5.    What are CHRISTOPHER L. CHESTER's damages?

A.  Past noneconomic loss, including physical pain/mental suffering:

$\underline{\hspace{3cm}}$

B.  Future noneconomic loss, including physical pain/mental suffering:

$\underline{\hspace{3cm}}$

TOTAL $\underline{\hspace{3cm}}$

If you have answered question 5, then answer question 6, then have the presiding juror sign and date this form.

6. When JOEY CRUZ breached his duty to CHRISTOPHER L. CHESTER, was he acting within the scope of his employment?

___ Yes ___ No

Signed:_____

Presiding Juror

Dated:_____

**AUTHORITY:**

Cal. Civ. Code § 1714; Modified CACI No. VF-400; *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 578 (1992); *Gonzalez v. City of Desert Hot Springs*, No. CV 17-01397 TJH (SPx), 2017 WL 10562938, at *2 (C.D. Cal. Dec. 20, 2017); *Brown v. USA Taekwondo*, 11 Cal. 5th 204 (2021); *Williams v. State*, 34 Cal. 3d 18, 24 n.3 (1983); *Padilla v. Rodas*, 160 Cal. App. 4th 742, 752 (2008).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

1
2

## NEGLIGENCE—SINGLE DEFENDANT

### (RAFAEL MEJIA)

3    We answer the questions submitted to us as follows:

4        1.      Did RAFAEL MEJIA owe a duty to CHRISTOPHER L. CHESTER?

5        ___ Yes        ___ No

6        If your answer to question 1 is yes, then answer question 2. If you answered

7    no, stop here, answer no further questions, and have the presiding juror sign and

8    date this form.

9        2.      Did RAFAEL MEJIA breach any duty he owed to CHRISTOPHER L.

10   CHESTER?

11       ___ Yes        ___ No

12       If your answer to question 2 is yes, then answer question 3. If you answered

13   no, stop here, answer no further questions, and have the presiding juror sign and

14   date this form.

15       3.      Was RAFAEL MEJIA's breach of any duty he owed to

16   CHRISTOPHER L. CHESTER a substantial factor in causing harm to

17   CHRISTOPHER L. CHESTER?

18       ___ Yes        ___ No

19       If your answer to question 3 is yes, then answer question 4. If you answered

20   no, stop here, answer no further questions, and have the presiding juror sign and

21   date this form.

22       4.      Did CHRISTOPHER L. CHESTER suffer a concrete and particularized

23   harm as a result of RAFAEL MEJIA's breach of any duty he owed to him?

24       ___ Yes        ___ No

25       If your answer to question 4 is yes, then answer question 5. If you answered

26   no, stop here, answer no further questions, and have the presiding juror sign and

27   date this form.

28       5.      What are CHRISTOPHER L. CHESTER's damages?

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1

2       A.     Past noneconomic loss, including physical pain/mental suffering:

3           $_____

4       B.     Future noneconomic loss, including physical pain/mental suffering:

5           $_____

6           TOTAL $_____

7       If you have answered question 5, then answer question 6, then have the

8  presiding juror sign and date this form.

9       6. When RAFAEL MEJIA breached his duty to CHRISTOPHER L.

10  CHESTER, was he acting within the scope of his employment?

11       ___ Yes ___ No

12

13  Signed:_____

14         Presiding Juror

15  Dated:_____

16

17  **AUTHORITY:**

18  Cal. Civ. Code § 1714; Modified CACI No. VF-400; *TransUnion LLC v. Ramirez*,

19  141 S. Ct. 2190, 2203 (2021); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61,

20  578 (1992); *Gonzalez v. City of Desert Hot Springs*, No. CV 17-01397 TJH (SPx),

21  2017 WL 10562938, at *2 (C.D. Cal. Dec. 20, 2017); *Brown v. USA Taekwondo*, 11

22  Cal. 5th 204 (2021); *Williams v. State*, 34 Cal. 3d 18, 24 n.3 (1983); *Padilla v.*

23  *Rodas*, 160 Cal. App. 4th 742, 752 (2008).

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## **NEGLIGENCE—SINGLE DEFENDANT**

### **(MICHAEL RUSSELL)**

We answer the questions submitted to us as follows:

    1.    Did MICHAEL RUSSELL owe a duty to CHRISTOPHER L. CHESTER?

    ___ Yes    ___ No

    If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

    2.    Did MICHAEL RUSSELL breach any duty he owed to CHRISTOPHER L. CHESTER?

    ___ Yes    ___ No

    If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

    3.    Was MICHAEL RUSSELL's breach of any duty he owed to CHRISTOPHER L. CHESTER a substantial factor in causing harm to CHRISTOPHER L. CHESTER?

    ___ Yes    ___ No

    If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

    4.    Did CHRISTOPHER L. CHESTER suffer a concrete and particularized harm as a result of MICHAEL RUSSELL's breach of any duty he owed to him?

    ___ Yes    ___ No

    If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

5.      What are CHRISTOPHER L. CHESTER's damages?

A.      Past noneconomic loss, including physical pain/mental suffering:

$_____

B.      Future noneconomic loss, including physical pain/mental suffering:

$_____

TOTAL $_____

If you have answered question 5, then answer question 6, then have the presiding juror sign and date this form.

6.      When MICHAEL RUSSELL breached his duty to CHRISTOPHER L. CHESTER, was he acting within the scope of his employment?

___ Yes ___ No

Signed:_____

Presiding Juror

Dated:_____

**AUTHORITY**:

Cal. Civ. Code § 1714; Modified CACI No. VF-400; *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 578 (1992); *Gonzalez v. City of Desert Hot Springs*, No. CV 17-01397 TJH (SPx), 2017 WL 10562938, at *2 (C.D. Cal. Dec. 20, 2017); *Brown v. USA Taekwondo*, 11 Cal. 5th 204 (2021); *Williams v. State*, 34 Cal. 3d 18, 24 n.3 (1983); *Padilla v. Rodas*, 160 Cal. App. 4th 742, 752 (2008).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## **NEGLIGENCE—SINGLE DEFENDANT**

### **(RAUL VERSALES)**

We answer the questions submitted to us as follows:

  1. Did RAUL VERSALES owe a duty to CHRISTOPHER L. CHESTER?

___ Yes ___ No

  If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

  2. Did RAUL VERSALES breach any duty he owed to CHRISTOPHER L. CHESTER?

  If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

___ Yes ___ No

  3. Was RAUL VERSALES's breach of any duty he owed to CHRISTOPHER L. CHESTER a substantial factor in causing harm to CHRISTOPHER L. CHESTER?

___ Yes ___ No

  If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

  4. Did CHRISTOPHER L. CHESTER suffer a concrete and particularized harm as a result of RAUL VERSALES's breach of any duty he owed to him?

___ Yes ___ No

  If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

  5. What are CHRISTOPHER L. CHESTER's damages?

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1

2      A.     Past noneconomic loss, including physical pain/mental suffering:

3          $_____

4      B.     Future noneconomic loss, including physical pain/mental suffering:

5          $_____

6          TOTAL $_____

7      If you have answered question 5, then answer question 6, then have the

8 presiding juror sign and date this form.

9      6.     When RAUL VERSALES breached his duty to CHRISTOPHER L.

10 CHESTER, was he acting within the scope of his employment?

11      ___ Yes ___ No

12

13 Signed:_____

14          Presiding Juror

15 Dated:_____

16

17 **AUTHORITY:**

18 Cal. Civ. Code § 1714; Modified CACI No. VF-400; *TransUnion LLC v. Ramirez*,

19 141 S. Ct. 2190, 2203 (2021); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61,

20 578 (1992); *Gonzalez v. City of Desert Hot Springs*, No. CV 17-01397 TJH (SPx),

21 2017 WL 10562938, at *2 (C.D. Cal. Dec. 20, 2017); *Brown v. USA Taekwondo*, 11

22 Cal. 5th 204 (2021); *Williams v. State*, 34 Cal. 3d 18, 24 n.3 (1983); *Padilla v.

23 Rodas*, 160 Cal. App. 4th 742, 752 (2008).

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## **NEGLIGENCE—SINGLE DEFENDANT**

### **(ARLIN KAHAN)**

We answer the questions submitted to us as follows:

    1.    Did ARLIN KAHAN owe a duty to CHRISTOPHER L. CHESTER?

\_\_\_ Yes    \_\_\_ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

    2.    Did ARLIN KAHAN breach any duty he owed to CHRISTOPHER L. CHESTER?

\_\_\_ Yes    \_\_\_ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

    3.    Was ARLIN KAHAN's breach of any duty he owed to CHRISTOPHER L. CHESTER a substantial factor in causing harm to CHRISTOPHER L. CHESTER?

\_\_\_ Yes    \_\_\_ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

    4.    Did CHRISTOPHER L. CHESTER suffer a concrete and particularized harm as a result of ARLIN KAHAN's breach of any duty he owed to him?

\_\_\_ Yes    \_\_\_ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

    5.    What are CHRISTOPHER L. CHESTER's damages?

1

2     **A.**     Past noneconomic loss, including physical pain/mental suffering:

3          $_____

4     **B.**     Future noneconomic loss, including physical pain/mental suffering:

5          $_____

6          TOTAL $_____

7     If you have answered question 5, then answer question 6, then have the

8 presiding juror sign and date this form.

9     6.     When ARLIN KAHAN breached his duty to CHRISTOPHER L.

10 CHESTER, was he acting within the scope of his employment?

11     \_\_\_ Yes \_\_\_ No

12

13 Signed:_____

            Presiding Juror

14

15 Dated:_____

16

17 **AUTHORITY:**

18 Cal. Civ. Code § 1714; Modified CACI No. VF-400; *TransUnion LLC v. Ramirez*,

19 141 S. Ct. 2190, 2203 (2021); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61,

20 578 (1992); *Gonzalez v. City of Desert Hot Springs*, No. CV 17-01397 TJH (SPx),

21 2017 WL 10562938, at *2 (C.D. Cal. Dec. 20, 2017); *Brown v. USA Taekwondo*, 11

22 Cal. 5th 204 (2021); *Williams v. State*, 34 Cal. 3d 18, 24 n.3 (1983); *Padilla v.*

23 *Rodas*, 160 Cal. App. 4th 742, 752 (2008).

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

# NEGLIGENCE—SINGLE DEFENDANT

## (TONY IMBRENDA)

We answer the questions submitted to us as follows:

    1.     Did TONY IMBRENDA owe a duty to CHRISTOPHER L. CHESTER?

    ___ Yes    ___ No

    If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

    2.     Did TONY IMBRENDA breach any duty he owed to CHRISTOPHER L. CHESTER?

    ___ Yes    ___ No

    If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

    3.     Was TONY IMBRENDA's breach of any duty he owed to CHRISTOPHER L. CHESTER a substantial factor in causing harm to CHRISTOPHER L. CHESTER?

    ___ Yes    ___ No

    If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

    4.     Did CHRISTOPHER L. CHESTER suffer a concrete and particularized harm as a result of TONY IMBRENDA's breach of any duty he owed to him?

    ___ Yes    ___ No

    If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1    5.    What are CHRISTOPHER L. CHESTER's damages?

2

3    A.    Past noneconomic loss, including physical pain/mental suffering:

4          $_____

5    B.    Future noneconomic loss, including physical pain/mental suffering:

6          $_____

7                TOTAL $_____

8    If you have answered question 5, then answer question 6, then have the

9    presiding juror sign and date this form.

10    6.    When TONY IMBRENDA breached his duty to CHRISTOPHER L.

11    CHESTER, was he acting within the scope of his employment?

12    ___ Yes ___ No

13

14    Signed:_____

15          Presiding Juror

16    Dated:_____

17

18    **<u>AUTHORITY</u>:**

19    Cal. Civ. Code § 1714; Modified CACI No. VF-400; *TransUnion LLC v. Ramirez*,

20    141 S. Ct. 2190, 2203 (2021); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61,

21    578 (1992); *Gonzalez v. City of Desert Hot Springs*, No. CV 17-01397 TJH (SPx),

22    2017 WL 10562938, at *2 (C.D. Cal. Dec. 20, 2017); *Brown v. USA Taekwondo*, 11

23    Cal. 5th 204 (2021); *Williams v. State*, 34 Cal. 3d 18, 24 n.3 (1983); *Padilla v.*

24    *Rodas*, 160 Cal. App. 4th 742, 752 (2008).

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## **PRIVACY—INTRUSION INTO PRIVATE AFFAIRS**

### **(JOEY CRUZ)**

We answer the questions submitted to us as follows:

1.     Did CHRISTOPHER L. CHESTER have a reasonable expectation of privacy in the photos of his deceased relatives?

\_\_\_Yes     \_\_\_No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.     Did JOEY CRUZ intentionally intrude in CHRISTOPHER L. CHESTER's right to privacy by publicly disseminating photos of his deceased relatives to the public at large, and not just to a few persons or in limited circumstances?

\_\_\_Yes     \_\_\_No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3.     Would JOEY CRUZ's intrusion be highly offensive to a reasonable person?

\_\_\_Yes     \_\_\_No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4.     Was JOEY CRUZ's conduct a substantial factor in causing harm to CHRISTOPHER L. CHESTER?

\_\_\_Yes     \_\_\_No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

date this form.

    5.    Did CHRISTOPHER L. CHESTER suffer a concrete and particularized harm as a result of JOEY CRUZ's public dissemination of photos of his deceased relatives?

    ___ Yes    ___ No

If your answer to question 5 is yes, then answer question 6. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

    6.    What are CHRISTOPHER L. CHESTER's damages?

    A.    Past noneconomic loss, including physical pain/mental suffering:

    $_____

    B.    Future noneconomic loss, including physical pain/mental suffering:

    $_____

        TOTAL $_____

If you have answered question 5, then answer question 6, then have the presiding juror sign and date this form.

    6.    When JOEY CRUZ intentionally intruded on CHRISTOPHER L. CHESTER's right to privacy, was he acting within the scope of his employment?

    ___ Yes ___ No

Signed:_____
        Presiding Juror

Dated:_____

**AUTHORITY**:

Cal. Civ. Code, §§ 1708.7, 1708.8; Modified CACI No. VF-1800; TransUnion *LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 578 (1992); *Marsh v. County of San Diego*, 680 F.3d 1148 (9th Cir.

Miller Barondess, LLP
ATTORNEYS AT LAW
1999 Avenue of The Stars, Suite 1000  Los Angeles, California 90067
Tel: (310) 552-4400    Fax: (310) 552-8400

2012); *Hassan v. Facebook, Inc.*, No. 19-cv-01003-JST, 2019 WL 3302721, at *3 (N.D. Cal. July 23, 2019) (citing *Ignat v. Yum! Brands, Inc.*, 214 Cal. App. 4th 808, 820 (2013)); *Orff v. City of Imperial*, No. 17-CV-0116 W (AGS), 2017 WL 5569843, at *11 (S.D. Cal. Nov. 17, 2017); *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 27 (1994) (citing RESTATEMENT (SECOND) OF TORTS § 652D cmt. a); *Mezger v. Bick*, 66 Cal. App. 5th 76, 86 (2021); *Catsouras v. Dep't of California Highway Patrol*, 181 Cal. App. 4th 856 (2010).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## PRIVACY—INTRUSION INTO PRIVATE AFFAIRS

### (RAFAEL MEJIA)

We answer the questions submitted to us as follows:

1.      Did CHRISTOPHER L. CHESTER have a reasonable expectation of privacy in the photos of his deceased relatives?

___Yes      ___No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.      Did RAFAEL MEJIA intentionally intrude in CHRISTOPHER L. CHESTER's right to privacy by publicly disseminating photos of his deceased relatives to the public at large, and not just to a few persons or in limited circumstances?

___Yes      ___No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3.      Would RAFAEL MEJIA's intrusion be highly offensive to a reasonable person?

___Yes      ___No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4.      Was RAFAEL MEJIA's conduct a substantial factor in causing harm to CHRISTOPHER L. CHESTER?

___Yes      ___No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1    date this form.

2       5.      Did CHRISTOPHER L. CHESTER suffer a concrete and particularized

3 harm as a result of RAFAEL MEJIA's public dissemination of photos of his

4 deceased relatives?

5       ___ Yes     ___ No

6       If your answer to question 5 is yes, then answer question 6. If you answered

7 no, stop here, answer no further questions, and have the presiding juror sign and

8 date this form.

9       6.      What are CHRISTOPHER L. CHESTER's damages?

10           A.     Past noneconomic loss, including physical pain/mental suffering:

11              $_____

12       B.     Future noneconomic loss, including physical pain/mental suffering:

13              $_____

14              TOTAL $_____

15       If you have answered question 5, then answer question 6, then have the

16 presiding juror sign and date this form.

17       6.      When RAFAEL MEJIA intentionally intruded on CHRISTOPHER L.

18 CHESTER's right to privacy, was he acting within the scope of his employment?

19       ___ Yes ___ No

20

21 Signed:_____

22            Presiding Juror

23 Dated:_____

24

25 **AUTHORITY:**

26 Cal. Civ. Code, §§ 1708.7, 1708.8; Modified CACI No. VF-1800; TransUnion *LLC*

27 *v. Ramirez*, 141 S. Ct. 2190, 2203 (2021); *Lujan v. Defenders of Wildlife*, 504 U.S.

28 555, 560-61, 578 (1992); *Marsh v. County of San Diego*, 680 F.3d 1148 (9th Cir.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1   2012); *Hassan v. Facebook, Inc.*, No. 19-cv-01003-JST, 2019 WL 3302721, at *3

2   (N.D. Cal. July 23, 2019) (citing *Ignat v. Yum! Brands, Inc.*, 214 Cal. App. 4th 808,

3   820 (2013)); *Orff v. City of Imperial*, No. 17-CV-0116 W (AGS), 2017 WL

4   5569843, at *11 (S.D. Cal. Nov. 17, 2017); *Hill v. Nat'l Collegiate Athletic Ass'n*, 7

5   Cal. 4th 1, 27 (1994) (citing RESTATEMENT (SECOND) OF TORTS § 652D cmt.

6   a); *Mezger v. Bick*, 66 Cal. App. 5th 76, 86 (2021); *Catsouras v. Dep't of California*

7   *Highway Patrol*, 181 Cal. App. 4th 856 (2010).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**PRIVACY—INTRUSION INTO PRIVATE AFFAIRS**

**(MICHAEL RUSSELL)**

We answer the questions submitted to us as follows:

1.     Did CHRISTOPHER L. CHESTER have a reasonable expectation of privacy in the photos of his deceased relatives?

\_\_\_Yes    \_\_\_No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.     Did MICHAEL RUSSELL intentionally intrude in CHRISTOPHER L. CHESTER's right to privacy by publicly disseminating photos of his deceased relatives to the public at large, and not just to a few persons or in limited circumstances?

\_\_\_Yes    \_\_\_No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3.     Would MICHAEL RUSSELL's intrusion be highly offensive to a reasonable person?

\_\_\_Yes    \_\_\_No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4.     Was MICHAEL RUSSELL's conduct a substantial factor in causing harm to CHRISTOPHER L. CHESTER?

\_\_\_Yes    \_\_\_No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

date this form.

     5. Did CHRISTOPHER L. CHESTER suffer a concrete and particularized harm as a result of MICHAEL RUSSELL's public dissemination of photos of his deceased relatives?

    ___ Yes   ___ No

If your answer to question 5 is yes, then answer question 6. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

     6. What are CHRISTOPHER L. CHESTER's damages?

    A. Past noneconomic loss, including physical pain/mental suffering:

       $_____

    B. Future noneconomic loss, including physical pain/mental suffering:

       $_____

       TOTAL $_____

If you have answered question 5, then answer question 6, then have the presiding juror sign and date this form.

     6. When MICHAEL RUSSELL intentionally intruded on CHRISTOPHER L. CHESTER's right to privacy, was he acting within the scope of his employment?

    ___ Yes ___ No

Signed:_____

     Presiding Juror

Dated:_____

## AUTHORITY:

Cal. Civ. Code, §§ 1708.7, 1708.8; Modified CACI No. VF-1800; TransUnion *LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021); *Lujan v. Defenders of Wildlife*, 504 U.S.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

1  555, 560-61, 578 (1992); *Marsh v. County of San Diego*, 680 F.3d 1148 (9th Cir.

2  2012); *Hassan v. Facebook, Inc.*, No. 19-cv-01003-JST, 2019 WL 3302721, at *3

3  (N.D. Cal. July 23, 2019) (citing *Ignat v. Yum! Brands, Inc.*, 214 Cal. App. 4th 808,

4  820 (2013)); *Orff v. City of Imperial*, No. 17-CV-0116 W (AGS), 2017 WL

5  5569843, at *11 (S.D. Cal. Nov. 17, 2017); *Hill v. Nat'l Collegiate Athletic Ass'n*, 7

6  Cal. 4th 1, 27 (1994) (citing RESTATEMENT (SECOND) OF TORTS § 652D cmt.

7  a); *Mezger v. Bick*, 66 Cal. App. 5th 76, 86 (2021); *Catsouras v. Dep't of California*

8  *Highway Patrol*, 181 Cal. App. 4th 856 (2010).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## PRIVACY—INTRUSION INTO PRIVATE AFFAIRS

### (RAUL VERSALES)

We answer the questions submitted to us as follows:

    1.    Did CHRISTOPHER L. CHESTER have a reasonable expectation of privacy in the photos of his deceased relatives?

    \_\_\_Yes    \_\_\_No

    If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

    2.    Did RAUL VERSALES intentionally intrude in CHRISTOPHER L. CHESTER's right to privacy by publicly disseminating photos of his deceased relatives to the public at large, and not just to a few persons or in limited circumstances?

    \_\_\_Yes    \_\_\_No

    If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

    3.    Would RAUL VERSALES's intrusion be highly offensive to a reasonable person?

    \_\_\_Yes    \_\_\_No

    If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

    4.    Was RAUL VERSALES's conduct a substantial factor in causing harm to CHRISTOPHER L. CHESTER?

    \_\_\_Yes    \_\_\_No

    If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1   date this form.

2       5.      Did CHRISTOPHER L. CHESTER suffer a concrete and particularized

3   harm as a result of RAUL VERSALES's public dissemination of photos of his

4   deceased relatives?

5       ___ Yes       ___ No

6       If your answer to question 5 is yes, then answer question 6. If you answered

7   no, stop here, answer no further questions, and have the presiding juror sign and

8   date this form.

9       6.      What are CHRISTOPHER L. CHESTER's damages?

10      A.      Past noneconomic loss, including physical pain/mental suffering:

11              $_____

12      B.      Future noneconomic loss, including physical pain/mental suffering:

13              $_____

14              TOTAL $_____

15      If you have answered question 5, then answer question 6, then have the

16  presiding juror sign and date this form.

17      6.      When RAUL VERSALES intentionally intruded on CHRISTOPHER

18  L. CHESTER's right to privacy, was he acting within the scope of his employment?

19      ___ Yes ___ No

20

21  Signed:_____

22              Presiding Juror

23  Dated:_____

24

25  **AUTHORITY:**

26  Cal. Civ. Code, §§ 1708.7, 1708.8; Modified CACI No. VF-1800; TransUnion *LLC*

27  *v. Ramirez*, 141 S. Ct. 2190, 2203 (2021); *Lujan v. Defenders of Wildlife*, 504 U.S.

28  555, 560-61, 578 (1992); *Marsh v. County of San Diego*, 680 F.3d 1148 (9th Cir.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

2012); *Hassan v. Facebook, Inc.*, No. 19-cv-01003-JST, 2019 WL 3302721, at *3 (N.D. Cal. July 23, 2019) (citing *Ignat v. Yum! Brands, Inc.*, 214 Cal. App. 4th 808, 820 (2013)); *Orff v. City of Imperial*, No. 17-CV-0116 W (AGS), 2017 WL 5569843, at *11 (S.D. Cal. Nov. 17, 2017); *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 27 (1994) (citing RESTATEMENT (SECOND) OF TORTS § 652D cmt. a); *Mezger v. Bick*, 66 Cal. App. 5th 76, 86 (2021); *Catsouras v. Dep't of California Highway Patrol*, 181 Cal. App. 4th 856 (2010).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

JOINT MEMORANDUM REGARDING THE PARTIES' PROPOSED VERDICT FORMS

## **PRIVACY—INTRUSION INTO PRIVATE AFFAIRS**

### **(ARLIN KAHAN)**

We answer the questions submitted to us as follows:

1.      Did CHRISTOPHER L. CHESTER have a reasonable expectation of privacy in the photos of his deceased relatives?

___Yes      ___No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.      Did ARLIN KAHAN intentionally intrude in CHRISTOPHER L. CHESTER's right to privacy by publicly disseminating photos of his deceased relatives to the public at large, and not just to a few persons or in limited circumstances?

___Yes      ___No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3.      Would ARLIN KAHAN's intrusion be highly offensive to a reasonable person?

___Yes      ___No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4.      Was ARLIN KAHAN's conduct a substantial factor in causing harm to CHRISTOPHER L. CHESTER?

___Yes      ___No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

date this form.

5.      Did CHRISTOPHER L. CHESTER suffer a concrete and particularized harm as a result of ARLIN KAHAN's public dissemination of photos of his deceased relatives?

___ Yes      ___ No

If your answer to question 5 is yes, then answer question 6. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6.      What are CHRISTOPHER L. CHESTER's damages?

A.      Past noneconomic loss, including physical pain/mental suffering:

$_____

B.      Future noneconomic loss, including physical pain/mental suffering:

$_____

TOTAL $_____

If you have answered question 5, then answer question 6, then have the presiding juror sign and date this form.

6.      When ARLIN KAHAN intentionally intruded on CHRISTOPHER L. CHESTER's right to privacy, was he acting within the scope of his employment?

___ Yes ___ No


Signed:_____

                 Presiding Juror

Dated:_____


**AUTHORITY:**

Cal. Civ. Code, §§ 1708.7, 1708.8; Modified CACI No. VF-1800; TransUnion *LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 578 (1992); *Marsh v. County of San Diego*, 680 F.3d 1148 (9th Cir.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

2012); *Hassan v. Facebook, Inc.*, No. 19-cv-01003-JST, 2019 WL 3302721, at *3 (N.D. Cal. July 23, 2019) (citing *Ignat v. Yum! Brands, Inc.*, 214 Cal. App. 4th 808, 820 (2013)); *Orff v. City of Imperial*, No. 17-CV-0116 W (AGS), 2017 WL 5569843, at *11 (S.D. Cal. Nov. 17, 2017); *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 27 (1994) (citing RESTATEMENT (SECOND) OF TORTS § 652D cmt. a); *Mezger v. Bick*, 66 Cal. App. 5th 76, 86 (2021); *Catsouras v. Dep't of California Highway Patrol*, 181 Cal. App. 4th 856 (2010).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## **PRIVACY—INTRUSION INTO PRIVATE AFFAIRS**

### **(TONY IMBRENDA)**

We answer the questions submitted to us as follows:

1.      Did CHRISTOPHER L. CHESTER have a reasonable expectation of privacy in the photos of his deceased relatives?

___Yes      ___No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.      Did TONY IMBRENDA intentionally intrude in CHRISTOPHER L. CHESTER's right to privacy by publicly disseminating photos of his deceased relatives to the public at large, and not just to a few persons or in limited circumstances?

___Yes      ___No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3.      Would TONY IMBRENDA's intrusion be highly offensive to a reasonable person?

___Yes      ___No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4.      Was TONY IMBRENDA's conduct a substantial factor in causing harm to CHRISTOPHER L. CHESTER?

___Yes      ___No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1    date this form.

2        5.      Did CHRISTOPHER L. CHESTER suffer a concrete and particularized

3    harm as a result of TONY IMBRENDA's public dissemination of photos of his

4    deceased relatives?

5        ___ Yes      ___ No

6        If your answer to question 5 is yes, then answer question 6. If you answered

7    no, stop here, answer no further questions, and have the presiding juror sign and

8    date this form.

9        6.      What are CHRISTOPHER L. CHESTER's damages?

10       A.      Past noneconomic loss, including physical pain/mental suffering:

11               $_____

12       B.      Future noneconomic loss, including physical pain/mental suffering:

13               $_____

14               TOTAL $_____

15       If you have answered question 5, then answer question 6, then have the

16   presiding juror sign and date this form.

17       6.      When TONY IMBRENDA intentionally intruded on CHRISTOPHER

18   L. CHESTER's right to privacy, was he acting within the scope of his employment?

19       ___ Yes ___ No

20

21   Signed:_____

22              Presiding Juror

23   Dated:_____

24

25   **AUTHORITY:**

26   Cal. Civ. Code, §§ 1708.7, 1708.8; Modified CACI No. VF-1800; TransUnion *LLC*

27   *v. Ramirez*, 141 S. Ct. 2190, 2203 (2021); *Lujan v. Defenders of Wildlife*, 504 U.S.

28   555, 560-61, 578 (1992); *Marsh v. County of San Diego*, 680 F.3d 1148 (9th Cir.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

2012); *Hassan v. Facebook, Inc.*, No. 19-cv-01003-JST, 2019 WL 3302721, at *3 (N.D. Cal. July 23, 2019) (citing *Ignat v. Yum! Brands, Inc.*, 214 Cal. App. 4th 808, 820 (2013)); *Orff v. City of Imperial*, No. 17-CV-0116 W (AGS), 2017 WL 5569843, at *11 (S.D. Cal. Nov. 17, 2017); *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 27 (1994) (citing RESTATEMENT (SECOND) OF TORTS § 652D cmt. a); *Mezger v. Bick*, 66 Cal. App. 5th 76, 86 (2021); *Catsouras v. Dep't of California Highway Patrol*, 181 Cal. App. 4th 856 (2010).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

1 | DATED:  January 21, 2022

2

3

4 | By: _____/s/ Jerome M. Jackson_____

5 | JEROME M. JACKSON
    Attorneys for Plaintiff

6 | CHRISTOPHER L. CHESTER

7

8 | DATED:  January 21, 2022   OFFICE OF COUNTY COUNSEL

9

10 | By: _____/s/ Jonathan C. McCaverty_____

11 | JONATHAN C. McCAVERTY
     Attorneys for Defendant

12 | LOS ANGELES COUNTY SHERIFF'S

13 | DEPARTMENT

14 | DATED:  January 21, 2022   MILLER BARONDESS, LLP

15

16

17 | By: _____/s/ Louis R. Miller_____

18 | LOUIS R. MILLER
     Attorneys for Defendants

19 | COUNTY OF LOS ANGELES, LOS
     ANGELES COUNTY FIRE

20 | DEPARTMENT, JOEY CRUZ,
     RAFAEL MEJIA, MICHAEL

21 | RUSSELL, RAUL VERSALES, ARLIN

22 | KAHAN and TONY IMBRENDA

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## SIGNATURE ATTESTATION

The other signatories listed, and on those behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED:  June 27, 2022

By:   _/s/ Jerome M. Jacison_
JEROME M. JACKSON
Attorney for Plaintiff Christopher L. Chester